## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JEANNE ALLEN,                                )
parent and next friend of D.A., a minor      )
4353 Benning Rd., NE                          )
Washington, D.C.  20019                       )
                                              )
and                                           )
                                              )
PATRICIA JACKSON,                             )
parent and next friend of D.D., a minor      )
1475 Columbia RD. NW # 206                     )
Washington, D.C.  20009                       )
                                              )
and                                           )
                                              )
ALFRETTA TYLER-GREEN                          )
parent and next friend of S.G., a minor      )
817 Varnum St., NW                            )        Civil Action No.
Washington, D.C.  20011                       )
                                              )
and                                           )
                                              )
CAROL GOLPHIN,                                )
parent and next friend of B.G., a minor      )
6 Brandywine St., SE                          )
Washington, D.C.  20032                       )
                                              )
and                                           )
                                              )
NATARSHA GUEST,                               )
parent and next friend of A.G., a minor      )
2316 Q. St. SE                                )
Washington, D.C.  20020                       )
                                              )
and                                           )
                                              )
SHIRLEY NESBITT,                              )
parent and next friend of J.N., a minor      )
2900 14th St. NW #520                          )
Washington, D.C.  20009                       )
                                              )
and                                           )
                                              )

BRENDA ALLEN,                                          )
parent and next friend of T.P., a minor               )
3604 Minnesota Ave. SE # 301                           )
Washington, D.C.  20019                               )
                                                       )
and                                                    )
                                                       )
DIANE TALLEY,                                          )
parents and next friend of A.T., a minor              )
1142 Neal St., NE                                     )
Washington, D.C.  20002                               )
                                                       )
and                                                    )
                                                       )
JEANETTE WILLIAMS                                      )
parents and next friend of K.W., a minor              )
1440 Eastern Ave., NE                                 )
Washington, D.C.  20019                               )
                                                       )
and                                                    )
                                                       )
SOPHIA WRIGHT,                                         )
parent and next friend of R.W., a minor               )
4432 G. St., NW                                       )
Washington, D.C.  20019                               )
                                                       )
and                                                    )
                                                       )
WANDA ASHFORD,                                         )
parent and next friend of T.W., a minor               )
309 53rd St. NE                                        )
Washington, D.C.  20019                               )
                                                       )
                    v.                                 )
                                                       )
DISTRICT OF COLUMBIA                                   )
A Municipal Corporation                               )
One Judiciary Square                                   )
441 Fourth Street, N. W.                               )
Washington, D.C. 20001                                )
                                                       )
serve:                                                 )
ADRIAN FENTY, Mayor                                    )
District of Columbia                                  )
1350 Pennsylvania Avenue, N. W., 5th Fl.              )
Washington, D.C. 20002                                )
                                                       )

**LINDA SINGER**                          )
**Interim Attorney General**             )
**1350 Pennsylvania Avenue,**            )
**N. W., Ste. 409**                      )
**Washington, D.C. 20004**               )
        **and**       )
                                     )
**MICHELLE RHEE (officially)**           )
**Acting Chancellor, D.C. Public Schools** )
**825 North Capitol St., N. E., Suite 9026** )
**Washington, D.C. 20002**               )
           **Defendants.**  )
_____)

## COMPLAINT FOR DECLARATORY
## JUDGMENT, INJUNCTIVE AND OTHER RELIEF

**COMES NOW**, the Plaintiff, by and through their attorney, Roxanne D. Neloms and Domiento

C.R. Hill of the Law Offices of James E. Brown & Associates, P.L.L.C, and respectfully unto

this Honorable Court as follows that:

## PRELIMINARY STATEMENT

1.      This is an action for full reimbursement of attorneys' fees and costs incurred by

Plaintiffs in their claims against the Defendants pursuant to the Individuals with

Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendants have failed

to carry out their legal duty to fully reimburse those fees and costs to Plaintiffs, the

prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood

will be unable to obtain the full reimbursement due them.

## JURISDICTION

2.      This Court has jurisdiction pursuant to:

        a.      The Individuals with Disabilities Education Improvement Act, 20 U.S.C.

           §§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the

*Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

b.     Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are children eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, her parent or guardian, who, at all times relevant to this action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEIA.

5.    The parents bring this action on behalf of their minor children and in their own right.

6.    Defendant, District of Columbia Government is a municipal corporation that receives federal funds pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), to ensure access to a free and appropriate education ("FAPE") and is obligated to comply with the applicable federal regulations and statutes including but not limited to the IDEIA.

7.    Defendant, Michelle Rhee, being sued in her official capacity as the Acting Chancellor of the District of Columbia Public School System ("DCPS") which is the State Educational Agency ("SEA"), charged with responsibility of ensuring that all disabled children in the District of Columbia receive access to a free and appropriate public education "FAPE" and to ensure them equal protection and due process of law.

## FACTUAL BACKGROUND

1.    That Plaintiff D.A. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an

administrative due process hearing held on June 25, 2007, D.A. and his parent, prevailed by Hearing Officer's Determination ("HOD") dated July 3, 2007. As prevailing parties within the meaning of the IDEIA, D.A. and his parent are entitled to attorneys' fees and costs for the administrative action. On July 10, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit A (attached hearing request, hearing officer's determination, and invoice).*

2.      Plaintiff D.D. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on May 22, 2007, D.D. and his parents, prevailed by Hearing Officer's Determination ("HOD") dated May 31, 2007. As prevailing parties within the meaning of the IDEIA, D.D and his parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit B (attached hearing request, hearing officer's determination, and invoice).*

3.      Plaintiff S.G. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding S.G. was held on June 27, 2007, he

and his parents, prevailed by Hearing Officer's Determination ("HOD") dated June 27, 2007. As prevailing parties within the meaning of the IDEIA, S.G. and his parents are entitle to attorneys' fees and costs for the administrative action. On July 10, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit C (attached hearing request, hearing officer's determination, and invoice).*

4.  Plaintiff B.G. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding B.G. was held on May 1, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated June 21, 2007. As prevailing parties within the meaning of the IDEIA, B.G. and his parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit D (attached hearing request, hearing officer's determination, and invoice).*

5.  Plaintiff A.G. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding A.G. was held on May 1, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated

May 11, 2007. As prevailing parties within the meaning of the IDEIA, M.W. and his parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit E (attached hearing request, hearing officer's determination, and invoice).*

6.  Plaintiff J.N. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding J.N. was held on June 14, 2007 and she and her parents, prevailed by Hearing Officer's Determination ("HOD") dated June 19, 2007. As prevailing parties within the meaning of the IDEIA, J.N. and her parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit F (attached hearing request, hearing officer's determination, and invoice).*

7.  Plaintiff T.P. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding T.P. was held on April 17, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated May 25, 2007. As prevailing parties within the meaning of the IDEIA, T.P. and

his parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit G (attached hearing request, hearing officer's determination, and invoice).*

8.   Plaintiff A.T. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding A.T. was held on April 11, 2007 and she and her parents, prevailed by Hearing Officer's Determination ("HOD") dated April 20, 2007. As prevailing parties within the meaning of the IDEIA, A.T. and her parents are entitle to attorneys' fees and costs for the administrative action. On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit H (attached hearing request, hearing officer's determination, and invoice).*

9.   Plaintiff K.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding K.W. was held on June 4, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated June 28, 2007.  K.W. and his parents are prevailing parties as define in the IDEIA. As prevailing parties within the meaning of the IDEIA, K.W. and his parents are

entitle to attorneys' fees and costs for the administrative action. On July 10, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit I (attached hearing request, hearing officer's determination, and invoice).*

10.    Plaintiff R.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding R.W. was held on March 28, 2007 and she and her parent, prevailed by Hearing Officer's Determination ("HOD") dated March 30, 2007. As prevailing parties within the meaning of the IDEIA, R.W. and her parents are entitled to attorneys' fees and costs for the administrative action. On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit J (attached hearing request, hearing officer's determination, and invoice)*.

11.    Plaintiff T.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding T.W. was held on March 15, 2007 and she and her parents, prevailed by Hearing Officer's Determination ("HOD") dated April 2, 2007. As prevailing parties within the meaning of the IDEIA, T.W. and her parents are entitled to attorneys' fees and costs for the administrative

action.  On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. ***See Exhibits K (attached hearing request, hearing officer's determination, and invoice)***.

## FACTUAL ALLEGATIONS

12.    Plaintiffs are all "prevailing parties" as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), and are entitled to recover reasonable attorneys' fees and costs.

13.    That in each matter Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

14.    That according to Defendants' "Guidelines for the Payment of Attorney Fees in IDEIA Matters," invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 60 days of submission.

15.    That more than 60 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants, and Defendants have neither acknowledged the submissions nor remitted payment.  Therefore, under the Guidelines established by the Defendants, Plaintiffs' invoices are considered denied by Defendants.

16.    That Defendants have refused and/or failed to reimburse the Plaintiffs and have not provided an explanation.

17.   That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of settled law, substituted their own subjective standards for standards articulated by the IDEIA and this Court.

18.   That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

19.   That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon*, 532 U.S. at 603-04).

20.   That the Plaintiffs herein are "prevailing parties" as this term is defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005).

21.   That *Moore v. District of Columbia* stands for the proposition that the courts may award parents' attorneys' fees when they prevail against the schools system in administrative proceedings. See *Moore v. District of Columbia*, 907 F. 2d 165 (D.C. Cir. 1990).

22.   That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

23.   That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

23.   That the current billing rates for the attorneys, as evidenced by the invoices attached as **EXHIBITS 1 & A-K** hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

24.   That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

25.   That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

26.   That IDEIA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

27.   That Defendants have summarily refused to pay Plaintiffs' applications for all costs and fees associated with their cases.

### COUNT I

28.   That Plaintiffs repeat and re-allege paragraphs 1 through 27, above.

29.   That Defendant's violated Plaintiffs right to reasonable fees under the IDEIA when it failed to reimburse Plaintiffs for reasonable attorneys' fees and cost for all of the submitted bills.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.   Issue a declaratory judgment that Defendants have violated Plaintiffs' rights under the IDEIA and DCMR.

2.   Order that Plaintiffs are entitled to reimbursement for their reasonable attorney fees.

3.    Award Plaintiffs reasonable Attorneys' Fees and Costs in the sum of

$77,892.37 .

4.    Award to Plaintiffs reasonable attorneys' fees and costs incurred in

litigating this action.

5.    Grant other such relief that the Court deems just and proper.

Respectfully Submitted,

Domiento C.R. Hill [14973]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
*Attorneys for Plaintiffs*

# Exhibit 1

# Allen Attorney Fee Suit

| Name | Invoice No. | Date Submitted | Total |
|------|-------------|----------------|-------|
| Allen | 07-217 | 7/10/2007 | $5,147.10 |
| Darr | 07-172 | 6/29/2007 | $5,415.34 |
| Green | 07-224 | 7/10/2007 | $9,655.08 |
| Golphin | 07-207 | 6/29/2007 | $8,247.84 |
| Guest | 07-176 | 6/29/2007 | $10,204.04 |
| Nesbitt | 07-188 | 6/29/2007 | $7,113.84 |
| Pollard | 07-191 | 6/29/2007 | $7,944.55 |
| Talley | 07-135 | 4/27/2007 | $6,182.07 |
| Williams | 07-230 | 7/10/2007 | $5,301.78 |
| Wright. R | 07-130 | 4/27/2007 | $6,094.63 |
| Wright.T | 07-128 | 4/27/2007 | $6,586.10 |
| **Total** | | | **$77,892.37** |

# Exhibit A





Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                           James Brown & Assoc., PLLC
    Attorney:                           James Brown
    Federal Tax ID No:                  52-1500760
    D.C. Bar No:                        61622

2.  **Student Information**
    Name:                               Allen, Dayvaughn
    DOB:                                3/6/93
    Date Hearing Request Filed:         4/30/07
    Date(s) of Hearing:                 6/25/07
    Date of Determination (HOD/SA)      7/3/07
    Parent/Guardian Name:               Jeanne Allen
    Parent/Guardian Address:            4353 Benning Rd., NE
                                        Washington, DC 20019

3.  **Invoice Information**
    Invoice Number:                     07-217
    Date Request Submitted:             7/10/07
    Date(s) of Services Rendered:       4/11/07 to 7/3/07
    Attorney Hourly Rate:               $    365.00
    Total Attorney Fees:                $  4,645.55
    Total Attorney Costs:               $    270.30
    Total Experts:                      $    231.25
    Total Invoice:                      $  5,147.10

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    -   All services listed on the enclosed invoices were actually performed;
    -   The entire amount requested on the enclosed invoice for payment of costs and expenses represents
        the actual amount of costs and expenses incurred;
    -   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
        and expenses is itemized on the enclosed invoice is requested;
    -   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
        benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
        interest, either through an attorney, officer, or employee of the firm, in any special education
        diagnostic services, schools, or other special education service providers;
    -   I understand that the making of a false statement to an agency of the D.C. Government is
        punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____  7/10/07-
    Signature                              Date

                                                        Revised Nov 2004

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### ENFORCEMENT AND INVESTIGATION DIVISION

### SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

### HEARING OFFICER'S DETERMINATION

**STUDENT: Dayvaughn Allen**       **DATE OF BIRTH: March 6, 1993**

**ADDRESS: 4353 Benning Road, N.E.**
**Washington, D.C. 20019**

**PRESENT SCHOOL ATTENDING: Kelly-Miller M.S.**
**HOME SCHOOL:  Same**

**DATE OF HEARING: June 25, 2007**

**Student's Representative: Domiento Hill, Esq.**
**Address: 1220 L Street, N.W.**
**Washington, D.C. 20005**
**FAX: 202-742-2098**

**School System's Representative: Daniel McCall, Esq.**
**Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002**

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on June 25, 2007, at the request of Domiento Hill, counsel for the parent and the student. Daniel McCall represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**DISPOSITION OF CASE:**

This hearing officer issued an HOD on March 20, 2007 that ordered DCPS to convene an MDT meeting to review and revise the student's IEP including adding ED to his disability classification and developing a behavior intervention plan and discussing and determining placement. DCPS failed to comply with the above HOD.

It is hereby **ORDERED** that:

1. **DCPS shall convene an MDT meeting on July 10th at 1 p.m. to review and revise the student's IEP to include the additional disability classification of Emotional Disturbance to his existing LD classification, develop a behavior intervention plan and discuss and determine placement. All meetings shall be scheduled at a mutually agreeable time through counsel for the student. There shall be one day of delay of the above time frame for every day of delay caused by the student, parent or counsel for the student.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer
Date Issued: 7/3/07

Date filed: July 1, 2007

2

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C.  20003
FAX:  (202) 698-3825



## *FACSIMILE SHEET*

Date:  July 3, 2007

To:  D. Hill

Re:  Allen, Dayvaughn

Total Number of Pages Including Cover: 3

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Dayvaughn Allen

July 07, 2007

In Reference To:   Dayvaughn Allen
Invoice #12624

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 4/11/2007 DH | Draft and send letter to DCPS regaridng their noncompliance. | 0.25<br>365.00/hr | 91.25 |
| 4/12/2007 KD | Drafted letter to parent/enclosed copy of Atty's 4-11-07 Ltr to DCPS re<br>Noncompliance/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 4/20/2007 DH | Draft and send second notice of noncompliance to DCPS. | 0.17<br>365.00/hr | 62.05 |
| 4/24/2007 KD | Drafted letter to parent/enclosed copy of Atty's 4-20-07 Ltr to DCPS re<br>Noncompliance/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 4/25/2007 DH | Draft and send letter responding to Letter of Invitation. | 0.17<br>365.00/hr | 62.05 |
| 4/30/2007 KD | Drafted letter to parent/enclosed copy of Atty's 4-25-07 Ltr to Kelly Miller<br>MS with mtng dates/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| DH | Review the student's educational file to determine DCPS compliance with<br>the order of the impartial due process hearing officer, discussion with the<br>parent and educational advocate, draft and file administrative due<br>process complaint notice. | 2.00<br>365.00/hr | 730.00 |
| 5/1/2007 KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to<br>advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 6/12/2007 KD | Drafted letter to parent/enclosed copy of Hearing Notice and DCPS'<br>Notice re new location/copy to advc and file/added to case notes/posted<br>same to Desk Calendar | 0.42<br>115.00/hr | 48.30 |

Dayvaughn Allen                                                                                      Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/18/2007 | KD | Drafted letter to parent/enclosed copies of Plcmnt Ref Ltrs to Accotink, SunRise, and RCA/copy to advc and file/added to case notes | 0.25<br>115.00/hr | 28.75 |
|  | DH | Review the student's file to determine whether or not DCPS filed a response, draft and file motion for default judgment. | 0.33<br>365.00/hr | 120.45 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing, give to paralegal for her completion. | 1.50<br>365.00/hr | 547.50 |
|  | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00<br>115.00/hr | 115.00 |
|  | KD | Prepared and sent placement package to SunRise Academy (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33<br>115.00/hr | 37.95 |
|  | KD | Prepared and sent placement package to Rock Creek Academy (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33<br>115.00/hr | 37.95 |
|  | KD | Prepared and sent placement package to Accotink Academy (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.50<br>115.00/hr | 57.50 |
| 6/24/2007 | DH | Conduct preparation for the student's administrative due process hearing by reviewing the student's educational file, reviewing the parent's five-day disclosures, reviewing IDEIA regulations and case law cited by the parent, prepare opening and closing statements, and conduct witness preparation with the parent and educational advocate for the student's administrative due process hearing tomorrow. | 3.00<br>365.00/hr | 1,095.00 |
| 6/25/2007 | KC | Prepared for Due Process Hearing; reviewed 5 day disclosures. | 1.25<br>185.00/hr | 231.25 |
|  | DH | Conduct final preparation for the student's administrative due process hearing by reviewing the student's educational file, reviewing the parent's five-day disclosures, reviewing IDEIA regulations and case law cited by the parent, review opening and closing statements, conduct witness preparation with the parent and educational advocate, and appearance at the student's administrative due process hearing. | 4.00<br>365.00/hr | 1,460.00 |
| For professional services rendered |  |  | 16.82 | $4,876.80 |

Dayvaughn Allen                          .                                                                Page      3

Additional Charges :

|  |  | Amount |
|---|---|---|
| 4/11/2007 | Fax letter to OMC | 2.00 |
| 4/12/2007 | copied letter to parent | 0.75 |
|  | Postage: letter to parent | 0.39 |
| 4/24/2007 | Postage; Letter to parent re: Attorney's letter. | 0.39 |
|  | copied letter to parent re: atty's letter to DCPS | 0.75 |
| 4/30/2007 | Faxed HR to SHO | 8.00 |
|  | copied letter to parent re: atty's ltr to Miller MS | 1.25 |
|  | Postage; Letter to parent. | 0.39 |
|  | copied HR | 7.00 |
| 5/1/2007 | Postage; Letter to parent. | 0.63 |
|  | Copied; Letter for parent re: HR-Complaint notice. | 2.25 |
| 6/12/2007 | copied letter to parent re: HN | 0.50 |
|  | Postage; Letter to parent re: HN. | 0.41 |
| 6/18/2007 | Copied; Disclosure for SHO and OGC. | 28.75 |
|  | Copied; Placement package for Accotink Academy. | 24.25 |
|  | Copied; Placement package for Rock Creek Academy. | 24.25 |
|  | Copied; Letter for parent re: Placement. | 1.00 |
|  | Faxed motion for default to SHO/OGC | 6.00 |
|  | Postage; Letter to parent re: Placement. | 0.41 |
|  | Copied; Placement package for Sunrise Academy. | 24.25 |
|  | Postage; Placement package to Rock Creek Academy. | 4.60 |
|  | Postage; Placement package to Accotink Academy. | 4.60 |
|  | Postage; Placement package to Sunrise Academy. | 4.60 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |

Dayvaughn Allen

Page    4

|  |  | Amount |
|---|---|---|
| 7/3/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | Rec'd faxed HOD from SHO | 3.00 |
|  | copied HOD | 3.00 |
|  | Total additional charges | $270.30 |
|  | Total amount of this bill | $5,147.10 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 11.42 | 365.00 | $4,168.30 |
| Kelly Dau, Paralegal | 4.15 | 115.00 | $477.25 |
| Kevin Carter, Advocate | 1.25 | 185.00 | $231.25 |



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington. DC 20002: fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student:  _Dayvaughn Allen_   Date of Birth: _March 6, 1993_

Address:  _4353 Benning Road, NE, Washington, DC 20019_

Present School of Attendance:  _Kelly Miller Middle School_

Parent/Guardian of the Student: __Ms. Jeanne Allen__

**B.**    **Legal Representative/Attorney (if applicable)**:

Name: ___Domiento C.R. Hill, Esq.____

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__    (e-mail)

Will attorney / legal representative attend the resolution session?   **X** Yes   ☐ No

**C.**    **Complaint Made Against (check all that apply)**:

**X** DCPS

☐ Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐ Non-public    school    or    residential    treatment    facility    (name) _____

☐ Parent

**D.**    **Resolution Session Meeting Between Parent and LEA**:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**    **Mediation Process**:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

**F.**    **Facts and Reasons for the Complaint**:

1. The student's name is Deyvaughn Allen (hereinafter D.A."").

2. The student's date of birth is March 6, 1993.

3. The student's current address is 4353 Benning Road, NE, Washington, DC 20019.

4. The student currently attends Kelly Miller Middle School located in the District of Columbia.

5. The student's mother is Jeanne Allen (hereinafter "Parent").

6. The parent and the student reside at the same address.

7. An administrative due process hearing was held for the student on or about March 16, 2007.

8. As a result of that hearing, the impartial due process hearing officer presiding over the matter issued a decision, on or about March 20, 2006 which ordered the District of Columbia Public Schools ("DCPS") to do, among other things, the following: within fifteen (15) school days of the issuance of the HOD to review and revise the student's IEP to include the additional disability classification of Emotional Disturbance to his existing D classification, develop a behavior intervention plan and discuss and determine placement. *See* Order issued on March 20, 2007.

9. On April 11, 2007, the parent, by and through counsel, notified the DCPS Office of Mediation and Compliance of their failure to make any reasonable attempts to comply with the Order of the impartial due process hearing officer. *See* Correspondence dated April 11, 2007.

10. On or about April 17, 2007, a Notice to [the] Parent/Guardian and Student of Proposed Expulsion was issued after the student after the student allegedly, among other things, threatened to assault the teacher.

11. Subsequently, officials called the Metropolitan Police to the school where the student was led away in handcuffs. This is the second attempt to expel the student, this year, from DCPS.

## I. Nature of the Problem.

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Order of the Impartial Due Process Hearing Officer's Determination of March 20, 2007. An administrative due process hearing was held for the student on or about March 14, 2007. See Order dated March 20, 2007. As a result of that hearing, the impartial due process hearing officer presiding over the matter, issued a decision in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, within fifteen (15) school days of the issuance of the HOD to review and revise the student's IEP to include the additional disability classification of Emotional Disturbance to his existing D

classification, develop a behavior intervention plan and discuss and determine placement. *See* Order issued on March 20, 2007. To date, over fifteen (15) school days have passed and DCPS has yet to reconvene the student's MDT/IEP Meeting.

2. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the Student in an Appropriate Placement</u>. The student's current placement at Kelly Miller Middle School is inappropriate and unable to meet the student's special education needs.

   Specifically the student has been retained at least once, and repeatedly suspended, and recommended for expulsion on no less than two occasions for the current school year. Moreover, the student, according to numerous evaluations continues to struggle in school and was recommended for placement in a therapeutic environment. Additionally, DCPS, per a recent order was required to revise and update the student's IEP to reflect the student's need to receive special education and its related services as a result of his being learning disabled and emotionally disturbed. DCPS' failure to have the student placed in an appropriate special education program amounts to a denial of a Free and Appropriate Public Education.

### III. Issues presented.

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the March 20, 2007 Order of the impartial due process hearing officer; and

2. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the student in an appropriate special education program.

### IV. Relief Sought.

1. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the March 20, 2007 Order of the impartial due process hearing officer;

2. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the Student in an Appropriate Placement;

3. DCPS, on an interim basis, agrees to place and fund the student, with transportation, at the Rock Creek Academy, Sunrise Academy , or Accotink Academy;

4. DCPS, within ten (10) school days upon the student's enrollment at his interim placement, agrees to reconvene an MDT/IEP Meeting, at his interim placement, to develop an interim IEP identifying the student as eligible to receive special education and its related services as a student with an

emotional disturbance and a learning disability, and furthermore, that the student is a student in need of a full-time, therapeutic day program;

5. DCPS agrees to fund the parent's independent functional behavior assessments;

6. DCPS, within five (5) business days upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting, at the student's current school, to review the student's evaluations, revise and update the student's IEP as necessary, and discuss and determine what amount of compensatory education, if any, the student is owed;

7. DCPS agrees to fund all compensatory education for the student that is recommended at the MDT/IEP Meeting;

8. All meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

9. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

10. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

12. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

13. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

14. That DCPS within ten (10) calendar days of the filing of this complaint,

pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

15. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

16. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

17. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

19. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:   1) the student's special education teacher; 2) a representative of the local education agency with decision making authority,

3) a person who can interpret the data, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student at Kelly Miller Middle School;

20. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

20. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                specify              the type)_____
- Special          Communication          (please          describe          the type)_____
- Special          Accommodations          for          Disability          (please          be specific)_____
- Other_____

## H.    **Signature:**

_____          4/30/07
Legal Representative~Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4469
CONNECTION TEL                    92024425556
CONNECTION ID
ST. TIME             04/30 15:48
USAGE T              01'10
PGS. SENT            8
RESULT               OK
```

# James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill | 1220 L Street, NW | John A. Straus |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Covington |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | Jani Tillery |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**To:**    Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  April 30, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** D. Allen

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 8**

**COMMENTS:** Administrative Due Process Complaint Notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown

# Exhibit B



EXHIBIT

DD-2

ALL-STATE LEGAL®

*State Edu  ion Agency for the District of C  mbia*
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: <u>Davon Darr</u>     Date of Birth: <u>03/28/90</u>

Address: <u>1475 Columbia Road NW, Apt# 206, Washington, DC 20009</u>

Home School:    <u>Bell Multicultural Senior High School</u>

Present School of Attendance: <u>Oak Hill Academy</u>

        Is this a charter school? <u>No</u>.          (If yes, you must also provide a copy of this notice to the
                                        charter school principal or director)

Parent/Guardian of the Student: <u>Patricia Jackson</u>

Address (if different from the student's above): <u>Same as above</u>

**B.    Legal Representative/ Attorney:**

Name: <u>Omar Karram, Esq.</u>

Address: <u>James E. Brown and Associates</u>

<u>1220 L. Street NW, #700, Washington, DC 20005</u>

Phone: (w) <u>202.742.2098</u>  (Fax) <u>202.742.2098</u>        (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.    Complaint Made Against (check all that apply):**

X DCPS school (name of the school if different from page one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I.  Nature of the problem.**

      **A.  Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 and Sec. 101, § 614 and 34 C.F.R. § 300.347(a) (1) (i) Provide An Appropriate IEP.**

        1.  According to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 614 (hereinafter "IDEIA"), an IEP must contain measurable goals and objectives. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (d) (1) (A) (i) (II) ("The term 'individualized educational program' or 'IEP' means a written statement for each child with a disability that is developed, reviewed, and revised in accordance with this section and that includes a statement of **measurable annual goals, including academic and functional goals,** designed to meet the child's needs that result from the child's disability to enable the child to be involved in and

2

make progress ...e general education curriculum; and meet th' ...'ld's other educational
needs that result for the child's disability."); see also 34 C.F.R. § 300.347 (a) (2);The IDEIA
goes on to state that an IEP must contain "**a statement of the child's present levels of
academic achievement and functional performance. Including how the child's disability
affects the child's involvement and progress in the general curriculum.**" Individuals with
Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, §. 101, § 614 (d) (1)
(A) (i) (I) (aa); 34 C.F.R. § 300.347 (a) (1) (i); (emphasis added).

2. In the instant matter, DCPS has failed to comply with the requirements of the statute and
   provide an appropriate and current IEP for Davon Darr (hereinafter D.D.)

3. Davon Darr's (hereinafter D.D.) last IEP is dated October 07, 2005. There has been no
   current IEP appropriate IEP in effect for the student. Over two months have lapsed and the
   MDT/IEP has not convene to review and revise D.D.'s IEP.

**B. Denial of a Free and Appropriate Public Education – Failure to Comply with the
   Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.
   101, § 614 and 34 C.F.R. § 300.324 and Review and Revise the Child's IEP within the
   Statutory Time Limit.**

4. Complainant re-alleges paragraphs 1-3.

5. Pursuant to 34 C.F.R. § 300.324(b)(i), states in relevant part that "[e]ach public agency must
   ensure that, subject to paragraphs (b)(2) and (b)(3) of this section, the IEP team (i) reviews the
   child's IEP periodically, but not less than annually, to determine whether the annual goals for
   the child are being achieved; and (ii) revise the IEP as appropriate." (emphasis added).

6. In the case at bar, D.D. was deemed eligible for special educational services and he was
   learning disabled. Subsequent to the 2005 IEP, DCPS did not have a current IEP in effect.
   Furthermore, and for over 2 months, DCPS has not reviewed nor revised D.D. IEP. DCPS is
   in violation of IDEIA and the federal regulations.

7. On February 8, 2007, the parent and DCPS entered into a settlement agreement whereby
   DCPS agreed "*to convene a MultiDisciplinary Team/ Individualized Educational Program
   (IEP)meeting within fifteen (15) school days of the date of the signing of this settlement letter.
   At that meeting the evaluations required to be renewed, and the IEP will be reviewed and
   revised. Discussion will also take place about a Vocational Assessment to be completion the
   student. The MDT is also discussed and determine (sic) if placement is an issue." education.*"

**C. Denial of a Free and Appropriate Public Education  -Failure to Comply with the
   Expressed Written Terms of the Settlement Agreement Executed Between the Parent and
   the District of Columbia Public Schools, thereby denying the student a FAPE.**

8. Complainant re-alleges paragraphs 1-7.

9. The case of *Blackman/Jones*, stands for the proposition that untimely or failure to fully
   comply with a hearing officer's determination or a settlement agreement constitutes a denial
   of FAPE.

10. On February 8, 2007, the parent and DCPS entered into a settlement agreement whereby
    DCPS agreed "*to convene a MultiDisciplinary Team/ Individualized Educational Program
    (IEP)meeting within fifteen (15) school days of the date of the signing of this settlement letter.
    At that meeting the evaluations required to be renewed, and the IEP will be reviewed and
    revised. Discussion will also take place about a Vocational Assessment to be completion the
    student. The MDT is also discussed and determine (sic) if placement is an issue."
    education..*"

11. Pursuant to the settlement agreement terms and conditions, and on March 12, 2007, parent's
    counsel faxed to the Office of Compliance a noncompliance letter. The letter also provided
    some time and an opportunity to bring the case into compliance.

3

12. To this date, the MDT team did not *to* convene a MultiDisciplinary Team/ Individualized Educational Program (IEP) meeting within fifteen (15) school days of the date of the signing of this settlement letter.

13. To date, the MDT/IEP has not reviewed and revised the child's IEP.

14. To date a Vocational Assessment has yet to be conducted and a transitional plan to be created.

15. To date, the MDT/IEP team is out of compliance.

## D.  Denial of a Free and Appropriate Public Education  - Failure to Provide The Student with Her Necessary Special Education and Its Related Services.

16. The Complainant re-allege paragraphs 1-15.

17. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law.  While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985). Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

18. The child is entitled to compensatory education since at the time he does not have a current IEP that assess his current levels. He does not have an appropriate transitional plan predicated on a vocational evaluation.  D.D. continues to suffer harm in his education. Furthermore, the child should receive services for the inappropriate 2006 IEP.

## E   DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Conduct a Vocational evaluations Develop An appropriate Transitional Plan When Child is 16 years old

19. Complainant re-alleges paragraphs 1-18.

20. Pursuant to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108- 446, Sec. 101, § 614 (d) (1) (A) (i) (VIII) (beginning not later that the first IEP to be in effect  when  the child is 16, IEP is to contain appropriate measurable postsecondary goals "based upon  age appropriate *transition assessments* related to training, education, employment, and where  appropriate, independent living skills.")

21. In the instant matter, DCPS has failed to conduct a vocational evaluation and provide an appropriate transition assessments DCPS violated IDEIA by failing to develop any timely transitional assessment for the child.

4

II. Issue(s) presented.

1.  DCPS denied D.D. a Free and Appropriate Public Education the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 and Provide An Appropriate and Current IEP.

2.  DCPS denied the student a free and appropriate public education by failing to Comply with 34 C.F.R. § 300.324 and Review and Revise the Child's IEP within the Statutory Time Limit.

3.  DCPS denied the student a free and appropriate public education by failing to Develop an Denial of a Free and Appropriate Public Education by Failing to Provide The Student with His Necessary Special Education and Its Related Services.

4.  Denial of a Free and Appropriate Public Education  -Violation of the Blackman/Jones Consent Decree by Failing to Comply with the terms and conditions of the settlement agreement entered into by the parents

5.  DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Conduct a Vocational Evaluations Develop An appropriate Transitional Plan When the Child is 16 years old

III. To the extent known to you at this time, how can this problem be resolved?

1.  A finding that DCPS denied the student a free and appropriate public education by failing to have an appropriate IEP in effect for the student;

2.  A finding that DCPS denied the student a free and appropriate public education by failing to provide the student with all of his special education instruction and related services;

3.  A finding that DCPS denied the student a free and appropriate public education by failing to conduct a vocational evaluation and develop an appropriate transitional assessment plan;

4.  A finding that DCPS Denied this child a Free and Appropriate Public Education  by failing to comply with the expressed written terms of the previous settlement agreement;

5.  DCPS agree to fund the parent's vocational level III evaluation, and all other necessary reevaluations;

6.  A finding that DCPS denied D.D. a Free and Appropriate Public Education by failing to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 and Provide An Appropriate IEP;

7.  A finding that DCPS denied the Student with a Free and Appropriate Public Education by failing to provide an Appropriate Program with Proper Service Providers the Individuals with Disabilities Education Improvement Act of 2004 and D.C. Municipal Regulations;

8.  A finding that DCPS violated the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446,Sec. 101, § 614(b)(3)(B) and Failure to Conduct a Functional Behavioral Assessment;

9.  A finding that DCPS denied the student with a Free and Appropriate Public Education by and Failure to Conduct a Functional Behavioral Assessment and develop an appropriate Behavioral Intervention Plan;

10. A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to Provide the Student with Her Necessary Special Education and Its Related Services;

5

11. DCPS agrees to fu    ompensatory education services for all deni    f a FAPE from failure to maintain a current IEP in a timely manner to determine eligibility and conduct the requested evaluations;

12. DCPS, agrees to schedule all meetings through the parent's counsel, Omar Karram, Esq., via facsimile, at 202-742-2097;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 and 34 C.F.R. 300.508 (e) , provide the parents' representative, Omar Karram Esq., via facsimile, at 202-742-2000, the following an explanation of why DCPS (i)proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA. Furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, respond to the parent's request alleging any insufficiency of notice;

16. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004 and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 34 C.F.R. 300.508 (d) within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2000, to schedule and convene a Resolution Session Meeting;

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 and 34 C.F.R. 300.508 (d) convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

19. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, 34 C.F.R. 300.508 (d )constitutes joint waiver between DCPS and the parent to have such meeting, and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

20. A finding that the parent is the prevailing party in this action.

E.    **Accommodations and Assistance Needed**:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

F.    **Signature**:

6

_____                    March 19, 2007
Legal Representative / Advocate (if applicable)          Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

7

```
********************
***   TX REPORT   ***
********************


TRANSMISSION OK

TX/RX NO              3274
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME             03/19 09:46
USAGE T              01'17
PGS. SENT             8
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

------------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:       March 19, 2007

TO:         Sharon Newsome, Hearing Coordinator, DCPS Student Hearing Office

FAX NO.:    202-442-5556

FROM:       Williams Bautista

SUBJECT:    **Davon Darr / DOB: 3-28-90**

NUMBER OF PAGES INCLUDING COVER SHEET:        **8**

COMMENTS:        **DUE PROCESS COMPLAINT NOTICE**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO           3275
CONNECTION TEL                    94425097
CONNECTION ID
ST. TIME           03/19 09:48
USAGE T            01'31
PGS. SENT             8
RESULT             OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| | e-mail: Admin@Jeblaw.biz | |

-----------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:            March 19, 2007

TO:              Office of the General Counsel

FAX NO.:         202-442-5097 / 202-442-5098

FROM:            Williams Bautista

SUBJECT:         **Davon Darr / DOB: 3-28-90**

NUMBER OF PAGES INCLUDING COVER SHEET:     **8**

COMMENTS:     **DUE PROCESS COMPLAINT NOTICE**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:              James Brown & Assoc., PLLC
    Attorney:              James Brown
    Federal Tax ID No:     52-1500760
    D.C. Bar No:           61622

2.  **Student Information**
    Name:                          Darr, Davon
    DOB:                           3/28/90
    Date Hearing Request Filed:    3/19/07
    Date(s) of Hearing:            5/22/07
    Date of Determination (HOD/SA) 5/31/07
    Parent/Guardian Name:          Patricia Jackson
    Parent/Guardian Address:       1475 Columbia Rd., NW, #206
                                   Washington, DC 20009

3.  **Invoice Information**
    Invoice Number:                07-172
    Date Request Submitted:        6/29/07
    Date(s) of Services Rendered:  3/5/07 to 5/31/07
    Attorney Hourly Rate:          $      365.00
    Total Attorney Fees:           $    4,383.00
    Total Attorney Costs:          $      823.25
    Total Experts:                 $      209.09
    Total Invoice:                 $    5,415.34

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    *   All services listed on the enclosed invoices were actually performed;
    *   The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    *   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    *   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    *   I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____     6/29/07
    Signature                           Date

                                        Revised Nov 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division
### confidential

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE   8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556


RECEIVED
MAY 3 1 2007
STUDENT HEARING OFFICE

| | |
|---|---|
| In the Matter of　　　　　　　　　　） | **IMPARTIAL** |
| 　　　　　　　　　　　　　　　　　） | **DUE PROCESS HEARING** |
| **DAVON DARR**, student　　　　　） | |
| Date of Birth:  March 28, 1990　　） | |
| 　　　　　　　　　　　　　　　　　） | **DECISION & ORDER** |
| 　　　　　　　Petitioner,　　　　　） | |
| 　　　　　　　　　　　　　　　　　） | |
| 　　versus　　　　　　　　　　　　） | Request Date:  March 19, 2007 |
| 　　　　　　　　　　　　　　　　　） | Hearing Date:  May 22, 2007 |
| **The District of Columbia Public Schools,** ） | |
| Attending:  Oak Hill Academy,　　） | Held at:  825 North Capitol Street, NE |
| 　　　　　　　　　　　　　　　　　） | 　　　　　Eighth Floor, Hearing Room 4 |
| 　　　　　　　Respondent.　　　　） | 　　　　　Washington, D.C. 20002 |

**Parent:**　　　　　　　　　　　Patricia Jackson
　　　　　　　　　　　　　　　　1475 Columbia Road, NW　　Apt No 206
　　　　　　　　　　　　　　　　Washington, D.C. 20009

**Counsel for the Parent/Student:**　Omar Z. Karram, Esq.
　　　　　　　　　　　　　　　　**JAMES E. BROWN & Associates**
　　　　　　　　　　　　　　　　1220  L  Street, NW　　Suite 700
　　　　　　　　　　　　　　　　Washington, D.C. 20005

**District of Columbia Public Schools:**　Daniel L. McCall, Esq., Attorney-Advisor
　　　　　　　　　　　　　　　　**Office of the General Counsel, DCPS**
　　　　　　　　　　　　　　　　825 North Capitol Street, NE - 9th Floor
　　　　　　　　　　　　　　　　Washington, D.C. 20002

An **INDEX of NAMES** is attached hereto for the benefit of the parties. The index will permit the
parties to identify specific witnesses and other relevant witnesses. The index will be detached before
release of this **DECISION & ORDER** as a public record.

i

## <u>INDEX of NAMES</u> for Davon Darr
**Hearing Date:** May 22, 2007

Appearing on behalf of the parent/student:

1. Patricia Jackson, mother
2. Mark Hohman, educational advocate

Appearing on behalf of DCPS: None.

No testimony was received.

ii

## INTRODUCTION

On March 19, 2007, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of breach on the part of DCPS of the SETTLEMENT AGREEMENT (SA) entered into by the parties on February 8, 2007. For relief, an independent vocational assessment and an MDT meeting were requested.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Tuesday, May 22, 2007 at DCPS Headquarters, 825 North Capitol Street, NE - 8th Floor, Hearing Room 4, Washington, D.C. 20002. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

## ISSUE:     Did DCPS breach the February 8, 2007 SETTLEMENT AGREEMENT?

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated May 15, 2007, the parent disclosed 4 witnesses and 9 documents.
In this matter, DCPS filed neither a response nor a disclosure.
The parent's documents were placed into the record and are referenced/footnoted herein where relevant.
Counsel for the Parent referenced paragraph 4 of the February 8, 2007 SETTLEMENT AGREEMENT[1] whereat DCPS agreed to convened an MDT meeting for the student by February 23, 2007 and represented that DCPS had not convened the agreed upon meeting.
The Attorney-Advisor did not controvert but referred to paragraph 9 of the agreement and moved that the hearing be limited to issues existing post February 8, 2007. The motion was GRANTED.
The Attorney-Advisor argued that because the herein Complaint was in contract the undersigned had no jurisdiction over this matter and that it should be DISMISSED. The hearing

1 of 3 pages

---

[1] Parent Document No 3

officer determined that the herein Complaint concerned the provision of FAPE to the student and conferred jurisdiction under 34 CFR 300.507(a)(1). **Further, that the breach of the said agreement denied the student a FAPE as it impeded the student's right to a FAPE.**[2]

On May 22, 2007, the Attorney-Advisor filed the herein <u>DCPS Motion for Reconsideration</u> with supporting documents. Here, the hearing officer noted that the DCPS submitted IEP was undated and unsigned and that it could not be considered a reason to set aside the Finding for the Parent made at the May 22, 2007 hearing proper. DCPS did not convene an MDT meeting for the student before February 23, 2007 as the parties agreed on February 8, 2007. Further, Due Process is to provide an opportunity to the parties to establish their respective positions on issues between them in an established and orderly process. Unfortunately at the hearing proper, DCPS was not in a position to make the most of their opportunity. The <u>DCPS Motion for Reconsideration</u> is DENIED.

In consideration of the foregoing, the hearing officer made the following

## ORDER

1. Within 30 days hereof, DCPS will convene an MDT/IEP/Placement meeting during which evaluations will be reviewed, the IEP reviewed and revised as appropriate and placement discussed and determined; vocational assessment will also be discussed and determined. If a DCPS placement is recommended, a Notice of Placement will be issued within 5 schooldays of the said meeting; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

2. At the said MDT/IEP/Placement meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

3. For the said MDT/IEP/Placement meeting scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel

2 of 3 pages

---

[2] See 34 CFR 300.513(a)(2)(i)

for the Parent, the deadline herein will be extended
one day. For disputes under this paragraph,
documentation of the parties will be relied upon to
determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: _May 31, 2007_

H. St. Clair, Esq., Hearing Officer

Issued: _5/31/07_
Student Hearing Office, DCPS

3 of 3 pages

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: May 31, 2007

To:   Omar Z. Karram

Re:   Darr, Davon

Total Number of Pages Including Cover: 6

Comments:

CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Davon Darr
DOB: 3/28/90

June 12, 2007

In Reference To:   Davon Darr
                   DOB: 3/28/90

Invoice #12538

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/5/2007 | GMH | Records review, new records | 0.78<br>185.00/hr | 144.30 |
| 3/12/2007 | WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 3/12/07 to Paula Perelman, Director of Mediation and Compliance, re bringing to compliance the Settlement Agreement dated 2/2/07 | 0.50<br>115.00/hr | 57.50 |
| | WB | Drafted letter to Paula Perelman, Director of Mediation and Compliance, re bringing to compliance the Settlement Agreement dated 2/8/07 | 0.25<br>115.00/hr | 28.75 |
| 3/13/2007 | OK | review of settlement agreement | 0.42<br>365.00/hr | 153.30 |
| 3/16/2007 | OK | TC with parent to confirm that Davon is still at Oakhill and to give status | 0.75<br>365.00/hr | 273.75 |
| | OK | review of the records and discussion with parent re: placement | 0.67<br>365.00/hr | 244.55 |
| 3/19/2007 | WB | Review and draft letter to parent regarding the due process complaint notice that was filed by the attorney on 3/19/07; includes copying complaint and mailing | 0.42<br>115.00/hr | 48.30 |
| | JEB | Examined and certified hearing request filed by attorney | 0.25<br>405.00/hr | 101.25 |
| | WB | Conference with parent re: Administrative Due Process Complaint Notice filed on 3/19/07 | 0.33<br>115.00/hr | 37.95 |

Davon Darr                                                                                                    Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/19/2007 | OK | review and preparion for drafting due process complaint for failure to hold a MDT meeting and discussion with parent re: new placement at Oakhill | 2.00 365.00/hr | 730.00 |
| 3/20/2007 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 3/27/2007 | WB | Drafted letter to Oak Hill Academy responding to MDT Meeting Notice Letter of Invitation received on 3/27/07 | 0.42 115.00/hr | 48.30 |
|  | WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 3/27/07 to Oak Hill Academy responding to MDT Meeting Notice Letter of Invitation received on 3/27/07 | 0.42 115.00/hr | 48.30 |
| 4/16/2007 | WB | Drafted letter to Ms. Patricia Harris, Special Education Dept., Oak Hill Academy, canceling the meeting scheduled for Tuesday, April 17, 2007 @ 10:00 AM | 0.25 115.00/hr | 28.75 |
|  | WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 4/16/07 to Ms. Patricia Harris, Special Education Dept., Oak Hill Academy, canceling the meeting scheduled for Tuesday, April 17, 2007 @ 10:00 AM | 0.25 115.00/hr | 28.75 |
| 5/9/2007 | WB | Review and draft letter to parent with a copy of the hearing notice date sent on 4/23/07 by the Student Hearing Office for due process hearing on 5/22/07 @ 3:00 PM; includes copying and mailing | 0.33 115.00/hr | 37.95 |
| 5/15/2007 | WB | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.67 115.00/hr | 192.05 |
|  | GMH | Reviewed IEP and advised the attorney | 3.67 185.00/hr | 678.95 |
|  | OK | review of file and review of evaluation and discussion with paralegal re: 5 day disclosure and preparation | 0.75 365.00/hr | 273.75 |
|  | WB | Conference with parent re: upcoming hearing on 5/22/07 @ 3:00 PM | 0.33 115.00/hr | 37.95 |
| 5/16/2007 | OK | discussion with advocate re: drafting meeting notes and meeting | 0.75 365.00/hr | 273.75 |
| 5/22/2007 | OK | preparion for due process hearing and preparion of advocate and review of the file and drafting of opening, closing arguments, drafting of cross and discussion with parent | 1.33 365.00/hr | 485.45 |
|  | OK | attended due process hearing | 3.00 365.00/hr | 1,095.00 |

Davon Darr                                                                                    Page     3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/31/2007 | WB | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on 5/31/07; includes copying and mailing | 0.58 115.00/hr | 66.70 |
|  | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.17 405.00/hr | 68.85 |
|  |  | For professional services rendered | 20.46 | $5,206.25 |

Additional Charges :

| | | Amount |
|---|---|---|
| 2/7/2007 | Taxi service to and from DCPS (hearing) | 16.00 |
| 3/12/2007 | copied letter to parent | 0.50 |
|  | Postage; letter to parent | 0.39 |
| 3/19/2007 | Postage: letter to parent | 0.63 |
|  | Copied doc for parent re: ltr + HR | 2.25 |
|  | Faxed doc to SHO re: HR | 8.00 |
|  | Faxed doc to OGC re: HR | 8.00 |
| 3/20/2007 | Postage; letter to parent | 0.39 |
| 3/27/2007 | Postage; letter to parent | 0.39 |
|  | copied letter to parent | 0.50 |
|  | Postage; letter to parent | 0.39 |
| 4/16/2007 | Postage; letter to parent | 0.39 |
|  | Postage; letter to parent | 0.39 |
|  | copied letter to parent | 0.50 |
|  | Facsimile; Meeting cancellation for Oak Hill Academy. | 2.00 |
| 5/9/2007 | copied letter to parent | 0.50 |
|  | Postage; Letter to parent. | 0.41 |
| 5/15/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied; Disclosure for SHO and OGC. | 21.50 |
| 5/22/2007 | taxi to and from DCPS for hearing | 16.00 |

Davon Darr                                                                    Page    4

|  |  | Amount |
|---|---|---|
| 5/31/2007 | copied letter to parent | 0.50 |
|  | Postage; Letter to parent re: HOD. | 0.58 |
|  | copied HOD | 6.00 |
|  | Rec'd faxed HOD from SHO | 6.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $209.09 |
|  | Total amount of this bill | $5,415.34 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.17 | 130.00 | $22.10 |
| Garield M Hohman, Advocate | 4.45 | 185.00 | $823.25 |
| James E. Brown, Attorney | 0.42 | 405.00 | $170.10 |
| Omar Karram, Attorney | 9.67 | 365.00 | $3,529.55 |
| Williams Bautista, Paralegal | 5.75 | 115.00 | $661.25 |

# Exhibit C

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*

# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA)** and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (**called a "Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Student Name: __Sean Green__          DOB: __March 11, 1991__

Address:    __817 Varnum Street, NW, Washington, D.C. 20011__

Present School of Attendance:    __Roosevelt Senior High School__

Home School:        __Roosevelt Senior High School__
            (Neighborhood school where child is registered)

Parent/Guardian of the Student: __Alfretta Tyler-Green__

## B. Legal Representative/Attorney (if applicable):

Name: _Miguel A. Hull, Esq.___    Phone: (W) _202 742-2015___    (Fax) _202 742-2098_

Address: 1220 L St., NW, #700, Washington, D.C. 20005

Will attorney / legal representative attend the resolution session?  X Yes          No

## C. Complaint Made Against (check all that apply):

__X__ DCPS
___Charter school (name of the charter school if different from page one)_____
Non-public school or residential treatment facility (name)

_____
Parent

## D. Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

__X__ I wish to waive the Resolution Session Meeting

## E. Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F. Facts and Reasons for the Complaint:

### I.    Relevant Facts

1) Sean Green is a sixteen-year-old special education student in the District of Columbia.

2) Alfreda Tyler-Green is Sean's mother and the person bringing this claim.

3) When he was 8 years old, Sean's father had a serious stroke. Since then, he has been treated for depression and at times been prescribed medications.

2

4) Roosevelt Senior High School is Sean's home school. He has been enrolled at Roosevelt since the beginning of the 2005-06 school year. He previously attended McFarland Middle School also in the District of Columbia.

5) On or about January 10, 2006, Sean was a passenger in a serious automobile crash that resulted in severe traumatic brain injury and his being in a coma for a few days.[1]

6) On February 28, 2006, District of Columbia Public Schools ("DCPS") convened a Multi-disciplinary Team ("MDT") meeting with the parent. During the meeting , the team discussed Sean's recent automobile crash and made arrangements for Sean to receive at home tutoring while he recovered from the injuries that he sustained in the crash . Also during the meeting, the team recommended that a clinical-psychological and psychological-educational assessments be completed before the beginning of the 2006-07 school year and the team also developed an IEP classifying Sean as Emotionally Disturbed ("ED") and Learning Disabled ("LD") and entitling him to 18.75 hours of specialized instruction per week and one hour of counseling per week. See IEP 2/28/06 and MDT Notes 2/28/06.

7) A neurological-psychological assessment conducted for Sean by the National Rehabilitation Hospital and dated February 24, 2006, confirmed traumatic brain injury; Dysthymic Disorder; and cognitive deficits. The report recommended placement in an intensive school geared towards students with learning disabilities. The report also recommends a neurological-psychological reevaluation in one year to monitor his condition.

8) Sean did not attend school for the rest of the school year after the automobile crash in January 2006. Instead he received some tutoring from DCPS and received treatment at the National Rehabilitation Hospital.

9) Sean returned to Roosevelt SHS in early September 2006.

10) On or about September 28, 2006, Sean was involved in a physical altercation with the principal at Roosevelt.

11) On October 12, 2006, DCPS convened an MDT/MDR meeting for Sean. During that meeting, Sean's current Individualized Educational Program ("IEP") was developed classifying him as Emotionally Disturbed ("ED") and Learning Disabled ("LD") and entitling him to 27 hours of specialized instruction per week and one hour of counseling per week. Also during the October 12th MDT meeting, the parent requested another placement and the DCPS-members of the team agreed that Sean required a "smaller therapeutic setting." See IEP 2/28/06 and MDT Notes 2/28/06.

12) Since the MDT meeting on October 12, 2006, DCPS has not issued a placement for Sean and, as a result, he has not attended any school. During the October 12, 2006

---

[1] The automobile that Sean was in during the crash was stolen and as a result, Sean was charged in Maryland with unauthorized use of a vehicle and was eventually placed on probation.

meeting, some of the DCPS-members of the team told the parent that Sean could not return to Roosevelt and that she could register him at Wilson SHS. When she went to enroll him at that school, however, she was told that they had no paper-work to take him. In addition, nothing in Sean's record indicates that he was ever formally placed at Wilson.

13) In or about November 2006, Sean was charged in D.C. Superior Court, Juvenile-Division with committing a simple assault against his mother and he was eventually placed on probation.

14) As part of his court supervision, Sean had a psychological-educational assessment conducted for him by the court's Social Services Division. The report from that assessment, dated December 13, 2006, diagnosed: cognitive disorder; cannabis abuse; posttraumatic stress disorder; and depression and anxiety associated with head injury. The report also noted that his history and testing indicates that he may be experiencing an emotional crisis; that because of his low functioning, he would have trouble in a regular high school class; that his injuries from the automobile crash may have exacerbated his pre-existing special education disorders and that he is in need of intervention on several levels. The report also notes that "Roosevelt High School was contacted several times by telephone" in an effort to find an educational and or rehabilitational program for Sean. Lastly, the report noted the following scores:

a) On the Wechsler Intelligence Scale for Children, 4th Edition:

|  | SS | Percentile |
|---|---|---|
| i) Full-scale I.Q. Score: | 76 | 5th |
| ii) VCI: | 91 | 27th |
| iii) PRI: | 79 | 8th |
| iv) WMI | 77 | 6th |
| v) PSI: | 75 | 5th |

b) On the Woodcock-Johnson Tests of Achievement, 3rd Edition:

|  | SS | Percentile | AE | GE |
|---|---|---|---|---|
| i) Academic Skills: | 69 | 2nd | 9-6 | 4.2 |
| ii) Academic Fluency | 76 | 6th | 10-6 | 5.1 |
| iii) Broad Reading: | 81 | 10th | 10-7 | 5.2 |
| iv) Math Calculation: | 77 | 7th | 11-2 | 5.6 |

c) On the Devereux Scales of Mental Disorders:

|  | Percentile |
|---|---|
| i) Conduct: | 83rd |
| ii) Delinquency: | 99th |
| iii) Anxiety: | 99th |
| iv) Depression: | 98th |
| v) Autism: | 85th |
| vi) Acute Problems: | 95th |

d) Substance Abuse Subtle Screening Inventory -- Adolescent

|  | | Percentile |
|---|---|---|
| i) | Face Valid Alcohol: | 50th |
| ii) | Face Valid Other Drugs: | 80th |
| iii) | Family/Friends Risk: | 20th |
| iv) | Attitudes: | 55th |
| v) | Symptoms: | 75th |
| vi) | Obvious Attitudes: | 80th |
| vii) | Subtle Attitudes: | 15th |
| viii) | Defensiveness: | 25th |
| ix) | Supplemental Addiction: | 85th |
| x) | Correctional: | 50th |

15) On or about March 12, 2007, Sean was again charged with assault against his mother. Since that date, he has been held at the Division of Youth Services Juvenile Detention Facility in the District of Columbia. While at the Detention Facility, Sean has had violent altercations with the staff there. On April 24, 2007, Sean was involved in a very violent altercation at the detention facility with six staff members. On April 25, 2007, Sean appeared in Court to enter a guilty plea to the March 2007 charges. Instead, because of the altercation at the detention center the day before, the court postponed the plea and referred Sean for a psychiatric assessment.

## II. DCPS Has Failed to Issue an Appropriate Placement Site For Sean

16) DCPS has failed to place Sean in an appropriate school that can meet his needs.

17) According to the applicable statutes and regulations, a student's placement is to be in the least restrictive environment and in a school that is capable of meeting the student's special education needs. See Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1402 (9) (D) ("FREE APPROPRIATE PUBLIC EDUCATION- The term 'free appropriate public education' means special education and related services that include an appropriate preschool, elementary school, or secondary school education in the state involved" [and] "are provided in conformity with the individualized education program"); § 1401 (29) (D) ("The term 'special education means specially designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability [. . . ]."); 34 C.F.R. § 300.17 & 39; 34 C.F.R. § 300.116 (placement is to be based on student's IEP as determined by team including the parents); 34 C.F.R. § 300.327 & 300.501 (c); D.C. Mun. Regs. Tit. 5 § 3013.1-7 (LEA to ensure that child's placement is based on the IEP); and D.C. Mun. Regs. Tit. 5 § 3000.

18) In this case, DCPS convened an MDT meeting on October 12, 2006, during which the DCPS-members of the team agreed that Sean required a "smaller therapeutic setting." Since then, however, DCPS has done nothing to place Sean in such a school. Instead, the parent was told that Sean could not return to Roosevelt and that she needed to register him at Wilson SHS. When the parent went to Wilson, however, she was told

that they had no paper work to take him. As a result, Sean has remained at home and has not received any instruction and even if he had been allowed to register at Wilson, that school would not have been appropriate because the program there is not at all the "smaller therapeutic setting" that Sean requires.

19) According to the psychological-educational assessment dated December 13, 2006: Sean's cognitive and achievement scores are borderline and several grade and age levels bellow where they should be; his history and testing indicates that he may be experiencing an emotional crisis; because of his low functioning, he would have trouble in a regular high school class; his injuries from the automobile crash may have exacerbated his pre-existing special education disorders; and he is in need of intervention on several levels.

## III. DCPS Has Failed To Implement Sean's IEP Since October 2006 To The Present And Continuing. [2]

20) DCPS has failed to provide Sean with any of the services called for by his IEP since about October 12, 2006 to the present and continuing.

21) A free appropriate public education ("FAPE") consists of "special education and related services that are *provided in conformity with the individualized education program* [ . . ]." Emphasis added. 20 U.S.C. § 1401 (9); 20 U.S.C. § 1401 (29) ("The term 'special education means specially designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability [. . . ]."); 34 C.F.R. § 300.17, 34 & 39; and D.C. Mun. Regs. tit. 5 § 3000.1. See also Scott v. District of Columbia, (D.C. Cir.) 03-1672 DAR (March 31, 2006); and Board of Education of the Hendrick Hudson Central School District v. Westchester County, et al v. Rowley, 458 U.S. 276, 182 (1982) ("The free appropriate public education required by the Act is tailored to the unique needs of the handicapped child by means of an Individualized Educational Program ("IEP")).

22) In this case, DCPS has failed to provide Sean with a FAPE by failing to provide him with any services called for by his IEP since October 12, 2006. On that date, DCPS convened an MDT meeting during which the DCPS-members of the team decided that Sean could not continue at Roosevelt, in part because he attacked the principal, and that he should instead be placed in a "smaller therapeutic setting." Since then, however, DCPS has done nothing to place Sean in such a school. Instead, the parent was told that she needed to register Sean at Wilson SHS. When the parent went to Wilson, however, she was told that they had no paper work to take him. As a result, Sean has remained at home and has not received any instruction and even if he had been allowed to register at Wilson, that school would not have been appropriate because the program there is not at all the "smaller therapeutic setting" that Sean requires.

---

[2] Be advised that the parent will seek to raise this issue as a continuing or ongoing violation if the IEP is still not being implemented by the date of the resolutions session and/or due process hearing.

23) As stated above, according to the psychological-educational assessment dated December 13, 2006: Sean's cognitive and achievement scores are borderline and several grade and age levels bellow where they should be; his history and testing indicates that he may be experiencing an emotional crisis; because of his low functioning, he would have trouble in a regular high school class; his injuries from the automobile crash may have exacerbated his pre-existing special education disorders; and he is in need of intervention on several levels.

## IV. DCPS Has Failed to Evaluate Sean In All Areas of Suspected Disability

24) A public agency must ensure that the student being evaluated is assessed in all areas of suspected disability, that the evaluation is sufficiently comprehensive to identify all of the student's special education needs, and that the evaluation includes all assessment tools that may assist in determining the content of the IEP. 20 U.S.C. § 1414 (b) (1)-(3); § 1414 (a) (6) (B); § 1414 (b) (3) (C) ("each local education agency shall ensure that assessment tools and strategies that provide relevant information that directly assists persons in determining the educational needs of the child are provided."); § 1412 (a) (3) (state must have procedures in place to ensure that all students in the school district who may need special education services are identified, located, and *evaluated*); 34 C.F.R. Sec. 300.304 (b) and (c); 34 C.F.R. § 300.301 ("Each public shall ensure that a full and individual evaluation is conducted for each child being considered for special education"); 34 C.F.R. Sec. 300.111 (public agency must identify, locate and evaluate all students in the school district who may need special education services); D.C. Mun. Regs. tit. 5 § 3005.9 (g) ("The LEA shall ensure that: the child is assessed in all areas related to the suspected disability [ . . . ]"); D.C. Mun. Regs. tit. 5 § 3005.9 (h) (The LEA shall ensure that: in evaluating a child with a disability, the evaluation is sufficiently comprehensive to identify all of the child's special education and services needs, whether or not commonly linked to the disability category in which the child has been classified.").

25) Furthermore, assessments recommended by the public agency must be completed within a reasonable time not to exceed 120 days from the date of referral. D.C. Mun. Regs. Tit. 5 § 3004.1 (team can make referral for assessment); D.C. Mun. Regs. tit. 5 § 3005.2 ("The IEP team **shall** conduct an initial evaluation of a child within a reasonable time of receiving a **written referral and parental consent** to proceed and within timelines consistent with Federal Law and D.C. Code § 38-2501(a)"); and D.C. Code § 38-2501 (initial assessments to be completed within 120 days of referral).

26) Lastly, the public agency has an affirmative obligation to ensure that all students with disabilities are "identified, located, and evaluated." 20 U.S.C. § 1412 (a) (3) (State responsible for ensuring that students with disabilities are "identified, located, and evaluated"); 34 C.F.R. Sec. 300.125 (public agency must identify, locate and evaluate all students in the school district who may need special education services); 34 C.F.R. § 300.300(a)(2); D.C. Mun. Regs. tit. 5 § 3002.1 (d) ("The LEA shall ensure that procedures are implemented to identify, locate, and evaluate all children with disabilities residing in the District of Columbia who are in need of special education

7

and related services, including children with disabilities attending private schools, regardless of the nature or severity of their disabilities."); D.C. Mun. Regs. tit. 5 § 3002.1 (e) ("The LEA shall ensure that, beginning at age three, FAPE is available to any child with a disability who needs special education and related services, including children who are suspended or expelled, and highly mobile children, such as migrant or homeless children, even if they are advancing from grade to grade."); D.C. Mun. Regs. tit. 5 § 3002.3 (a) ("The LEA shall ensure that procedures are implemented to identify, locate, and evaluate all children with disabilities residing in the District or who are wards of the District.").

27) Here DCPS has failed to conduct all of the needed evaluations for Sean.

28) In the first place, DCPS failed to conduct the psychological-educational and clinical assessments prior to the start of the 2006-07 school year as was recommended by the MDT on February 28, 2006 and the fact that the Superior Court conducted those assessments in December 2006 does not relieve DCPS of liability here given the ruling in Zearley vs. Ackerman. 116 F. Supp 2d. 109 (D.D.C. 2000) (held that claims under IDEA are not rendered moot because the come under the doctrine of "capable of repetition yet evading review").

29) Secondly, as early as the February 28, 2006 MDT meeting, DCPS should have also referred Sean for a social history and neurological-psychological and other neurological assessments to address his problem behavior and the severe head injuries that he sustained during the automobile crash in January 2006. By the date of both the February 2006 or October 2006 MDT meetings, DCPS was already aware of Sean's injuries and the fact that he had been in a coma for three weeks. Despite this, however, DCPS took no action to conduct these additional assessments, which to date have yet to be referred or completed.

30) Lastly, as early as October/November 2006, DCPS should have referred Sean for a psychiatric assessment to determine whether he required placement in a residential treatment facility ("RTF"). By those dates, he had already assaulted his mother and the principal at Roosevelt. To date, however, DCPS has not taken any action to conduct such an assessment.

## V. Relief Sought.

31) a finding in the parent and student's favor as to each of the issues raised above;

32) that DCPS be ordered, or agree, to:

a) fund interim or permanent placement with transportation for Sean to attend the Judge Rothenberg Center in Massachusetts; Devereux Center in Georgia; The Pines Center in Virginia; Kids Peace in Pennsylvania; Accotink Academy in Virginia; Foundations in Maryland; High Roads in Maryland; Florence Bertell in Maryland; or some other appropriate school day or residential school.

    b) complete a: 1) **social history**; 2) **neuropsychological;** and 3) **any other evaluations recommended by those specified** within 20 days or else fund these evaluations independently.

    c) convene an MDT meeting within 10 business days of receiving or completing the evaluations specified above to: review the evaluations and determine eligibility and if eligible: develop an IEP, determine appropriate placement with placement to be made within 5 days if for a public school, or 30 days if for a non-public school;

    d) provide or fund reasonable compensatory education from the beginning of the 2006-07 school year until such time as an appropriate placement is made;

    e) that DCPS provide any other relief deemed appropriate and relating to the violations committed here; and

    f) pay parent's reasonable attorney's fees and costs.

33) All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

34) Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

35) In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

36) The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. Tit. 5 § 3000.3, and other related services as are defined at 34 C.F.R. § 300.34 designed to meet this student's unique needs and preparation for employment and independent living;

37) Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. Tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

38) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004. 20 U.S.C.§ 1415 (c) (2) (B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

39) That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

40) That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (C), respond to the parent's request alleging any insufficiency of notice;

41) That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

42) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a Resolution Session Meeting.

43) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

44) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

45) A finding that the parent is the prevailing party in this action.

**G.**   **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

1   Interpreter (please specify the type)_____

2   Special Communication (please describe the type)_____

3   Special Accommodations for Disability (please be specific)_____

4   Other_____

**H.**   **Signature:**

Legal Representative / Advocate (if applicable)

April 30, 2007
Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
     ***********************
     ***   TX REPORT   ***
     ***********************


     TRANSMISSION OK

     TX/RX NO              4826
     RECIPIENT ADDRESS     94425556
     DESTINATION ID
     ST. TIME              04/30 15:28
     TIME USE              01'49
     PAGES SENT           12
     RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus

Attorneys at Law
1220 L Street, NW
Suite 700 .
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington
Jani Tillery

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:        April 30, 2007

TO:          Student Hearing Office
             District of Columbia Public Schools

PHONE:       202-442-5432

FAX NO:      202 442-5556

FROM:        Miguel Hull, Esq.

SUBJECT:     **Sean Green, DOB: 3/11/91 –Due Process Complaint.**


NUMBER OF PAGES INCLUDING COVER SHEET: ___TWELVE_____

COMMENTS:

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.   **Attorney Information**
     Law Firm:                        James Brown & Assoc., PLLC
     Attorney:                        James Brown
     Federal Tax ID No:               52-1500760
     D.C. Bar No:                     61622

2.   **Student Information**
     Name:                            Green, Sean
     DOB:                             3/11/91
     Date Hearing Request Filed:      4/30/07
     Date(s) of Hearing:              6/27/07
     Date of Determination (HOD/SA):  6/27/07
     Parent/Guardian Name:            Alfretta Tyler-Green
     Parent/Guardian Address:         817 Varnum St., NW
                                      Washington, DC 20011

3.   **Invoice Information**
     Invoice Number:                  07-224
     Date Request Submitted:          7/10/07
     Date(s) of Services Rendered:    4/19/07 to 6/29/07
     Attorney Hourly Rate:            $     365.00
     Total Attorney Fees:             $   9,246.60
     Total Attorney Costs:            $     408.48
     Total Experts:                   $       0.00
     Total Invoice:                   $   9,655.08

4.   Certification (must be signed by principal attorney)

     I certify that all of the following statements are true and correct:

     - All services listed on the enclosed invoices were actually performed;
     - The entire amount requested on the enclosed invoice for payment of costs and expenses represents
       the actual amount of costs and expenses incurred;
     - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
       and expenses itemized on the enclosed invoice is requested;
     - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
       benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
       interest, either through an attorney, officer, or employee of the firm, in any special education
       diagnostic services, schools, or other special education service providers;
     - I understand that the making of a false statement to an agency of the D.C. Government is
       punishable by criminal penalties pursuant to D.C. Code § 22-2405.

     _____        7/10/07
     Signature                              Date

                                                           Revised Nov. 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division

Kimm H. Massey, Esq., Due Process Hearing Officer
1150 5th Street, S.E., Washington, DC 20003
Facsimile: (202) 689-3825
Phone: (202) 698-3819

SEAN GREEN, Student                              )
Date of Birth: 03/11/1991                        )
                                                 )
              Petitioner,                        )
                                                 )
      vs.                                         )
                                                 )
The District of Columbia Public Schools,         )
Attending: Roosevelt Senior High School          )
                                                 )
              Respondent.                         )
_____  )

## INTERIM ORDER GRANTING PETITIONER'S ORAL MOTION FOR INTERIM ORDER REGARDING PLACEMENT

ON THIS DAY came on to be heard Petitioner's Motion for an Interim Order Regarding Placement. After consideration of the arguments presented, the parties having represented that they agree that Student should be placed at Judge Rottenberg Center in Canton, Massachusetts, it is hereby ORDERED

1.      That the Motion is **GRANTED**.

2.      That the District of Columbia Public Schools (DCPS) shall proceed without delay to process all paperwork, produce any required Prior Notice of Placement, Interstate Compact Agreement, and other documentation, and take all other steps necessary to effectuate Student's placement at Judge Rottenberg Center.

3.      That Parent and Petitioner's counsel shall cooperate fully with DCPS in connection with the execution of this Order.

4.      That this Order shall not serve as a determination of which party is the "prevailing party" with respect to the issue of whether DCPS has

denied Student a FAPE by failing to issue an appropriate placement for him, as alleged in Petitioner's April 30, 2007 Due Process Complaint.

Kimm H. Massey, Esq.
Due Process Hearing Officer

6/27/2007
DATE

Issue Date: 6/27/07

Original to SHO – Student's File
Copy to:     Parent c/o          Miguel Hull, Esq.
             DCPS c/o            Daniel McCall, Esq.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Green, Sean
DOB: 3/11/91

July 06, 2007

In Reference To:  Sean Green
                  DOB: 3/11/91

Invoice #12615

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/19/2007 | MH | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
|  | BC | Drafted letter to parent, prepared file jacket, disseminated information to various members of the legal team. | 0.58 130.00/hr | 75.40 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| 4/24/2007 | MH | Prepared draft due process hearing request to DCPS.  Includes research on issues raised, discussion with parent, and drafting of claims. | 3.58 365.00/hr | 1,306.70 |
| 4/25/2007 | MH | Attendance at D.C. Superior Court for hearing | 2.33 365.00/hr | 850.45 |
| 4/26/2007 | MH | Revised draft complaint. | 0.33 365.00/hr | 120.45 |
| 4/30/2007 | MH | Revised draft due process hearing request to DCPS. | 1.33 365.00/hr | 485.45 |
| 5/1/2007 | HR | Draft letter to Office of Special Education request MDT meeting, Sent letter via facsimile and sent copy to Roosevelt Senior High School, Office of Mediation and Compliance, and Office of the General Counsqel. | 1.00 115.00/hr | 115.00 |
|  | HR | Draft letter to parent regarding MDTmeeting requested. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |

Green, Sean                                                                 Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/2/2007 | HR | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on April 30, 2007; includes copying complaint and mailed | 0.50 115.00/hr | 57.50 |
| 5/4/2007 | HR | Draft letter to Roosevelt Senior High School responding to letter of invitation for resolution meeting . Sent letter via facsimile to the school, Office of Special Education, and Office of the General Counsel. Called the school to confirm receipt of fax and added to case notes. | 0.67 115.00/hr | 77.05 |
|  | HR | Draft letter to parent regarding letter to DCPS responding to letter of invitation for resolution conference. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 5/8/2007 | HR | Draft letter requesting evaluations to student's school to Roosevelt Senior High School requesting , DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request; (faxed to parties, called the school to confirm receipt of fax and added to case notes. | 0.83 115.00/hr | 95.45 |
|  | HR | Draft letter to parent regarding evaluations requested on May 8, 2007 to the student's school and DCPS administrative offices; includes copying/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 5/9/2007 | HR | Prepared placement packet to Florence Bertell Academy; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.58 115.00/hr | 66.70 |
|  | HR | Prepared placement packet to High Road Upper School; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.58 115.00/hr | 66.70 |
|  | HR | Prepared placement packet to Foundation School; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.58 115.00/hr | 66.70 |
|  | HR | Prepared placement packet to Accotink Academy; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.58 115.00/hr | 66.70 |
|  | HR | Prepared placement packet to Kidspeace Center; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.58 115.00/hr | 66.70 |
|  | HR | Prepared placement packet to the Pines Residential Treatment Center; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.58 115.00/hr | 66.70 |
|  | HR | Prepared placement packet to Devereux Center; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.58 115.00/hr | 66.70 |

Green, Sean                                                                                Page     3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/9/2007 | HR | Prepared placement packet to Judge Rotenburg Center; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.58 115.00/hr | 66.70 |
| 5/10/2007 | HR | Draft letter to parent regarding placement packets sent out for consideration. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 5/17/2007 | HR | Draft letter to Roosevelt Senior High School requesting that resolution meeting be reschedule. Sent letter via fax to the school, Office of Special Education, and Office of the General Counsel. Called the school confirming receipt of fax and added to case notes. | 0.67 115.00/hr | 77.05 |
| 5/21/2007 | HR | Draft letter to parent regarding letter to DCPS regarding resolution meeting. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 5/22/2007 | HR | Phone call from the Pines Treatment Center regarding needed copy of psychiatric evlautions. | 0.17 115.00/hr | 19.55 |
| 5/29/2007 | JF | Examine all the ed. info. in prep. for classroom observation; contacted parent | 1.00 365.00/hr | 365.00 |
| 6/18/2007 | HR | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing; includes copying, mailed, and added to case notes | 0.50 115.00/hr | 57.50 |
| 6/20/2007 | HR | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | 1.50 115.00/hr | 172.50 |
| | JF | Assisted attorney to prepare disclosure to DCPS | 1.50 365.00/hr | 547.50 |
| | MH | Prepare disclosure to DCPS with assistance from paralegal.  Reviewed entire file and identified potential exhibits and witnesses for hearing; prepared exhibit packet and cover letter; and supervised delivery to DCPS. | 1.92 365.00/hr | 700.80 |
| 6/25/2007 | HR | Phone call to parent regarding hearing scheduled and participation. | 0.08 115.00/hr | 9.20 |
| | MH | Prepared for Due Process Hearing | 1.58 365.00/hr | 576.70 |
| 6/26/2007 | JF | Prepared for Due Process Hearing by reviewing all documentation submitted to DCPS and discussing possible testimony with child's attorney | 1.50 365.00/hr | 547.50 |
| | MH | Additional preparation for Due Process Hearing | 1.08 365.00/hr | 394.20 |

Green, Sean                                                                    Page     4

|            |    |                                                                      | Hrs/Rate | Amount |
|------------|----|----------------------------------------------------------------------|----------|--------|
| 6/27/2007  | MH | Appearance at Van Ness ES for due process hearing                    | 2.67 365.00/hr | 974.55 |
| 6/29/2007  | HR | Draft letter to parent regarding interim order. Copied and mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
|            |    | For professional services rendered                                   | 35.96    | $9,246.60 |

Additional Charges :

| 4/19/2007 | Copied documents for file and advocate                  | 19.50 |
|-----------|---------------------------------------------------------|-------|
|           | copied letter to parent                                 | 0.50  |
|           | Postage; introductory letter to parent                  | 0.39  |
| 5/1/2007  | copied letter to parent                                 | 0.50  |
|           | Postage; Letter to parent.                              | 0.39  |
|           | Faxed letter requesting mtg to OSE, OMC, OGC, Roosevelt SHS | 2.00 |
| 5/2/2007  | Postage; Letter to parent.                              | 0.87  |
|           | copied letter to parent                                 | 3.00  |
| 5/4/2007  | Facsimile; Letter to Roosevelt SHS.                     | 3.00  |
|           | Facsimile; Letter to OSE.                               | 3.00  |
|           | Facsimile; Letter to OGC.                               | 3.00  |
|           | copied letter to parent                                 | 0.75  |
|           | Postage; Letter to parent.                              | 0.39  |
| 5/8/2007  | Postage; Letter to parent.                              | 0.39  |
|           | copied letter to parent                                 | 0.50  |
|           | Faxed request for eval. to Roosevelt SHS, OSE, OGC      | 21.00 |
| 5/9/2007  | copied placement referral to Judge Rotenberg Center     | 10.25 |
|           | copied placement referral to High Road                  | 10.25 |
|           | copied placement referral to Florence Bertell           | 10.25 |
|           | copied placement referral to Foundation                 | 10.25 |

Green, Sean                                                                                                        Page     5

|  |  | Amount |
|---|---|---|
| 5/9/2007 | copied placement referral to Accotink | 10.25 |
|  | copied placement referral to KidsPeace Center | 10.25 |
|  | copied placement referral to Pines Center | 10.25 |
|  | copied placement referral to Devereux Center | 10.25 |
|  | Postage; Placement packages to Judge Rutenberg Center. | 2.07 |
|  | Postage; Placement packages to High Road School. | 2.07 |
|  | Postage; Placement packages to Foundation School. | 2.07 |
|  | Postage; Placement packages to Florence Bertell Academy. | 2.07 |
|  | Postage; Placement packages to Accotink Academy. | 2.07 |
|  | Postage; Placement packages to Kids Peace. | 2.07 |
|  | Postage; Placement packages to The Pines Treatment Center. | 2.07 |
|  | Postage; Placement packages to Devereux Center. | 2.07 |
| 5/10/2007 | Postage; Letter to parent. | 0.63 |
|  | Copied; Placement letters w/letter for parent. | 2.25 |
| 5/17/2007 | Facsimile; Response to Roosevelt SHS. | 2.00 |
|  | Facsimile; Response to OSE. | 2.00 |
|  | Facsimile; Response to OGC. | 2.00 |
| 5/21/2007 | Copied; letter for parent re: Attorney's letter. | 0.50 |
|  | Postage; Letter to parent. | 0.41 |
| 6/18/2007 | Postage; Letter to parent. | 0.41 |
|  | Copied; Letter for parent re: NOH | 0.50 |
| 6/20/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied disclosures | 108.00 |
| 6/27/2007 | Transportation service to Van Ness ES for hearing | 8.00 |
|  | Rec'd faxed Interim Order from SHO | 3.00 |

Green, Sean                                                                    Page      6

|  |  | Amount |
|---|---|---|
| 6/27/2007 | copied HOD | 3.00 |
| 6/29/2007 | Postage; Letter to parent. | 0.41 |
|  | copied letter to parent re: interim order | 0.75 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $408.48 |
|  | Total amount of this bill | $9,655.08 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 2.08 | 130.00 | $270.40 |
| Heidi Romero, Paralegal | 13.56 | 115.00 | $1,559.40 |
| Juan Fernandez, Attorney | 4.00 | 365.00 | $1,460.00 |
| Miguel Hull, Attorney | 16.32 | 365.00 | $5,956.80 |

# Exhibit D

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools. 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  **INFORMATION ABOUT THE STUDENT:**

Student Name: <u>Brandon Golphin</u>                        DOB:  <u>April 1, 1995</u>

Address:     <u>6 Brandywine, St., SE, Washington, D.C. 20032</u>

Present School of Attendance:        <u>W.B. Patterson Elementary School</u>

Home School:                <u>W.B. Patterson Elementary School</u>

(Neighborhood school where child is registered)

Parent/Guardian of the Student: __Carol Golphin____

Address (if different from the student's above): __same_____

## B.    Legal Representative/Attorney (if applicable):

Name: Miguel A. Hull, Esq.___     Phone: (W) _202 742-2015____   (Fax) _202 742-2098_

Address: 1220 L St., NW, #700, Washington, D.C. 20005_____

Will attorney / legal representative attend the resolution session?    **X** Yes          ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Relevant Facts:

1. Brandon Golphin is an eleven-year-old special education student in the District of Columbia.

2. According to his current Individualized Education Program ("IEP"), dated August 1, 2006, Brandon is classified as Mentally Retarded ("MR") and entitled to: 27.5 hours per week of specialized instruction in the special education setting.

3.  A Hearing Officer's Determination ("HOD") issued on March 10, 2006, ordered District of Columbia Public Schools ("DCPS") to among other things, convene an MDT meeting within 15 days of receiving or completing certain assessments to: determine eligibility, and if eligible to develop an IEP and determine placement. The HOD also ordered that the parent be part of any meeting in which placement is discussed and that a placement representative be present at the Multi-Disciplinary Team ("MDT") meeting and advise the parent regarding the advantages and disadvantages with respect to each school that is discussed.

4.  A Psychological Evaluation completed by DCPS for Brandon and dated April 1, 2006 found overall deficient cognitive skills; aggressiveness towards classmates; and some inattentive and active behaviors. The report also lists the following relevant scores:

    a.  On the Wechsler Intelligence Scale for Children Fourth Edition (average 90-109):
        i.    Verbal Comprehension:       SS: 59;
        ii.   Perceptual Reasoning:        SS: 75;
        iii.  Working Memory:              SS: 86;
        iv.   Processing Speed:            SS: 73; and
        v.    Full Scale I.Q:              SS: 66 (intellectually deficient).

    b.  On the Woodcock-Johnson III Tests of Cognitive Abilities (average 90-109):
        i.    General Intellectual Ability:  SS: 67;
        ii.   Verbal Ability:               SS: 83;
        iii.  Thinking Ability:             SS: 70; and
        iv.   Cognitive Efficiency:         SS: 69.

    c.  On the Adaptive Behavioral Assessment System II (average 90-109):
        i.    Global Adaptive Composite:   SS: 56;
        ii.   Conceptual:                  SS: 56;
        iii.  Social:                      SS: 64; and
        iv.   Practical:                   SS: 65.

    d.  On the Behavioral Assessment Scale for Children-2 Student Observation System (BASC-2SOS): Brandon demonstrated problem behaviors 54.4% of the time. (20% is average).

5.  An Academic Evaluation completed by DCPS for Brandon and dated July 24, 2006 lists the following relevant scores:

    a.  On the Woodcock-Johnson III Tests of Academic Achievement III (average 90-109):
        i.    Broad Reading:              SS: 70;
        ii.   Broad Math:                 SS: 77; and
        iii.  Written Language:           SS: 62.

6.  On August 1, 2006, DCPS convened the MDT meeting for Brandon, during which the team reviewed the above-referenced evaluations and found Brandon eligible for special education

as a student with mental retardation ("MR"). The team at the meeting also developed the current IEP referenced above entitling Brandon to 27.5 hours of special education per week in the special education setting.

7. During the MDT meeting on August 1, 2006, the DCPS-members of the team conceded to the parent and advocate that Patterson was an inappropriate school for Brandon, but that they had no other choice decided over where to place him. The parent and advocate objected to placement at Patterson citing that the program there was not equipped to meet his needs.

8. Around the start of the 2006-07 school year, the parent became so frustrated with DCPS's failure to offer her an appropriate placement, that she decided to remove Brandon from Patterson and have him home-schooled by his paternal grandmother, who is also a teacher.

9. On August 2, 2006, the parent filed a due process complaint against DCPS regarding the inappropriate placement at Patterson among other things.

10. On October 4, 2006, the parties appeared for the due process hearing on the August 2nd complaint and entered a settlement agreement onto the record whereby DCPS agreed to convene an MDT meeting within 15 school days to review and revise the IEP, determine compensatory education, and determine placement. That agreement was then included in a Consent Order issued on October 10, 2006.

11. On October 25, 2006, the parent, though counsel, sent a copy of the October 10, 2206 Order to DCPS along with a letter requesting the MDT meeting in compliance with the order.

12. On November 3, 2006, the parent filed another due process complaint against DCPS for failing to convene the MDT meeting in violation of the terms of the October 10, 2006 Consent Order.

13. On January 8, 2007, the parties appeared for the due process hearing on the November 3rd complaint. During the hearing, DCPS argued that the parent's claim should be dismissed because the student was not longer attending a DCPS school and because the hearing officer had no jurisdiction to hear a claim regarding failure to comply with a pervious administrative order. The hearing officer, however, denied both arguments and allowed the parent's claim to proceed.

14. The HOD from the January 8, 2007 hearing was subsequently issued on January 10, 2007 and found a denial of FAPE for failing to comply with the October 10, 2006 Consent Order. As relief, the January 10th HOD ordered DCPS to, among other things: "convene an MDT/Placement meeting within (10) school days of the issuance of this HOD to review all evaluations and review and revise the student's IEP and discuss and determine placement."

15. On January 11, 2007, the parent sent a copy of the January 10th HOD along with a letter to DCPS requesting the MDT meeting in compliance with the order.

16. To date, DCPS has failed to convene the MDT/Placement meeting for Brandon.

4

**II. DCPS failed to convene the MDT/Placement meeting for Brandon Golphin and has failed to offer Brandon an appropriate placement**

16. DCPS has failed to convene the MDT/Placement meeting for Brandon Golphin and has failed to offer Brandon an appropriate placement

17. According to the applicable statutes and regulations, a student's placement is to be in the least restrictive environment and in a school that is capable of meeting the student's special education needs. See Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1402 (9) (D) ("FREE APPROPRIATE PUBLIC EDUCATION- The term 'free appropriate public education' means special education and related services that include an appropriate preschool, elementary school, or secondary school education in the state involved" [and] "are provided in conformity with the individualized education program"); § 1401 (29) (D) ("The term 'special education means specially designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability [. . . ]."); 34 C.F.R. § 300.17 & 39; 34 C.F.R. § 300.116 (placement is to be based on student's IEP as determined by team including the parents); 34 C.F.R. § 300.327 & 300.501 (c); D.C. Mun. Regs. Tit. 5 § 3013.1-7 (LEA to ensure that child's placement is based on the IEP); and D.C. Mun. Regs. Tit. 5 § 3000.

18. Additionally, a student's IEP Team must meet periodically meet to review the IEP and address factors such as progress, concerns by the parent, evaluations, or other mattes that can include placement. 20 U.S.C.§ 1414 (d) (4);  34 C.F.R. § 300.324 (b); D.C. Mun. Regs. Tit. 5 § 3008.1

19. In this case, Brandon's home school, Patterson ES, is not appropriate for him.  Brandon requires a full-time special education program geared towards students with mild MR. Patterson has no such program.  A review of Brandon's cognitive, achievement, and adaptive behavioral scores reveals that Brandon is behind and has many academic needs.  The DCPS-members of the team at the meeting on August 1, 2006 conceded that Patterson was not appropriate yet they still issued placement to that school.  Since then, two administrative orders, one dated October 10, 2206 and the other dated January 10, 2007, have ordered DCPS to convene an MDT/placement meeting to offer Brandon a placement.  For each of those orders, the parent has sent a letter to DCPS requesting the MDT/placement meeting. Yet DCPS refuses to convene the placement meeting and offer a placement in violation of the statutes, regulations, and orders cited above.  In the meantime, and out of frustration over DCPS' inaction, Brandon's parent has had to employ self-help and remove him from Patterson and arrange fro home-schooling.

**III.  Relief Sought.**

20. a finding in the parent's favor as to each of the issues raised above;

21. That DCPS be ordered, or agree, to:
   a) Fund interim or permanent placement with transportation to one of the following schools: Frost School; Accotink Academy; Phillips School; Leary in Maryland; or some other

appropriate school;

b) Fund or provide a reasonable amount of compensatory education [possibly 6 hours a week for an indefinite number of weeks] for the time from August 1, 2006, when the current IEP was developed and placement at Patterson became inappropriate, through the present and continuing until Brandon is appropriately placed;

c) Convene an MDT meeting with the parent within ten business days of the hearing, to revise his IEP as warranted, determine placement with placement to be made within five days if for a public school, or thirty days if for a non-public school, and comply with the terms of the January 10, 2007 HOD; and

22. that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

23. that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

24. All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

25. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

26. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement dated May 12, 1987, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

27. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and other related services as are defined at 34 C.F.R. § 300.34 designed to meet this student's unique needs and preparation for employment and independent living;

28. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

29. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

30. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

31. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (C), respond to the parent's request alleging any insufficiency of notice;

32. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

33. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting.**

34. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

35. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

36. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

7

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    <u>Signature:</u>

_____          <u>March 1, 2007</u> _____
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO               2658
RECIPIENT ADDRESS      94425556
DESTINATION ID
ST. TIME               03/01 08:18
TIME USE               01'26
PAGES SENT                9
RESULT                 OK
```

# James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | **Attorneys at Law** | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne Neloms |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |
| | | + DC Bar Special Legal Consultant |

# *FAX COVER SHEET*

**DATE:**  March 1, 2007

**TO:**  Student Hearing Office
District of Columbia Public Schools

**TEL NO.:**  202 442-5432

**FAX NO.:**  202 442-5556

**FROM:**  Miguel A. Hull, Esq.

**SUBJECT:**  **Brandon Golphin DOB: 4/1/95 –Due Process Complaint**

NUMBER OF PAGES INCLUDING COVER SHEET:  ___NINE_____

COMMENTS:



Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: James Brown & Assoc., PLLC
   Attorney: James Brown
   Federal Tax ID No: 52-1500760
   D.C. Bar No: 61622

2. **Student Information**
   Name: Golphin, Brandon
   DOB: 4/1/95
   Date Hearing Request Filed: 2/28/07
   Date(s) of Hearing: 5/1/07
   Date of Determination (HOD/SA): 6/21/07
   Parent/Guardian Name: Carol Golphin
   Parent/Guardian Address: 6 Brandywine St., SE
   Washington, DC 20032

3. **Invoice Information**
   Invoice Number: 07-207
   Date Request Submitted: 6/29/07
   Date(s) of Services Rendered: 2/1/07 to 5/4/07
   Attorney Hourly Rate: $ 365.00
   Total Attorney Fees: $ 7,886.65
   Total Attorney Costs: $ 361.19
   Total Experts: $ 0.00
   Total Invoice: $ 8,247.84

4. Certification (must be signed by principal attorney)

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   Signature _____   Date  6/29/07

   Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

## Charles R. Jones, Jr., Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E. 8th Floor
### Washington, D.C. 20002
### Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| BRANDON GOLPHIN,        Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 04-01-95 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: May 1, 2007 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Home School: W.B. Patterson ES | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## <u>DECISION AND ORDER</u>

**Parent:**                                         Ms. Carol Golphin
                                                    6 Brandywine Street, S.E.
                                                    Washington, D.C. 20032

**Counsel for Parent:**                          Miguel A Hull, Esq.
                                                    James E. Brown and Associates, PLLC
                                                    1220 L Street, N.W.
                                                    Suite 700
                                                    Washington, D.C. 20005

**Counsel for School:**                          Saurabh Gupta, Attorney- Advisor
                                                    Office of the General Counsel, DCPS
                                                    825 North Capitol Street, N.E., 9th Floor
                                                    Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I.   INTRODUCTION

On March 1, 2007 the initial Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Miguel A. Hull, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination ("HOD") dated January 10, 2007, which required DCPS to convene a MDT placement and determine an appropriate educational placement for B.G.

A Due Process Hearing was convened on June 1, 2007, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Saurabh Gupta., Esq., Attorney-Advisor, represented DCPS. Miguel A. Hull, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated April 24, 2007: BG-1 through BG-23. On behalf of DCPS: Disclosure Letter dated April 24, 2007: DCPS-01 and DCPS-02 were entered into the record. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses on behalf of the parent: Carol Golphin and Juan Fernandez. Witnesses on behalf of DCPS: Janet P. Silverstone.

## II.   JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004*, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.   ISSUES

1.   Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Determination ("HOD") dated January 10, 2007?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this case, petitioner by and through parent's counsel alleges that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide B.G. a free and appropriate public education (FAPE). According to parent's counsel, on or about January 10, 2007 a HOD was issued requiring DCPS to timely convene a MDT/IEP placement meeting to discuss and determine an appropriate educational placement for B.G. It is alleged that DCPS failed to convene the meeting and failed to determine an appropriate placement for the student. DCPS did not controvert this fact. In the alternative, DCPS argued that the student had been withdrawn from the school system in order for the parent to provide home schooling. DCPS further alleged that the student had not been registered with DCPS as a non-attending student; consequently, the petitioner had not satisfied the basic jurisdictional requirement to seek relief in this forum. Counsel for the respondent entered a motion to dismiss based upon the alleged failure of the petitioner to be registered as a DCPS student. The Hearing Officer deferred his decision on this issue and ordered the counsel for the parent to submit evidence of the student's registration on or before May 11, 2007. Counsel for the parent submitted a "DCPS Annual Student Enrollment Form" for the school years 2006-2007 with the parent's signature. DCPS failed to provide any information, which challenged the validity or authenticity of this document; therefore, a directed verdict is granted. The record in this matter remained open until May 11, 2007 counsel for the parent submitted information prior that date.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    B.G. is a twelve- (12) year old District of Columbia resident and a student whose home school is W.B. Patterson Elementary School.

2.    On or about January 10, 2007 a Hearing Officer's Determination ("HOD") ordered DCPS to convene an MDT placement meeting within ten- (10) school days of the issuance of the HOD. [1]

3.    DCPS failed to comply with the HOD and failed to convene the MDT placement meeting. DCPS did not dispute this fact.

3.

---

[1] Exhibit: BG-07.

4.      On or about October 24, 2006, the parent had registered the student as a DCPS non-attending student, as the parent had signed the appropriate form "DCPS Annual Student Enrollment Form.[2]

5.      Juan J. Fernandez, Educational Advocate for the student, testified and concluded that the parent had registered the student as a non-attending student with DCPS. Mr. Fernandez further testified that he had contacted Mr. Roots, the SEC at W.B. Patterson, on several occasions in an effort to get DCPS to convene a placement meeting. DCPS failed to act.[3]

## VI.  DISCUSSION AND CONCLUSION OF LAW

In this case, petitioner by and through parent's counsel has sustained his burden of proof. The sole issue in this case is whether DCPS failed to comply with a HOD dated January 10, 2007. DCPS failed to comply with the HOD, as this fact is uncontested. Moreover, pursuant to the *Blackman* Consent Order, the failure to comply with an HOD creates a presumption of a denial of FAPE.

IDEA mandates and requires a local educational agency (LEA) to provide an eligible student an appropriate educational placement. Here, in this instance, DCPS has failed to provide an appropriate educational placement for B.G. capable of providing some educational benefit. Under this set of circumstances, DCPS has failed to provide this student a free and appropriate public education (FAPE).

**Based upon the foregoing, IT IS HEREBY ORDERED:**

**1)  Petitioner's request for relief is GRANTED.**

**2)  Petitioner is the prevailing party.**

4.

---

[2] DCPS Annual Student Enrollment Form dated October 24, 2006.
[3] Testimony of Juan J. Fernandez at the Due Process hearing.

3) DCPS shall, with ten- (10) business days of the issuance of the HOD, convene a MDT/placement meeting to review all current evaluations, review and revise the student's IEP if warranted and discuss and determine an appropriate educational placement for the student for the 2007-2008 school years.

4) In the event that DCPS fails to timely convene the placement meeting, DCPS shall immediately place and fund the student, on an interim basis, at the parent's choice of private placement for the 2007-2008 school years.

5) In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

6) All communications and notices shall be sent through the parent's counsel.

7) Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

## VII.    APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: _06-21-07_

Charles R. Jones, Esq. Hearing Officer

Date Issued: _____    5.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

5/15/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Brandon Golphin
DOB: 4/1/95
6 Brandywine St SE
Washington DC 20032

June 25, 2007

In Reference To: Brandon Golphin
      DOB:4/1/95

Invoice #12585

   Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 2/1/2007 MH | reviewed file to determine current status, DCPS compliance with HOD, and formulate strategy. | 0.83 365.00/hr | 302.95 |
| 2/7/2007 HR | Draft case status letter to parent regarding letter received from Frost School. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 2/20/2007 MH | Reviewed file to determine current case status and to plan strategy. Includes research on student's current educational needs. | 0.25 365.00/hr | 91.25 |
| 2/23/2007 MH | Prepared draft of due process hearing request to DCPS. Includes research on issues raised, discussion with parent, and drafting of actual claims. | 2.75 365.00/hr | 1,003.75 |
| 2/27/2007 RN | Review of hearing request for quality assurance. Reviewed complaint for content and substance. Provided feedback to the attorney and made suggestion for editing. | 1.83 365.00/hr | 667.95 |
| 2/28/2007 MH | Edited complaint and filed with DCPS | 0.50 365.00/hr | 182.50 |
| 3/2/2007 HR | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on March 1, 2007; includes copying complaint and mailed | 0.50 115.00/hr | 57.50 |
| 3/5/2007 HR | Prepared placement packet to Accotink Academy; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.50 115.00/hr | 57.50 |
| HR | Draft case status letter to parent regarding placement referral sent out for consideration. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |

Brandon Golphin                                                                        Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/5/2007 | HR | Prepared placement packet to Frost School; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.50 115.00/hr | 57.50 |
| | HR | Prepared placement packet to Phillips School; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.50 115.00/hr | 57.50 |
| | HR | Prepared placement packet to Leary School; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied/mailed documents and added to case notes) | 0.50 115.00/hr | 57.50 |
| 3/28/2007 | HR | Draft letter to parent regarding case status. includes copied/mailed and added to case notes. | 0.42 115.00/hr | 48.30 |
| 3/30/2007 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 4/3/2007 | HR | Draft letter to Patterson Elementary School responding to letter of invitation. Sent letter via fax to the school, Office of Special Education, and Office of General Counsel. Added to case notes | 0.67 115.00/hr | 77.05 |
| | HR | Case Review with attorney and educational advocate | 0.25 115.00/hr | 28.75 |
| | MH | Reviewed file to determine case status and developed case strategy with team. | 0.25 365.00/hr | 91.25 |
| | JF | Team meeting | 0.25 365.00/hr | 91.25 |
| 4/9/2007 | HR | Draft case status letter to parent regarding letter to DCPS. Copied/Mailed and added to case notes. | 0.42 115.00/hr | 48.30 |
| 4/17/2007 | HR | Draft letter to parent regarding letter received from the Phillips School. Copied/mailed and added to case notes. | 0.42 115.00/hr | 48.30 |
| 4/19/2007 | HR | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing, includes copying/mailed, added to calendar and case notes. | 0.50 115.00/hr | 57.50 |
| | JF | Discussion with parent regarding placement meeting | 0.25 365.00/hr | 91.25 |
| | HR | Phone call to Patterson Elementary School to confirm meeting schedule for today. | 0.17 115.00/hr | 19.55 |
| | HR | Phone call to mom regarding meeting schedule for today. | 0.17 115.00/hr | 19.55 |

Brandon Golphin

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/23/2007 | MH | Reviewed file to prepare strategy for upcoming due process hearing. | 0.33<br>365.00/hr | 120.45 |
| 4/24/2007 | HR | Draft letter to W. P. Patterson Elementary School requesting that MDT meeting be rescheduled. Sent letter to the school, Office of Special Education, and Office of the General Counsel. Called the school to confirm receipt of fax and added to case notes. | 0.67<br>115.00/hr | 77.05 |
| | HR | Phone call to mom regarding hearing and Brandon's Tutor | 0.25<br>115.00/hr | 28.75 |
| | HR | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50<br>115.00/hr | 172.50 |
| | MH | Prepare disclosure to DCPS | 1.00<br>365.00/hr | 365.00 |
| 4/30/2007 | JF | Prepared for Due Process Hearing | 1.00<br>365.00/hr | 365.00 |
| 5/1/2007 | JF | Appearance to 825 North Capital for due process hearing | 2.33<br>365.00/hr | 850.45 |
| | MH | Preparation for Due Process Hearing.  Includes review of file and DCPS disclosure materials, research on issues raised, discussion with clients, and preparation of potential witness questions and legal arguments for hearing. | 1.17<br>365.00/hr | 427.05 |
| | MH | Appearance to 825 North Capital for due process hearing. | 2.83<br>365.00/hr | 1,032.95 |
| 5/3/2007 | JF | School visit; classroom observation at Patterson ES | 2.33<br>365.00/hr | 850.45 |
| 5/4/2007 | MH | Prepared post-hearing brief per request of hearing officer.  Includes legal research and drafting and revising of brief. | 0.83<br>365.00/hr | 302.95 |
| | | For professional services rendered | 27.84 | $7,886.65 |

Additional Charges :

| | | |
|---|---|---|
| 1/11/2007 | copied case status letter to parent w/ HOD | 1.50 |
| 1/12/2007 | Fax letter with HOD to WB Patterson ES, OSE, OGC | 15.00 |
| | Postage; Letter to parent. | 0.39 |

Brandon Golphin                                                                    Page    4

| | | Amount |
|---|---|---|
| 2/7/2007 | Postage; letter to parent | 0.39 |
| | Copied doc for parent re: case status | 0.50 |
| 2/28/2007 | Fax HR to SHO | 9.00 |
| | copied HR | 8.00 |
| 3/2/2007 | Postage; letter to parent. | 0.63 |
| | copied letter to parent with HR | 2.25 |
| 3/5/2007 | copied placement referral to Frost, Phillips, Leary, Accotink | 37.00 |
| | copied letter with placement referral to parent | 0.50 |
| | Postage; Placement package to Accotink Academy. | 1.83 |
| | Postage; Placement package to Frost School. | 1.83 |
| | Postage; Placement package to Phillips School. | 1.83 |
| | Postage; Placement package to Leary School. | 1.83 |
| | Postage; letter to parent. | 0.39 |
| 3/28/2007 | postage letter of meditation | 0.39 |
| | copies for parent letter of invitation with case status letter | 0.50 |
| 3/30/2007 | postage | 0.39 |
| 4/9/2007 | postage: letter to parent | 0.63 |
| | copied letter to parent | 0.50 |
| 4/13/2007 | Postage; Letter to parent. | 0.39 |
| 4/17/2007 | copied letter to parent | 0.50 |
| 4/19/2007 | Postage; Letter to parent re: NOH | 0.39 |
| | copied letter to parent | 0.50 |
| 4/24/2007 | Facsimile; Letter to Patterson ES. | 2.00 |
| | Facsimile; Letter to OSE. | 2.00 |
| | Facsimile; Letter to OGC. | 2.00 |

Brandon Golphin                                                      Page     5

|  |  | Amount |
|---|---|---|
| 4/24/2007 | Copied; Disclosure for SHO, OGC and attorney. | 95.25 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 5/1/2007 | taxi to and from DCPS for hearing | 16.00 |
| 5/4/2007 | Messenger Service to and from DCPS (Parent's Response to DCPS' Opposition) | 20.00 |
|  | Messenger Service to and from DCPS (Evidence of Registration with DCPS) | 20.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $361.19 |
|  | Total amount of this bill | $8,247.84 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.17 | 130.00 | $22.10 |
| Heidi Romero, Paralegal | 8.94 | 115.00 | $1,028.10 |
| Juan Fernandez, Attorney | 6.16 | 365.00 | $2,248.40 |
| Miguel Hull, Attorney | 10.74 | 365.00 | $3,920.10 |
| Roxanne Neloms, Attorney | 1.83 | 365.00 | $667.95 |

# Exhibit E

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student:  Aniah Guest        Date of Birth: December 4, 1996

Address:     2316 Q Street, SE   Washington, DC 20020

Home School:   Orr Elementary School

Present School of Attendance:   Moten Center

    Is this a charter school? No        (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. Natarsha Guest

Address (if different from the student's above): _____

## B.   Legal Representative/Attorney:

Name:  Christopher West, Esq.

Address:  1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003     (Fax) 202-742-2098   (e-mail) _____

1

Will attorney / legal representative attend the resolution session?   **X** Yes           ☐ No

## C.  Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.   Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

## E.   Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

## F.   Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

### Nature of the problem.

#### Case History
1. Aniah attended several DCPS schools prior to March 23, 2003. As a result of her severe behavior deficits DCPS removed her from the programs.

2. On March 23, 2003, DCPS convened eligibility at Martin Luther King, Jr. Elementary School and found Aniah eligible for special education services as a student classified emotionally disturbed/other health impaired. She tested on grade level to above grade level.

2. At the March 23rd meeting, DCPS recommended placement in an out of general education environment. DCPS placed Aniah in M.C. Terrel Elementary School.

3. During the 2004-2005 school year Aniah was a 3rd grader attending Terrell ES.

4. DCPS placed Aniah into the Moten Center for the 2005-2006 school year. As a result of Aniah's birth date, DCPS placed Aniah into the 3rd grade for the 2005-2006 school year, therefore, forcing Aniah to repeat the 3rd grade. Ms. Guest was not aware DCPS placed Aniah into the 3rd grade for the 2005-2006 school year.

2

5. During the 2006-2007 school year, DCPS placed Aniah into the 4th grade. Aniah's academic skills regressed after repeating the 3rd grade and placement in the full time ED program.

### A. Denial of a Free and Appropriate Public Education By Failing To Provide Student With A Special Education Teacher.

According to 34 CFR Sec.300.17 of the Individuals with Disability Education Improvement Act, the District of Columbia Public Schools (DCPS) shall provide the student with a free and appropriate public education. Also, under Sec.300.323 (c)(2) the school system must ensure:

> "as soon as possible following the development of the IEP, special education and related services are made available to the child in accordance with the IEP."

According to the most recent IEP, dated January 20, 2006, Aniah was classified emotionally disturbed/other health impaired, and recommended 27.5 hours of related services in specialized instruction and psychological services. Also, the IEP team required the specialized instruction to be provided by a certified special education teacher and that placement should be placed in a full time, out of general education, special education program.

For the 2006-2007 school year, DCPS placed Aniah in the Moten Center, a full-time special education program. From September through December, Aniah received her instruction from a special education teacher. In addition, the current instructor is having a difficult time with this classroom and Ms. Guest is at the school weekly in order to provide assistance with classroom instruction and to sit with Aniah. As of January 8, 2007, that teacher is not in Moten Center and Aniah has yet to receive specialize instruction from a special education teacher.

Consequently, Aniah's behaviors have regressed and she has become more confrontational with peers and school staff. To date, DCPS has yet to provide Aniah, a full time, certified special education teacher to address her emotional disability and social/emotional issues.

### B. DCPS Has Failed To Provide Aniah An Appropriate Educational Placement.

Under the IDEA, "all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their unique needs. 20 U.S.C. Sec.1400(d)(1)(A). Also, the student's educational placement is based on the child's IEP.

The parent asserts the previous allegations.

Aniah is a 10 year old placed in the 4th grade for the 2006-2007 school year. As stated, Aniah should be in the 5th grade. According to the most current IEP, Aniah is classified emotionally disturbed/other health impaired, and recommended 27.5 hours of related services in specialized instruction and psychological services.

3

In addition, Aniah tested on grade level to above grade level in her academics and the IEP reflects specialized instruction is limited to her social/emotional functioning.

During the 2006-2007 school year, DCPS placed Aniah in the Moten Center, a full time special education program that addresses student's primarily diagnosed with an emotional disability.  Aniah's current educational placement does not provide her with academic instruction that is challenging and on academic level with her academic achievement.  Aniah is receiving academic instruction that is adaptable to her classmates, but is two years behind her academic achievement grade level. Furthermore, Aniah is functioning well above the grade level of her classmates.

Consequently, Aniah is not receiving appropriate academic instruction at Moten Center and is being academically deprived of her true academic achievement.

## C.    DCPS Should Have Conducted an Educational Evaluation When Warranted.

School districts may not ignore disabled student's needs, nor may they await parental demands before providing special instruction." *Reid v. District of Columbia*, 401 F.3d 515, 518 (D.C. Cir. 2005).  Under 34 CFR Sec.300.303(a) the school system must ensure that reevaluations are conducted if the public agency determines the educational needs of a child warrant a reevaluation.

The parent asserts the previous allegations.  As stated, DCPS placed Aniah in the 3rd grade during the 2005-2006 school year, which forced Aniah to repeat the 3rd grade. However, the discrepancy of Aniah's accurate grade-level was not determined until the 2006-2007 school year.  DCPS did notice that Aniah's academics regressed, however, an educational assessment was not conducted to determine how much damaged was caused by the academic deprivation.

Therefore, Ms. Guest requests that DCPS fund an independent educational assessment.

## D.    Aniah is Due Compensatory Education For DCPS' Failure to Provide an Appropriate Educational Placement.

Compensatory Education is generally defined as educational services above and beyond the services normally due a student under her state's education law. While compensatory is not a remedy expressly identified in the IDEIA, courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (1)(2)(B)(ii) to "grant such relief as the court determines appropriate."  See *Pihl v. Massachusetts Department of Education*, 18 IDELR 668 (1st Cir. 1993); *Bur v. Ambach*, 1988-89 EHLR 441:314 (2nd Cir. 1988); *Lester H. by Octavia P v. Gilhool*, 16 EHLR 1354 (3d Cir. 1990); *Hall v. Knott County Board of Education*, 18 EDELR 192 (6th Cir. 1991); *Parents of Student W. v. Puyallup School District No. 3*, 21 IDELR 723 (9th Cir. 1994); *Jefferson County Board of Education v. Green*, 1987-88 EHLR 559: 144 (N.D. Ala. 1987); *Harris v. District of Columbia*, 19 IDELR 105 (D.D.C. 1992); *McManus v. Wilmette School District 39 Bd. Of Education*, 19 IDELR 485 (N.D. Ill. 1992); and *Burlington School Committee v. Massachusetts Department of Education*, 1984-85 EHLR 556:389 (1985).

4

Courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., *Manchester School District v. Christopher B.*, 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. Accordingly, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

As previously alleged, DCPS failed to provide Aniah an appropriate educational placement which resulted in her regression in academics and social/emotional growth. Consequently, DCPS shall provide her with compensatory education services.

## III. To the extent known to you at this time, how can this problem be resolved?

1. DCPS shall, immediately, place and fund Aniah in one of the following programs: Accotink Academy, Children's Guild, Episcopal Center, Rock Creek Academy, or Phillips School. In the event she is accepted in another, unidentified educational program, the parent will seek placement of the student in that program at the due process hearing;

2. DCPS shall fund an independent educational evaluation;

3. DCPS shall provide Aniah compensatory education in the form of one on one tutoring for remediation purposes;

4. DCPS shall fund an independent instructor to provide the compensatory education services;

5. Within 30 days of placement in the identified program, DCPS shall convene a MDT/IEP meeting to review the independent educational evaluation and draft a new IEP;

6. All meetings shall be scheduled through counsel for the Parent, Christopher L. West, Esq.., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

7. DCPS agrees to pay counsel for the parents reasonable attorney's fees;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all

5

evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, respond to the Complainant's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, and allege any insufficiency of the Complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, ithin fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who

6

conducted any assessments on the student, and 6) any service providers for the student;

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

**H.    Signature:**

Legal Representative  Advocate (if applicable)

March 1, 2007
Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

7

```
*********************
***    TX REPORT    ***
*********************


TRANSMISSION OK

TX/RX NO              2915
CONNECTION TEL                   94425556
CONNECTION ID
ST. TIME             03/01 15:06
USAGE T              01'17
PGS. SENT            8
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez !+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:       March 1, 2007

TO:         Sharon Newsome

PHONE:      202-442-5432

FAX NO.:    202-442-5556

FROM:       Christopher West, Esq. / Claudia Martinez, Legal Assistance

SUBJECT:    **Aniah Guest DOB: 12-4-96**

NUMBER OF PAGES INCLUDING COVER SHEET: **8**

COMMENTS: Due Process Complaint Notice



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                   James Brown & Assoc., PLLC
    Attorney:                   James Brown
    Federal Tax ID No:          52-1500760
    D.C Bar No:                 61622

2.  **Student Information**
    Name:                       Guest, Aniah
    DOB:                        12/4/96
    Date Hearing Request Filed: 3/1/07
    Date(s) of Hearing:         5/1/07
    Date of Determination (HOD/SA): 5/11/07
    Parent/Guardian Name:       Natarsha Guest
    Parent/Guardian Address:    2316 Q St., SE
                                Washington, DC 20020

3.  **Invoice Information**
    Invoice Number:             07-176
    Date Request Submitted:     6/29/07
    Date(s) of Services Rendered: 2/22/07 to 5/1/07
    Attorney Hourly Rate:       $     365.00
    Total Attorney Fees:        $   7,764.60
    Total Attorney Costs:       $     341.54
    Total Experts:              $   2,097.90
    Total Invoice:              $  10,204.04

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____    06/29/07
    Signature                    Date

    Revised Nov. 2004

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION
### SPECIAL EDUCATION DUE PROCESS HEARING
### CONFIDENTIAL

Seymour DuBow, Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
(202) 442-5432; (202) 442-5556 (fax)

## HEARING OFFICER'S DETERMINATION

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| **Aniah Guest** , student | ) | |
| Date of Birth: 12/4/96 | ) | |
| | ) | |
| Petitioner, | ) | DATE OF HEARING: |
| | ) | May 1, 2007 |
| v. | ) | |
| | ) | |
| **The District of Columbia Public Schools** | ) | Attending School: |
| | ) | **Moten Center** |
| | ) | |
| Respondent | ) | |


**Counsel for Parent/Student:**     **Christopher West, Esq.**
**1220 L Street, N.W.**
**Washington, D.C. 20005**


**Counsel for DCPS:**     **Daniel McCall, Esq.**
**825 N. Capitol Street, N.E.,**
**Washington, D.C. 20002**

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on May 1, 2007, at the request of Christopher West, counsel for the parent and the student. Daniel McCall represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

1.   **Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to provide an appropriate placement and teacher?**

2.   **Did DCPS deny a FAPE to the student by failing to conduct an educational evaluation?**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**AG-1-AG-16**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

**DCPS-1**

**TESTIFIED AT THE HEARING:**

**Natarsha Guest                    Mother**

**FINDINGS OF FACT:**

1.   The student is a ten-year-old female who has been found eligible for special education services by DCPS as a student with the disability classification of Emotional Disturbance and Other Health Impaired. (AG-11)

2

2.  The student is currently attending the Moten Center, a full-time day therapeutic program by DCPS for students with Emotional Disturbance.

3.  The student began the Moten Center in School Year 2005-2006. The student is in an ungraded class at the Moten Center with students of similar age. (AG-12)

4.  This school year, 2006-2007, the student from September through December was taught by a certified special education teacher and was performing well academically. This special education teacher left in January on maternity leave and returned in April 2007. The student did well with the above teacher, but did not do as well with the substitute teacher from January through March. The parent observed the classroom and found the substitute teacher did not have very good control of the class. (Testimony of Mother) The substitute teacher was teaching under emergency or other provisional status through which the State qualification or licensing criteria have been waived. (AG-16)

5.  An educational evaluation of the student using the Woodcock Johnson III was done on November 15, 2005. (AG-11)

**DISCUSSION AND CONCLUSIONS OF LAW:**

Counsel for the parent argues that the substitute teacher was not qualified. The document provided by DCPS in response to counsel's request shows that the substitute teacher was teaching under emergency or other provisional status through which the State qualification or licensing criteria have been waived. *Section 300.18 (b) (ii)* of the current *IDEA Regulation* would apply in this case since the substitute teacher was teaching under emergency or other provisional status through which the State qualification or licensing criteria have been waived.

Counsel for the parent further argues that an educational evaluation is warranted, but there is no request in the record for a new educational evaluation and the last educational testing using the Woodcock Johnson III was done on November 15, 2005, which makes it still current.

Finally, counsel for the parent argues that the student is in the wrong grade, however, at Moten Center the student is in an ungraded class placed according to age. Counsel for the parent has failed to meet his burden of proof that the student has been denied a FAPE.

It is hereby **ORDERED** that:

**Counsel for the parent's request for relief is DENIED and the case is DISMISSED with prejudice.**

This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.


Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: May 9, 2007

Date Issued:  5/11/07

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and  LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @  $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Aniah Guest
DOB: 12/4/96

June 12, 2007

In Reference To:   Aniah Guest
                   DOB: 12/4/96

Invoice #12535

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/22/2007 | CW | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| 2/23/2007 | BC | Drafted letter to parent, prepared file jacket, disseminated information to various members of the legal team. | 0.58 130.00/hr | 75.40 |
| 2/26/2007 | CM | Reviewed 1/20/06 IEP | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed psychological report by Glatt | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed psychological report by Romo | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed clinical evaluation report by Nagorniak | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed 1/20/06 IEP | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed clinical evaluation report by Nagorniak | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed Psychological evaluation report (FBA) dated 1/17/06 | 0.50 185.00/hr | 92.50 |

Aniah Guest                                                                                    Page     2

| | | | | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| 2/27/2007 | CW | Conference with parent, via telephone, and discussed filing complaint | | 0.33<br>365.00/hr | 120.45 |
| 2/28/2007 | CW | Reviewed educational records with paralegal and educational advocate | | 0.17<br>365.00/hr | 62.05 |
| | CW | Prepared and drafted request for due process hearing to address DCPS' failure to provide a special education teacher; DCPS' failure to provide an appropriate educational placement; DCPS' failure to conduct assessments; and request for compensatory education services | | 2.92<br>365.00/hr | 1,065.80 |
| | CM | Record reviewed and discussion with attorney re case status | | 0.17<br>185.00/hr | 31.45 |
| | CMM | Team Meeting:case review | | 0.17<br>115.00/hr | 19.55 |
| 3/1/2007 | CW | Edited hearing complaint; conference with advocate re: filing request for due process hearing | | 0.67<br>365.00/hr | 244.55 |
| | CMM | Discussion with attorney assisted attorney in sending hearing request | | 0.33<br>115.00/hr | 37.95 |
| | RN | Discussion of hearing request. Review of hearing request for quality assurance. Reviewed complaint for content and substance. Provided feedback to the attorney and made suggestion for editing. | | 1.83<br>365.00/hr | 667.95 |
| 3/2/2007 | CMM | Draft letter requesting records to student's school, DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties | | 0.75<br>115.00/hr | 86.25 |
| | CMM | Draft letter to parent regarding hearing request filed and request for records and evaluations were made on 3-1-07 to the student's school and DCPS administrative offices; includes copying and mailed | | 0.58<br>115.00/hr | 66.70 |
| 3/16/2007 | CM | Record reviewed and discussion with attorney re case status | | 0.25<br>185.00/hr | 46.25 |
| | CM | Prepared for due process hearing; reviewed complaint notice, 12/5/06 IEP, clinical evaluation by Nazorniak, psychiatric evaluation by Glatt, psychosocial evaluation from Center for Mental Heal, psychological evaluation by Fishburne, school records | | 1.67<br>185.00/hr | 308.95 |
| | CMM | Discuss upcoming resolution meeting issues with attorney and advocate | | 0.25<br>115.00/hr | 28.75 |
| | CM | Record reviewed and discussion with attorney re case status | | 0.25<br>185.00/hr | 46.25 |

Aniah Guest                                                                           Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/20/2007 | CW | Appearance to Moten Center, with parent, for MDT meeting to discuss complaint and student's behaviors; conducted classroom observation of student in Ms. Mixon's classroom | 2.75 365.00/hr | 1,003.75 |
| 3/26/2007 | CMM | Prepared placement packet to Frost School; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied and mailed documents) | 1.00 115.00/hr | 115.00 |
|  | CMM | Prepared placement packet to High Road School; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied and mailed documents) | 1.00 115.00/hr | 115.00 |
|  | CMM | Prepared placement packet to Accotink Academy; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied and mailed documents) | 1.00 115.00/hr | 115.00 |
|  | CMM | Prepared placement packet to Phillips School~Laurel ; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied and mailed documents) | 1.00 115.00/hr | 115.00 |
|  | CMM | Draft letter to parent regarding placement consideration referral were made on 3-26-07 to the student's school and DCPS administrative offices; includes copying and mailed | 0.58 115.00/hr | 66.70 |
| 3/29/2007 | CMM | Draft letter to Erika Wesley at DCPS ref: requesting teacher certification | 0.50 115.00/hr | 57.50 |
|  | CMM | Research educational needs for student | 0.25 115.00/hr | 28.75 |
| 4/13/2007 | CMM | Review and draft letter to parent with a copy of the due process hearing notice date sent on 3-1-07 by the Student Hearing Office for due process hearing on 4-11-07; includes copying and mailed | 0.42 115.00/hr | 48.30 |
|  | CMM | Phone call to parent to notify and confirm hearing | 0.17 115.00/hr | 19.55 |
| 4/24/2007 | CW | Prepare disclosure documents for SHO and OGC in preparation for hearing; conference with paralegal re: filing disclosure documents; drafted letter to Ms. Noah and Erica Weasely (DCPS-Teacher Certification) re: request for teacher's certification documentation | 1.82 365.00/hr | 664.30 |
|  | CM | Prepared for Due Process Hearing; reviewed due process hearing request, psychological by Glatt, psychological report by Romo, clinical by Nagorniak, 1/20/06 IEP, FBA | 1.50 185.00/hr | 277.50 |
|  | CMM | Phone call to DCPS at OSE re: request of teacher certification | 0.33 115.00/hr | 37.95 |

Aniah Guest

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/24/2007 | CMM | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retrieved documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 2.00 115.00/hr | 230.00 |
| 4/25/2007 | CMM | Resend teacher certification form with parent signature per Erica Wesley request | 0.42 115.00/hr | 48.30 |
| | CMM | Phone call from parent to discuss upcoming hearing | 0.25 115.00/hr | 28.75 |
| 4/27/2007 | CW | Reviewed documentation from Ms. Noah (DCPS) providing teacher certification for instructor at Moten Center; reviewed clinical evaluation, IEP, MDT meeting notes, suspension reports and report cards in preparation for due process hearing | 1.75 365.00/hr | 638.75 |
| | CM | Conducted classroom observation at Moten Center | 3.25 185.00/hr | 601.25 |
| 4/30/2007 | CM | Drafted classroom observation summary to attorney | 0.75 185.00/hr | 138.75 |
| | CMM | Assisted attorney to prepare supplemental disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 0.58 115.00/hr | 66.70 |
| | CMM | Phone call from parent to discuss hearing scheduled | 0.17 115.00/hr | 19.55 |
| | CW | Prepare supplemental disclosure document for SHO and OGC in preparation for hearing | 0.42 365.00/hr | 153.30 |
| 5/1/2007 | CW | Appearance to 825 North Capital for due process hearing with parent, and administered by Hearing Officer Dubow; presented documentary and witness evidence in support of complaint | 2.67 365.00/hr | 974.55 |

|  | For professional services rendered | 42.00 | $9,862.50 |
|---|---|---|---|

Additional Charges :

| | | Amount |
|---|---|---|
| 2/23/2007 | Copied documents; intake documents | 41.00 |
| | Postage; letter to parent | 0.39 |
| | Copied documents, letter | 0.50 |
| 3/1/2007 | Faxed HR to SHO | 8.00 |

Aniah Guest

Page    5

|  |  | Amount |
|---|---|---:|
| 3/2/2007 | Fax letter requesting records to OGC/OSE/Moten Center | 9.00 |
|  | Postage; HR and requests w/letter to parent. | 0.87 |
| 3/20/2007 | Taxi Service to and from Moten Center (resolution mtg) | 16.00 |
| 3/26/2007 | postage status letter to parent. | 0.39 |
|  | copied letter to parent | 0.50 |
| 3/27/2007 | postage placements referrals to Frost School | 3.03 |
|  | copied placement packets to High Road, Phillips, Accotink Academy, Frost School | 30.00 |
|  | postage placements Accotink Academy | 3.03 |
|  | postage placements referrals to Phillips | 3.03 |
|  | postage placements referrals High Road | 3.03 |
| 3/29/2007 | Faxed doc to DCPS re: rqst teacher certification | 3.00 |
| 4/13/2007 | Postage; HND w/letter for parent. | 0.39 |
|  | copied letter to parent | 0.50 |
| 4/24/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Facsimile; Teacher qualifications to Erica Westley. | 3.00 |
|  | copied disclosures | 57.00 |
| 4/30/2007 | Messenger Service to and from DCPS (Supplementary Disclosures) | 20.00 |
|  | Faxed hearing withdrawal letter to OGC/SHO | 6.00 |
| 5/1/2007 | taxi to and from DCPS for hearing | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $341.54 |
|  | Total amount of this bill | $10,204.04 |

User Summary

| Name | Hours | Rate | Amount |
|---|---:|---:|---:|
| Blair Copeland, Paralegal | 2.08 | 130.00 | $270.40 |
| Carolyn Monford, Advocate | 11.34 | 185.00 | $2,097.90 |
| Christopher West, Attorney | 15.00 | 365.00 | $5,475.00 |

Aniah Guest

Page    6

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Claudia M.Martinez, Paralegal | 11.75 | 115.00 | $1,351.25 |
| Roxanne Neloms, Attorney | 1.83 | 365.00 | $667.95 |

# Exhibit F



*State E... ...ation Agency for the District of Colu... ...a*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **<u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit</u>**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees. the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice</u>. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **<u>The Student Hearing Office does NOT schedule resolution meetings</u>**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   <u>INFORMATION ABOUT THE STUDENT</u>:

Name of the Student: <u>Juatiah Nesbitt</u>   Date of Birth: <u>01/14/89</u>
Address: <u>2900 14th St. NW. Apt 520, Washington DC 20009</u>
Present School of Attendance: **<u>Cardozo Senior High School</u>**

Is this a charter school? <u>No</u>       (If yes, you must also provide a copy of this notice to the charter school principal or director)
Parent/Guardian of the Student: **<u>Shirley Nesbitt</u>**
Address (if different from the student's above): <u>same</u>

**B.    Legal Representative/Attorney:**

Name: **Omar Karram, Esq.  ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (Fax)  (202) 742-2098

Will attorney / legal representative attend the resolution session?    **X** Yes ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**1. Nature of the problem.**

### RELEVANT FACTS

1.  Juatiah Nesbitt ( hereinafter "J.N.") is an tenth grade student who currently attends Cardozo Senior High School.

2.  J.N. has already been retained in tenth grade.

3.  On or about September 27, 2006 the parent, through counsel, requested that J.N. be evaluated for special education eligibility.  The parent made the request as a result of the student's academic and behavioral struggles in school. The signed consent form was sent, along with the request for evaluations, to the Office of General Counsel for DCPS, the Office of Special Education for DCPS, and the principal of the Cardozo Senior High School.  Each fax was confirmed.

2

4.  On April 10, 2007, parent's counsel sent out a second letter requiring DCPS to produce the evaluations that are over 120 days overdue. DCPS has not complied.

5.  To date, however, over a reasonable time (e.g. 120 days) have passed since this request was made and DCPS has inappropriately failed / refused to conduct the evaluations requested.

## ISSUES/ARGUMENTS

### I. Nature of the problem.

#### A. Denial of a Free and Appropriate Public Education and Violation of 34 C.F.R. §300.301 and D.C. Code § 38-2501 and failure to timely conduct the student's evaluations and determine the student's eligibility to receive special education and its related services from DCPS.

6.  Complainant re-alleges paragraphs 1-5.

7.  Juatiah Nesbitt ( hereinafter "J.N.") is a tenth grade student who currently attends Cardozo Senior High School.

8.  J.N. has already been retained in tenth grade.

9.  On or about September 27, 2006 the parent, through counsel, requested that J.N. be evaluated for special education eligibility. A signed consent form, along with the request for evaluations, were faxed to the Office of General Counsel, Office of Special Education, and the principal of the Cardozo Senior High School. Each fax was confirmed.

10. On April 10, 2007, parent's counsel sent out a second letter requiring DCPS to produce the evaluations that are over 120 days overdue. DCPS has not complied.

11. To date, however, over a reasonable time (e.g. 120 days) have passed since this request was made and DCPS has inappropriately failed / refused to conduct the evaluations requested.

12. To date, however, over a reasonable time (e.g. 120 days) have passed since this request was made and DCPS has inappropriately failed / refused to conduct the evaluations requested and hold an eligibility meeting. Individuals with Disabilities Education Improvement Act of 2004, 34 C.F.R 300 .301,(each agency must conduct evaluations when the parent or agency initiate a request for an initial evaluation to determine if the child is a child with a disability"); (even if team determines that additional assessments are not required, public agency is still required to conduct assessments upon parental request to determine whether child continues have a disability and to determine the child's educational needs); 34 C.F.R. Sec. 300.125 (public agency must identify, locate and evaluate all students in the school district who may need special education services); 34 C.F.R. § 300.300(a); 34 C.F.R. § 300.320 ("Each public shall ensure that a full and individual evaluation is conducted for each child being considered for special education"); (even if team determines that

3

additional assessme~   ~re not required, public agency is still    ~ired to conduct
assessments upon parental request to determine whether child continues have a
disability); D.C. Mun. Regs. tit. 5 § 3004.1 (parent can make referral for evaluations);
D.C. Mun. Regs. tit. 5 § 3005.2 ("The IEP team **shall** conduct an initial evaluation of
a child within a reasonable time of receiving a **written referral and parental
consent** to proceed and within timelines consistent with Federal Law and D.C. Code
§ 38-2501(a)"); D.C. Code § 38-2501 (DCPS must complete initial evaluations within
120 days of referral); and DCPS Special Education Handbook (parent can forgo TAT
process and demand evaluations).

## II. Issue(s) presented.

1. DCPS failed/refused to conduct evaluations for J.N. in a timely manner;

2. DCPS failed to timely hold an eligibility meeting.

## III.    Relief Sought.

1) A finding that DCPS inappropriately failed/refused to conduct evaluations for J.N. within
a timely manner;

2) A finding that DCPS failed to timely hold an eligibility meeting;

3) That DCPS be ordered to:
   a) Fund comprehensive independent evaluations including but not limited to:
      i) Psychological-educational;
      ii) Clinical-psychological;
      iii) Social history;
      iv) Formal Classroom Observation
      v) Speech and language
      vi) Vocational III; and
      vii) Any other reevaluations recommended.

   b) Convene an MDT meeting within ten business days of receiving the last of the
   parent's independent evaluations to:
      i) Review the assessments;
      ii) Determine eligibility and if eligible to develop and IEP, determine compensatory
      education, and determine appropriate placement with placement to be made
      within five business days if for a public school or within 30 calendar days if for a
      non-public school.

4) A finding that DCPS denied the student a free and appropriate public education and
failing to  comply with 34 C.F.R. §300.301 and D.C. Code § 38-2501by failing to
conduct the requested evaluations for the student;

5) A finding that DCPS denied the student a free and appropriate public education by failing to
secure the parents as required by and 34 C.F.R. § 300.322(d)

6) A finding that DCPS denied the student a free and appropriate public education by failing
to provide the student with all of his special education instruction and related services;

4

7) DCPS, within five (5) business days upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, discuss and determine if a change in placement is necessary;

8) If a change in placement is necessary, DCPS shall have five (5) school days to issue a Prior Notice of Placement to a DCPS public school, and thirty (30) calendar days to issue a Prior Notice of Placement to a non-public or private school;

9) DCPS agrees to fund individualized tutoring as compensation for the unfulfilled hours set out in the IEP and ESY;

10) Provide the student with a due process hearing within 20 calendar days of request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11) In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

12) The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, designed to meet this student's unique needs and preparation for employment and independent living;

13) Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

14) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, provide the parents' representative and 34 C.F.R. 300.508 (e) Omar Karram, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

15) That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure

5

to provide a response o᛫ ᛫ ᛫or written notice as required will resu᛫ ᛫ ᛫ the parent's being awarded a default judgment;

16) That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 and 34 C.F.R. 300.508 (d), respond to the parent's request alleging any insufficiency of notice;

17) That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

18) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 200434 C.F.R. 300.508 (d),within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

19) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

20) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004,constitute joint waiver between DCPS and the Parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receives a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

21) *Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA." DCPS shall provide 1:1 tutoring for each day of services the student missed due to DCPS' failure to evaluate the student in a timely manner until she demonstrates academic performance commensurate with her age; and

22) A finding that the parent is the prevailing party in this action.

## G.  Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

6

- Interpreter (please [ ] cify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____
  _____

6.   **Signature:**

_____        April 12, 2007
Legal Representative / Advocate (if applicable)   Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

7

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO.              3952
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME              04/12 16:44
USAGE T               01'17
PGS. SENT                8
RESULT                OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| | e-mail: Admin@Jeblaw.biz | |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:       April 12, 2007

TO:         Sharon Newsome, Hearing Coordinator, DCPS Student Hearing Office

FAX NO.:    202-442-5556

FROM:       Williams Bautista

SUBJECT:    **Juatiah Nesbitt / DOB: 1-14-89**

NUMBER OF PAGES INCLUDING COVER SHEET:    **8**

COMMENTS:    **DUE PROCESS COMPLAINT NOTICE**

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO             3953
CONNECTION TEL                    94425097
CONNECTION ID
ST. TIME             04/12 16:46
USAGE T              01'30
PGS. SENT               8
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| ------------------------- | e-mail: Admin@Jeblaw.biz | ------------------------- |
| | | ! DC Bar Special Legal Consultant |
| | | + Admitted in Bolivia |

# FAX COVER SHEET

DATE:              April 12, 2007

TO:                Office of the General Counsel

FAX NO.:           202-442-5097 / 202-442-5098

FROM:              Williams Bautista

SUBJECT:           **Juatiah Nesbitt / DOB: 1-14-89**

NUMBER OF PAGES INCLUDING COVER SHEET:       **8**

COMMENTS:          **DUE PROCESS COMPLAINT NOTICE**

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                          James Brown & Assoc., PLLC
    Attorney:                          James Brown
    Federal Tax ID No:                 52-1500760
    D.C. Bar No:                       61622

2.  **Student Information**
    Name:                              Nesbitt, Juatiah
    DOB:                               1/14/89
    Date Hearing Request Filed:        4/12/07
    Date(s) of Hearing:                6/14/07
    Date of Determination (HOD/SA):    6/19/07
    Parent/Guardian Name:              Shirley Nesbitt
    Parent/Guardian Address:           2900 14th St., NW, #520
                                       Washington, DC 20009

3.  **Invoice Information**
    Invoice Number:                    07-188
    Date Request Submitted:            6/29/07
    Date(s) of Services Rendered:      8/3/06 to 6/19/07
    Attorney Hourly Rate:         $      365.00
    Total Attorney Fees:          $    6,425.95
    Total Attorney Costs:         $      266.09
    Total Experts:                $      421.80
    Total Invoice:                $    7,113.84

4.  **Certification (must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          6/29/07
    Signature                                 Date

    Revised Nov. 2004

# District of Columbia Public Schools
## State Enforcement and Investigation Division
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
1150 Fifth Street, SE, Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **JUATIAH NESBIT** student | ) | |
| Date of Birth: January 14, 1989 | ) | |
| | ) | **DECISION & ORDER** |
| Petitioner, | ) | |
| | ) | |
| versus | ) | Request Date: April 12, 2007 |
| | ) | Hearing Date: June 14, 2007 |
| **The District of Columbia Public Schools,** | ) | |
| Attending: Cardozo Senior High School, | ) | Held at: Student Hearing Office, DCPS |
| | ) | 1150 Fifth Street, SE |
| Respondent. | ) | First Floor- Hearing Room 4A |
| | ) | Washington, D.C. 20003 |

**Parent:**
Shirley Nesbitt
2900 14th Street, NW    Apt No 520
Washington, D.C. 20009

**Counsel for the Parent/Student:**
Omar Z. Karram, Esq.
**JAMES E. BROWN & Associates**
1220 L Street, NW    Suite 700
Washington, D.C. 20005

**District of Columbia Public Schools:**
Rashida J. Wilson, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE - 9th Floor
Washington, D.C. 20002

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this <u>DECISION & ORDER</u> as a public record.

i

# **INDEX of NAMES** for **Juatiah Nesbitt**
**Hearing Date:** June 14, 2007

Appearing on behalf of the parent/student:

1. Shirley Nesbitt, mother
2. Juatiah Nesbitt, student

Appearing on behalf of DCPS:  None.

No testimony was received.

ii

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

**ISSUE:**   **Did DCPS fail to make FAPE available to the student within the legally mandated 120-day timeline?**

## STATEMENT of the CASE

On April 12, 2007, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of the failure on the part of DCPS to make FAPE available to the student within the 120-day legally mandated timeline and, for relief, requested independent evaluations.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., Thursday, June 14, 2007 at the Student Hearing Office, DCPS, 1150 Fifth Street, SE- First Floor, Hearing Room 4A, Washington, D.C. 20003. The hearing convened as scheduled.

By facsimile dated June 7, 2007, the parent disclosed 4 witnesses and 8 documents.

By facsimile dated June 7, 2007, DCPS disclosed 5 witnesses.

Counsel for the Parent objected to the DCPS disclosure representing that it had not been received. The hearing officer determined that none of the DCPS disclosed witnesses was a surprise to the parent and OVERRULED the objection.

The documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent pointed out that DCPS did not filed a response to the herein Complaint as required by law and moved for a DEFAULT FINDING. The hearing officer noted that under *IDIEA 2004*, a Due Process hearing officer that does not have authority to enter defaults, and that at 34 CFR 300.513(a)(2), a procedural violation is to become a Denial of FAPE only if it impedes a child's right to a FAPE, impedes a parent's opportunity to participate in FAPE decisions or causes a deprivation of educational benefit. The motion for default was DENIED.

The parent was ordered forward.

Counsel for the Parent represented that by letter dated September 27, 2006[1] the parent requested DCPS to evaluate the student for special education services and that six specific evaluations of the student be completed; that to date, DCPS had done nothing to evaluate the student.

DCPS did not controvert but requested that independent evaluations be limited to the

1 of 3 pages

---

[1] Parent Document No 8

initial evaluation battery: psycho-educational and speech/language evaluations and social history. The hearing officer directed a **Finding for the Parent: failure on the part of DCPS to make FAPE available to the student within the legally mandated 120-day timeline.**

In consideration of the foregoing, the hearing officer made the following

# ORDER

1. According to Superintendent's Directive 530.6, DCPS will fund independent psycho-educational and speech/language evaluations of the student along with a social history. Within 15 school days of receipt of the last evaluation report, DCPS will convene an MDT/Eligibility/IEP/Placement meeting during which evaluations will be reviewed and the student's need for further evaluation and eligibility for special education services discussed and determined. If the student is determined ineligible, a Notice of Ineligibility will be issued at the said meeting. If the student is determine eligible, an IEP will be completed and a Notice of Placement issued within 5 schooldays of the said meeting if a DCPS placement is recommended; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

2. If the student is determined eligible for special education services at the said MDT/Eligibility/IEP/Placement meeting, the form, amount and delivery of compensatory education from January 28, 2007, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

3. For the said MDT/Eligibility/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. In the event of independent evaluation(s) sent to DCPS, Counsel for the Parent will verify by telephone the receipt of the

2 of 3 pages

evaluation report copy(ies) by the DCPS person addressee. For disputes under this paragraph, documentation of the parties will be relied upon to determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: June 19, 2007

H. St. Clair, Esq., Hearing Officer

Issued: 6/19/07

Student Hearing Office, DCPS

3 of 3 pages

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5th Street, S.E.
1st Floor
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: JUNE 19, 2007

To: OMAR, KARRAM

Re: JUaTTiah, Nesbit

Total Number of Pages Including Cover: 6

Comments:

**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De la Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Juatiah Nesbitt
DOB: 1/14/89
#520
2900 14th St. NW
Washington DC  20009

June 26, 2007
In Reference To:  Juatiah Nesbitt
                  DOB: 1/14/89

Invoice #12593

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/3/2006 | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| | OK | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| | BC | Drafted letter to parent prepared file jacket | 0.67 130.00/hr | 87.10 |
| 8/4/2006 | GMH | Records review | 0.78 185.00/hr | 144.30 |
| 8/18/2006 | GMH | Placement options and CHOICE SCHOOLS | 1.50 185.00/hr | 277.50 |
| | OK | Review of case with Advocate | 0.33 365.00/hr | 120.45 |
| 9/27/2006 | OK | review of file and discussion with paralegal re: request for documents and evaluations | 0.50 365.00/hr | 182.50 |
| | OK | Review of file and request for documents and evaluations | 1.00 365.00/hr | 365.00 |
| | WB | Telephone call to DCPS school staff @ Cardozo SHS for records and initial evaluations inquiries | 0.17 115.00/hr | 19.55 |
| | WB | Drafted letter requesting records from Cardozo SHS and DCPS | 0.67 115.00/hr | 77.05 |

Juatiah Nesbitt                                                                 Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/27/2006 | WB | Requested evaluations from Cardozo SHS and DCPS | 0.67<br>115.00/hr | 77.05 |
|  | WB | Drafted letter to parent re: records and initial evaluations requested on 9/27/06 from Cardozo SHS and DCPS, and case status | 0.58<br>115.00/hr | 66.70 |
| 10/4/2006 | OK | T.C. with Ms. McLean re: enrollment meeting | 0.17<br>365.00/hr | 62.05 |
| 10/10/2006 | WB | Conference with parent re: case status and correspondence received from our office dated 9/27/06 | 0.33<br>115.00/hr | 37.95 |
| 2/13/2007 | WB | Conference with parent re: case status and recent school suspension | 0.25<br>115.00/hr | 28.75 |
| 4/10/2007 | WB | Drafted letter to parent with a copy of the correspondence sent on 4/10/07 to Barbara Childs, Principal, Cardozo Senior High School requesting a copy of the evaluations requested on 9/27/06. | 0.58<br>115.00/hr | 66.70 |
|  | WB | Drafted letter to Barbara Childs, Principal, Cardozo Senior High School requesting a copy of the evaluations requested on 9/27/06. | 0.50<br>115.00/hr | 57.50 |
| 4/11/2007 | WB | Drafted letter to Barbara Childs, Principal, Cardozo Senior High School requesting a vocational evaluation for the student | 0.50<br>115.00/hr | 57.50 |
|  | WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 4/11/07 to Barbara Childs, Principal, Cardozo Senior High School requesting a vocational evaluation for the student | 0.58<br>115.00/hr | 66.70 |
| 4/12/2007 | WB | Conference with parent re: vital records update, attending school, and case status | 0.33<br>115.00/hr | 37.95 |
|  | OK | drafting of due process complaint re: evaluations | 2.50<br>365.00/hr | 912.50 |
| 4/16/2007 | WB | discussion with attorney re: sending letter to remind DCPS to conduct evaluations | 0.42<br>115.00/hr | 48.30 |
|  | OK | discussion with paralegal re: sending letter to remind DCPS to conduct evaluations | 0.42<br>365.00/hr | 153.30 |
| 4/25/2007 | WB | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on 4/12/07; includes copying complaint and mailing | 0.58<br>115.00/hr | 66.70 |
| 5/22/2007 | WB | Conference with parent re: case status | 0.33<br>115.00/hr | 37.95 |
| 6/5/2007 | WB | Conference with parent re: case status and hearing notice received for upcoming due process on 6/14/07 @ 11:00 AM | 0.25<br>115.00/hr | 28.75 |

Juatiah Nesbitt                                                                         Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/7/2007 | WB | Drafted letter to parent with Hearing Date Notice for 6/14/07 @ 11:00 AM enclosed | 0.50 115.00/hr | 57.50 |
|  | WB | Conference with parent re: upcoming due process on 6/14/07 @ 11:00 AM | 0.25 115.00/hr | 28.75 |
|  | WB | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 115.00/hr | 172.50 |
|  | OK | drafting of default judgment motion | 2.00 365.00/hr | 730.00 |
|  | OK | preparation of 5 day disclosure and review of records and correspondence | 0.83 365.00/hr | 302.95 |
| 6/14/2007 | OK | attend due process hearing | 2.50 365.00/hr | 912.50 |
|  | OK | preparation for due process hearing, discussion with parent and preparation and review of documents and  drafting of questions and opening statements | 2.25 365.00/hr | 821.25 |
|  |  | For professional services rendered | 27.44 | $6,847.75 |

Additional Charges :

| | | |
|---|---|---|
| 4/12/2006 | copied HR | 8.00 |
| 8/3/2006 | Postage; letter to parent | 0.39 |
|  | Copied documents letter | 0.50 |
|  | Copied documents; intake documents | 6.00 |
| 9/27/2006 | copied letter to parent | 0.50 |
|  | Postage; letter to parent. | 0.39 |
|  | Fax requests for evals. and records to OGC, OSE, Cardozo | 21.00 |
| 4/10/2007 | Facsimile Cadozo SHS Request for Evals. Reminder | 2.00 |
| 4/11/2007 | Postage: letter to parent requesting a vocational eval | 0.39 |
|  | Fax vocational eval. request to Cardoza SHS | 4.00 |
|  | copied letter to parent | 1.00 |

Juatiah Nesbitt                                                                                     Page    4

|  |  | Amount |
|---|---|---:|
| 4/12/2007 | Facsimile; HR to SHO. | 8.00 |
|  | Facsimile; HR to OGC. | 8.00 |
| 4/23/2007 | Postage; Letter to parent re: HR | 0.63 |
| 6/7/2007 | Facsimile; Motion for Default to OGC. | 4.00 |
|  | Facsimile; Disclosure to SHO. | 36.00 |
|  | Facsimile; Disclosure to OGC. | 36.00 |
|  | Facsimile; Motion for Default to SHO. | 4.00 |
|  | Postage;  Letter to parent re: HDN. | 0.41 |
| 6/14/2007 | Taxi to and from Van Ness ES for hearing | 16.00 |
| 6/19/2007 | Rec'd faxed HOD from SHO | 6.00 |
|  | copied HOD | 6.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $266.09 |
|  | Total amount of this bill | $7,113.84 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---:|---:|---:|
| Blair Copeland, Paralegal | 2.17 | 130.00 | $282.10 |
| Garield M Hohman, Advocate | 2.28 | 185.00 | $421.80 |
| Omar Karram, Attorney | 14.00 | 365.00 | $5,110.00 |
| Williams Bautista, Paralegal | 8.99 | 115.00 | $1,033.85 |

# Exhibit G

***State Education Agency for the District of Columbia***
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



# ***ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE***

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: _ Tarkus Pollard_  Date of Birth: _June 20, 1990_

Address: _3604 Minnesota Avenue, #301, SE, Washington, DC 20019_

Present School of Attendance: _Eastern Senior High School_

Parent/Guardian of the Student: ____Ms. Brenda Allen___

**B.**  **Legal Representative/Attorney (if applicable):**

Name: __Domiento C.R. Hill, Esq.___

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes          ☐ No

**C.**  **Complaint Made Against (check all that apply):**

**X** DCPS

☐Charter   school   (name   of   the   charter   school   if   different   from   page one)_____

☐Non-public      school      or      residential      treatment      facility      (name)
_____

☐Parent

**D.**  **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.**  **Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.**  **Facts and Reasons for the Complaint:**

**I.  Nature of the Problem.**

1. The student's name is Tarkus Pollard (hereinafter "T.P." or "student").

2. The student's date of birth is June 20, 1990.

3. The student's address is 3604 Minnesota Avenue, #301, SE, Washington, DC 20020.

4. Brenda Allen is the parent of T.P. (hereinafter "Parent" or "Complainant").

5. The parent and the student reside at the same address.

6. The student currently attends Eastern Senior High School.

7. The student is eligible to receive special education and its related services as a result of his being autistic.

8. The student's most recent IEP was developed on February 9, 2006. See IEP dated February 9, 2006.

9. According to the February 9, 2006 IEP, the student was to be in a 100% full-time special education setting and required 100% out of general education setting. *Id.*

10. An MDT/EP Meeting was held for the student on or about January 18, 2007. Id.

11. At the MDT/IEP Meeting, DCPS, the parent and her educational advocate requested that the student be reevaluated with a educational evaluation. DCPS denied this request. The parent requested the reevaluation to determine the student's current level of academic functioning in light of the student's recent release from the hospital due to his seizure and other physical ailments.

12. DCPS did agree to comply with the parent's request for a speech and language reevaluation.

13. On or about April 19, 2007, the parent, by and through counsel, wrote to DCPS requesting copies of the student's educational evaluations by the close of business Monday, April 30, 2007. DCPS did not respond. To date, to the best of the parent's knowledge and belief, the student has yet to be reevaluated with a educational evaluation or a speech and language evaluation.

**I. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parent's Request that the Student be Reevaluated with an Educational Evaluation Pursuant to 34 C.F.R. § 300.303(a)(2) Of the Individuals with Disabilities Education Improvement Act.**

According to the Individuals with Disabilities Education Improvement Act (2004), DCPS as the local education agency, is to ensure the following:

> "that a reevaluation of each child with a disability is conducted in accordance with subsections (b) and (c) if the local educational agency determines that the educational or related service needs, including improved academic achievement and functional performance, of the child warrant a reevaluation; or if the child's parents or teachers requests a reevaluation."

*See also Cartwright v. District of Columbia*, 267 F. Supp. 2d 83 (D.D.C. 2003) (the court held that given the plain language of the regulations and the absence of a condition precedent to be met by a parent requesting a reevaluation, [the school's] failure to comply with [that parent's] request clearly violates the language of the regulation. Upon receipt of . . . the] request, [the school] should have reevaluated [the student]." *Id.* at 87; *Edwards-White v. Dist. of Columbia*, 785 F. Supp. 1022, 1024

(D.D.C. 1992) ("Because DCPS was on notice that plaintiffs wanted a reevaluation of [the child's] placement, DCPS was obligated under [the predecessor statute to the IDEIA] to review and possibly revise her IEP. Consequently, the determination was erroneous since implicit in his holding was the notion that DCPS was under no such obligation."); that any requests for a reevaluation is conducted in a timely manner, *see Herbin v. Dist. of Columbia, Civil Action No. 02-1185* (2005) (all request for evaluations/reevaluations are conducted in a timely manner); *Office of Special Education Programs Policy Letter in Response to Inquiry from Anonymous, 21 Individuals with Disabilities Education Law Report 998, 1000 (1995); Office of Special Education Programs Policy Letter in Response to Inquiry from Jerry Saperstone, 21 Individuals with Disabilities Education Law Report 1127, 1129 (1995));* that all requests for evaluations/reevaluations are complied with; and that any disputes regarding a parent's desire to have their request for reevaluation is timely resolved. *See Herbin v. Dist. of Columbia, Civil Action No. 02-1185 (2005)*( and that any disputes regarding a student's educational programming, which necessarily includes the need for evaluations or reevaluations, are timely resolved); *see also Spiegler v. Dist. of Columbia*, 866 F.2d 461, 466-67 (D.D. Cir. 1989) ("[D]elay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development. The interruption or lack of the required special education and related services can result in a substantial setback to the child's development." *Id.* at 467 (quoting 121 Cong. Rec. 37, 416 (1975) (statement of Sen. Williams)); *Blackman v. Dist. of Columbia*, 277 F. Supp. 2d 71, 83 (D.D.C. 2003) (finding that the failure to provide a timely due process hearing within 45 days denied the student a free and appropriate public education). In the instant matter it is clear DCPS has failed to comply with the requirements of the IDEIA.

As stated in the above, an MDT Meeting was held for the student on or about January 18, 2007. At the MDT/IEP Meeting the parent requested that the student be reevaluated with an educational reevaluation. DCPS denied this request despite the fact the law gives the parent an absolute right to have her child reevaluated.

## II. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the MDT Team's Decision that the Student be Reevaluated with a Speech and Language Evaluation Pursuant to 34 C.F.R. § 300.303(a)(2) Of the Individuals with Disabilities Education Improvement Act.

According to the Individuals with Disabilities Education Improvement Act (2004), DCPS as the local education agency, is to ensure the following:

"that a reevaluation of each child with a disability is conducted in accordance with subsections (b) and (c) if the local educational agency determines that the educational or related service needs, including improved academic achievement and functional performance, of the child warrant a reevaluation; or if the child's parents or teachers requests a reevaluation."

*See also Cartwright v. District of Columbia*, 267 F. Supp. 2d 83 (D.D.C. 2003) (the court held that given the plain language of the regulations and the absence of a condition precedent to be met by a parent requesting a reevaluation, [the school's] failure to comply with [that parent's] request clearly violates the language of the regulation. Upon receipt of . . . the] request, [the school] should have reevaluated [the student]." *Id.* at 87; *Edwards-White v. Dist. of Columbia*, 785 F. Supp. 1022, 1024 (D.D.C. 1992) ("Because DCPS was on notice that plaintiffs wanted a reevaluation of [the child's] placement, DCPS was obligated under [the predecessor statute to the IDEIA] to review and possibly revise her IEP. Consequently, the determination was erroneous since implicit in his holding was the notion that DCPS was under no such obligation."); that any requests for a reevaluation is conducted in a timely manner, *see Herbin v. Dist. of Columbia, Civil Action No. 02-1185 (2005)* (all request for evaluations/reevaluations are conducted in a timely manner); *Office of Special Education Programs Policy Letter in Response to Inquiry from Anonymous, 21 Individuals with Disabilities Education Law Report 998, 1000 (1995); Office of Special Education Programs Policy Letter in Response to Inquiry from Jerry Saperstone, 21 Individuals with Disabilities Education Law Report 1127, 1129 (1995)); that all requests for evaluations/reevaluations are complied with; and that any disputes regarding a parent's desire to have their request for reevaluation is timely resolved. *See Herbin v. Dist. of Columbia, Civil Action No. 02-1185 (2005)*( and that any disputes regarding a student's educational programming, which necessarily includes the need for evaluations or reevaluations, are timely resolved); *see also Spiegler v. Dist. of Columbia*, 866 F.2d 461, 466-67 (D.D. Cir. 1989) ("[D]elay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development. The interruption or lack of the required special education and related services can result in a substantial setback to the child's development." *Id.* at 467 (quoting 121 Cong. Rec. 37, 416 (1975) (statement of Sen. Williams)); *Blackman v. Dist. of Columbia*, 277 F. Supp. 2d 71, 83 (D.D.C. 2003) (finding that the failure to provide a timely due process hearing within 45 days denied the student a free and appropriate public education). In the instant matter it is clear DCPS has failed to comply with the requirements of the IDEIA.

As stated in the above, an MDT Meeting was held for the student on or about January 18, 2007. At the MDT/IEP Meeting the entire MDT Team agreed that the student would be reevaluated with a speech and language evaluation. On or about April 19, 2007, the parent, through counsel, made a request to DCPS that a copy of the speech and language reevaluation be provided to him by the close of business April 30, 2007. See Correspondence dated April 19, 2007. DCPS neither responded to the counsel's letter of April 19, 2007 or provide a copy of the speech and language reevaluation.

## II. Issues presented.

1. DCPS failed to comply with the parent's request that the student be reevaluated with an educational evaluation; and

2. DCPS failed to timely complete the student's recommended speech and language reevaluation as agreed upon by the MDT Team.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS Failed to Comply with the parent's request for an educational evaluation;

2. A finding that DCPS Failed to timely comply with the MDT Team's request that the student receive a speech and language reevaluation;

3. DCPS, on an interim basis, agrees to place the student at one of the following programs, the Ivymount School, the Kennedy Kreiger School, the Community School of Maryland, or the St. Coletta School of Washington,

4. DCPS agrees to fund the parent's independent educational and speech and language reevaluations;

5. DCPS, within thirty (30) calendar days after the student's enrollment at his new placement, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, and discuss and determine placement;

6. DCPS agrees to provide the student with compensatory education, in the form of one-on-one tutoring, four (4) years of compensatory education, for four (4) hours a week, which shall be incorporated into the student's IEP;

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities,</u> 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

10. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq. via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

13. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due

process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

5. Signature:

_Legal Representative / Advocate (if applicable)_          5/4/07
                                                            _Date_

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
***********************
***    TX REPORT    ***
***********************


TRANSMISSION OK

TX/RX NO             0019
RECIPIENT ADDRESS    92024425556
DESTINATION ID
ST. TIME             05/04 15:01
TIME USE             01'17
PAGES SENT              8
RESULT               OK
```

# James E. Brown & Associates, PLLC
## *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | **Attorneys at Law** | Tilman L. Gerald |
| Domiento C.R. Hill | 1220 L Street, NW | John A. Straus |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Covington |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | Jani Tillery |
| | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# *FAX COVER SHEET*

**To:**    Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  May 4, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** T. Pollard, DOB: 6/20/89

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 9

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000       Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                              James Brown & Assoc., PLLC
    Attorney:                              James Brown
    Federal Tax ID No:                     52-1500760
    D.C. Bar No:                           61622

2.  Student Information
    Name:                                  Pollard, Tarkus
    DOB:                                   6/20/90
    Date Hearing Request Filed:            2/9/07
    Date(s) of Hearing:                    4/17/07
    Date of Determination (HOD/SA):        5/25/07
    Parent/Guardian Name:                  Brenda Allen
    Parent/Guardian Address:               3604 Minnesota Ave., SE, #301
                                           Washington, DC 20019

3.  Invoice Information
    Invoice Number:                        07-191
    Date Request Submitted:                6/29/07
    Date(s) of Services Rendered:          1/8/07 to 4/17/07
    Attorney Hourly Rate:                  $     365.00
    Total Attorney Fees:                   $   4,752.60
    Total Attorney Costs:                  $     293.00
    Total Experts:                         $   2,898.95
    Total Invoice:                         $   7,944.55

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    • All services listed on the enclosed invoices were actually performed;
    • The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    • No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;
    • I understand that the making of a false statement to an agency of the D.C. Government is
      punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____        6/29/07
    Signature                              Date

                                                              Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E. 8th Floor
### Washington, D.C. 20002
### Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| **TARKUS POLLARD,** Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 06-20-90 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: April 17, 2007 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending: Eastern Senior High School | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## <u>DECISION AND ORDER</u>

RECEIVED
MAY 2 2 2007
STUDENT HEARING OFFICE

**Parent:**            Ms. Brenda Allen
                      3604 Minnesota Avenue, S.E. #361
                      Washington, D.C. 20020

**Counsel for Parent:**   Domiento C.R. Hill, Esq.
                          James Brown and Associates, PLLC
                          1220 L Street, N.W.
                          Suite 700
                          Washington, D.C. 20005

**Counsel for School:**   Saurabh Gupta, Attorney- Advisor
                          Office of the General Counsel, DCPS
                          825 North Capitol Street, N.E., 9th Floor
                          Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I.  INTRODUCTION

On February 9, 2007 an initial Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Domiento C. R. Hill, Esq. The request alleges DCPS failed to provide an appropriate educational program for T.P.

A Due Process Hearing was convened on April 17, 2007, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002.  Saurabh Gupta., Esq., Attorney-Advisor, represented DCPS. Domiento C.R. Hill, Esq., represented the parent.  Five Day Disclosure Letters were entered into the record, without any objection by either party.  On behalf of the parent: Disclosure Letter dated April 9, 2007: TP-1 through TP-30.  On behalf of DCPS: Disclosure Letter dated April 9, 2007: DCPS-01 through DCPS-04.  Parent's counsel waived a formal reading of the Due Process Rights.   Witnesses on behalf of the parent: Brenda Allen and Kevin Carter.  Witnesses on behalf of DCPS:  Kassandra Watson.

## II.  JURISDICTION

The Due Process Hearing was convened and this decision was written pursuant to the *Individuals with Disabilities Education Act (IDEA)*, Public Law 101-476, as amended by *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA)*, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; the Rules of the Board of Education of the District of Columbia Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

**1.      Whether DCPS denied the student FAPE by failing to provide an appropriate educational program for T.P.?**

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this case, petitioner by and through parent's counsel alleges that the District of Columbia Public Schools (hereinafter "DCPS") has failed to provide T.P. a free and appropriate public education (FAPE).  Parent's counsel alleges within the complaint that DCPS has failed to provide an appropriate educational program, as T.P. requires a full-time special education program for a student with autism.  According to counsel for the parent, on or about January 18, 2007 DCPS convened a MDT/IEP placement meeting, which resulted in the issuance of a prior notice of placement to Eastern Senior High School.  Parent's counsel asserts that the program at this school is inappropriate, as Eastern Senior High School provides a regular education setting.   It is further alleged that the Eastern Senior High School placement is an inappropriate placement for T.P.; therefore, the placement results in a denial of FAPE.  DCPS asserts that the student's complaint is subject to a dismissal due to the parent's failure to attend the statutorily required "Resolution" meeting.  DCPS alleges that the parent was notified of a scheduled "Resolution "meeting pursuant to 34 C.F.R. § 300. 510 (b) (4), but parent failed to attend the meeting; consequently, the parent's failure to attend or notify DCPS' staff to reschedule results in the dismissal of the complaint.  Counsel for the respondent filed a Motion to Dismiss and parent's counsel filed a Memorandum in Opposition.  The Hearing Officer deferred his decision on the respondent's motion.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    T.P. is a sixteen- (16) year old District of Columbia resident and a student presently enrolled at Eastern Senior High School.

2.    T.P. is eligible for special education and related services.  According to the student's most recent Individualized Educational Program ("IEP") dated February 9, 2006, the student's disability classification is autism.[1]

3.    On or about February 9, 2006, DCPS convened a MDT/IEP meeting consisting of a qualified team of educational professionals.  The team determined that the student was a full-time special education student, as he was to be involved within a 100% out-of-general education setting.[2]

3.

---

[1] Exhibit: TP-14.
[2] Exhibit: TP-14 page 4.

4.      Kevin Carter, Educational Advocate for T.P., testified and concluded that he had reviewed the student's IEP dated February 9, 2006, as the IEP required the student to be 100% out-of–general education classes.  The student had the disability of autism.[3]

5.      According to Mr. Carter, he attended a placement meeting on or about January 18, 2007 for the student.  The purpose of that meeting was to discuss and determine an appropriate educational placement for the student.

6.      The student had been experiencing general –tonic clonic seizures and he had been at the Hospital for Sick Children for Occupational Therapy Services and other treatment.[4]

7.      Mr. Carter opined that the student required a small structured school setting with sign language instruction and a wealth of visual support and non-verbal/augmented devices.  The student was placed at Eastern Senior High School, which does not have a full-time 100% special education program, as T.P. would be interacting with non-disabled students.[5]  Mr. Carter did not visit the Eastern SHS "Autism" program.

8.      The student still requires life-skills training, as he still has toilet training needs and he requires change- assistance in the event he has an accident.

9.      Mr. Carter further testified and explained that DCPS failed to consider any other placement other than Eastern SHS.  According to Mr. Carter, Eastern SHS is an inappropriate educational placement for this student.

10.     Mr. Carter recommended that the placement meeting be postponed in order to have Dr. Scott, the psychologist at Hospital For Sick Children, participate in the MDT meeting because he was ill at the time.  Dr. Scott would provide information on the importance of the PTS signs/symbols, the use of visual supports and the importance of a teacher who signs=language.  DCPS did not postpone the meeting.[6]

4.

---

[3] Testimony of Kevin Carter at the Due Process hearing.
[4] Exhibit: TP-23.
[5] Exhibit: TP-27.
[6] Exhibit: TP-27 Advocate Carter meeting notes.

11.    Due to an injury to the student's neck, the student is not ambulatory.[7] He has a walking problem, as a result he employs a wheelchair that he can maneuver independently, but he would not be capable of negotiating the building or going to the bathroom, as the program is on the third floor of the building. The student is completely out of place with regular education students.

12.    Brenda Allen, the parent of T.P., testified and concluded that T.P. had a seizure. He was a patient at the Hospital for Sick Children Pediatric Center for medical management and rehabilitation from October to December 2006. The student is currently at home, but DCPS had terminated homebound instructions on or about December 2006.

13.    According to Ms. Allen, she tried to enroll her son in school on several occasion, but she was unsuccessful. The dates she tried were August 29, 30, & 31, 2006. DCPS could not find the student's file.

14.    T.P. has significant delays in expressive and cognitive skills; consequently, he is unable to participate in standardized testing for his age level. While the student can write his first and last name, he is unable to tell time, follow safety procedures, requires assistance going to and from the bathroom and he cannot conceptualize money values.[8]

15.    A Developmental Evaluation Report dated November 13, 2006 recommended that the student will benefit from specialized programming that is full-day, highly structured and designed for adolescents with Autism and significant developmental delays. T.P. will need 1:1 support for learning activities. The student falls significantly below age expectations in multiple domains. The evaluator also recommended 1:1 speech and language services with a provider who specializes in augmentative and alternative communication.[9]

16.    Ms. Allen further testified that she attended the January 18, 2007 MDT placement meeting. She was opposed to the placement of T.P. at Eastern SHS.

17.    According to Ms. Allen, she went to Eastern SHS to check –out the school. She was not impressed, as the program was on the third floor of the building. The parent questioned how her son was going to go to the bathroom, as the facility was not appropriate for T.P.

5.

---

[7] Exhibit: TP-24.
[8] Exhibit: TP-16.
[9] Exhibit: TP-23.

18.    The parent further explained that she did not see any accommodations for the student, as the student requires constant attention.

19.    Kassandra Watson, the Special Education Coordinator for Eastern Senior High School, testified and concluded that the student registered at the beginning of the school, but he did not attend school until October 2006.  The student had a seizure and did not return to school. [10]

20.    Ms. Watson further testified that she attended and participated in the January 18, 2007 MDT placement meeting.  DCPS proposed Eastern SHS, as an appropriate placement for T.P.

21.    The Eastern SHS "Autism" program consisted of a full-time special education program within a self-contained environment.

22.    The Autism program has the following features:  it is a therapeutic program, certified special education teachers; a low student-to-teacher ratio (6:2); no regular education students, art therapist within the classroom and a music therapist who goes to the classroom; related service providers including OT services, PT services, S/L services, counseling services and Adaptive services; the program is on the third floor, can provide diaper changing services, and bathroom is in the classroom.

23.    According to Ms. Watson, accommodations can be made to provide diaper changing services on a more frequent bases and the parent can send a change of clothing.

24.    Ms. Watson explained that the parent was to visit the program alone with Dr. Scott to determine if the student's educational requirements can be met.

25.    On cross examination, Ms. Wastson explained that the student would be in contact with his non-disabled peers on very limited bases. Additionally, the student would come in contact with his non-disabled peers on the elevator.  However, this contact would be minimal, as the students have different hours to start school.

6.

---

[10] Testimony of Kassandra Watson at the Due Process hearing.

26.    DCPS does have a sign language instructor.  Denice Johnson is a special education teacher for 15 years and she is quite familiar with sign language.

## VI.    DISCUSSION AND CONCLUSION OF LAW

In this matter, petitioner by and through parent's counsel has sustained its burden of proof.  The sole issue in this matter is whether DCPS has an appropriate "Autism" program at Eastern Senior High School.  While it appears that DCPS has an appropriate program for this student, there are some remaining issues that compel a placement meeting to be convened.  There are questions concerning DCPS' ability to provide sign language services to the student, whether the self-contained setting on the third floor of Eastern SHS has involvement with non-disabled peers and whether the program can provide services capable of providing some educational benefit.  The student's treating physician at Hospital for Sick Children, Dr. Scott, wanted to attend the placement meeting and his review of the program would provide some significant guidance, as the program requirements should be reviewed by an evaluator who is considerable knowledge of the student.   Additionally, the program Director of the Autism program was unable to provide testimony, which is critical to an appropriate determination.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is GRANTED.**

2) **Petitioner request for relief is GRANTED in part and DENIED in part.**

3) **Petitioner's request to find a denial of FAPE for DCPS' failure to provide an appropriate program for the student is DENIED.**

4) **Petitioner's request to convene a placement meeting is GRANTED.**

5) **Petitioner is the prevailing party.**

7.

6) DCPS shall, within fifteen – (15) business days of the issuance of the HOD, convene a MDT/IEP placement to review all current evaluations, review and revise the student's IEP and discuss and determine an appropriate educational placement including parent's private placement options

7) In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

8) All communications and notices shall be sent through the parent's counsel.

9) Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

## VII.     APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.**  Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: 05-25-07

_____
Charles R. Jones, Esq., Hearing Officer

Date Issued: 5/25/07

8.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: May 25, 2007

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: Pollard, Tarkus

TOTAL NUMBER OF PAGES, INCLUDING COVER: 9

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

5/15/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Tarkus Pollard
DOB: 6/20/90
#301
3604 Minnesota Ave. SE
Washington DC 20019


June 21, 2007
In Reference To:   Tarkus Pollard
                   DOB: 6/20/90

Invoice #12569


         Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/8/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 1-4-07 Ltr to Eastern SHS with mtng dates/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 1-5-07 Ltr to Eastern SHS re Plcmnt options/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 1/10/2007 | DH | Respond to correspondence from the special education coordinator at the student's current school. | 0.25 365.00/hr | 91.25 |
| 1/22/2007 | CMM | Review and draft notification letter to parent regarding the date, time and location of the (IEP/MDT/Resolution) meeting; includes copying and mailed | 0.58 115.00/hr | 66.70 |
| 1/30/2007 | KC | Phone call to mother to discuss MDT meeting at Eastern SHS. | 0.42 185.00/hr | 77.70 |
|  | KC | Reviewed Psychological/Developomental evaluation report from Hospital for Sick Children. | 0.75 185.00/hr | 138.75 |
|  | KC | Reviewed Speech / Language report & Speech/Language discharge summary from Hospital for Sick Children. | 0.75 185.00/hr | 138.75 |
|  | KC | Reviewed Physical Therapy Report & Physcial Therapy discharge summary. | 0.67 185.00/hr | 123.95 |
|  | KC | Reviewed student's previous IEPs & correspondence from Kelly Miller MS. | 0.50 185.00/hr | 92.50 |
|  | KC | Attended MDT/IEP @ Eastern SHS | 4.50 185.00/hr | 832.50 |

Tarkus Pollard

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/31/2007 | KC | Phone call from Ms. Katina Flournoy (Case Mgr.--Hospital for Sick Children;Eastern SHS).  Informed writer that she had coordinated the reinstallation of a home-bound instructor for the student until an appropriate school placement can be found. Wrtier advised caller that he would forward a copy of all documentation from the MDT/IEP meeting at Eastern SHS on Wednesday. | 0.42 185.00/hr | 77.70 |
| 2/2/2007 | KC | Draft letter to Katina Flournoy (HSC Case MGR.) re: summary of MDT/IEP meeting at Eastern SHS.  Forwarded Ms. Flournoy a copy of the MDT notes.  (She had to leave meeting prior to it's conclusion. Mailed and filed letter. | 0.83 185.00/hr | 153.55 |
| | KC | Draft letter to Ms. Pollard.  Updating her on conversation with Mr. Hill about meeting. and reminding her of the team's need to reconvene to develop IEP. Mailed and filed letter. | 0.75 185.00/hr | 138.75 |
| 2/9/2007 | DH | Discussion with the parent and educational advocate regarding the most recent MDT Meeting, conduct educational research regarding DCPS' obligation to have the student placed in an appropriate special education program. | 1.50 365.00/hr | 547.50 |
| 2/12/2007 | KD | Drafted letter to parent/enclosed copy of Application for Admission to St. Coletta and copy of Atty's 1-10-07 Ltr to Eastern SHS re MDT/copy to case file/added to case notes | 0.33 115.00/hr | 37.95 |
| 2/26/2007 | DH | Draft and send letter to DCPS responding to Letter of Invitation. | 0.25 365.00/hr | 91.25 |
| 3/27/2007 | KC | Reviewed client file in preparation for MDT/IEP meeting at Eastern SHS | 1.25 185.00/hr | 231.25 |
| | KC | Attended MDT/IEP @ Eastern SHS. Ms. Watson indicated that meeting was originally scheduled for 10:00 a.m. Because psychologist and social worker had left, meeting would have to be rescheduled.  Ms. Watson indicated that Mr. Burdin (co-Spec. Ed.  Coordinator,) would forward additional dates. | 0.75 185.00/hr | 138.75 |
| | KC | School visit; classroom observation (Ms. Jones; student was absent today.) Writer observed other students in the class.  It appears that some of the students are mentally retarded. | 1.00 185.00/hr | 185.00 |
| | KD | Drafted letter to parent/enclosed copy of Atty's 2-26-07 and 3-15-07 Ltrs to Eastern SHS with mtng dates/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 4/3/2007 | KC | Phone call to Ms. Brenda Allen regarding efforts to reschedule Tarkus' meeting. Parent informed writer that student continues to experience pain and walks with a limp. Student not yet ready to return to school. Ms. Allen wants to request home-bound instruction until student is doing better. | 0.58 185.00/hr | 107.30 |
| | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes/posted same to Desk Calendar | 0.33 115.00/hr | 37.95 |

Tarkus Pollard                                                                                    Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/9/2007 | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming hearing, give to paralegal for her completion. | 1.00 365.00/hr | 365.00 |
|  | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 0.83 115.00/hr | 95.45 |
| 4/12/2007 | DH | Conduct educational research and review of the student's educational file, draft and file the parent's response to DCPS' Motion to Dismiss. | 2.00 365.00/hr | 730.00 |
| 4/15/2007 | DH | Conduct preparation for the student's administrative due process hearing be reviewing the student's educational file, conducting educational research regarding issues contained in the complaint, conduct a review of the parent's and DCPS' five-day disclosures, prepare questions for direct examination of the parent's witnesses, and for possible cross examination of DCPS witnesses, prepare opening and closing statements, and conduct witness preparation for the student's administrative due process complaint notice hearing. | 3.00 365.00/hr | 1,095.00 |
| 4/17/2007 | KC | Prepared for Due Process Hearing | 0.50 185.00/hr | 92.50 |
|  | KC | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
|  | DH | Conduct last minute preparation for the student's administrative due process hearing be reviewing the student's educational file, conducting last minute educational research, conducting review of the parent's and DCPS' five-day disclosures, review questions for direct examination of the parent's witnesses, and for possible cross examination of DCPS witnesses, review opening and closing statements and appearance at the student's administrative due process hearing.  Prior to the hearing, the parties settled. | 4.00 365.00/hr | 1,460.00 |

|  |  | Hrs | Amount |
|---|---|---|---|
| For professional services rendered |  | 30.91 | $7,651.55 |

Additional Charges :

| 1/4/2007 | Fax letter to Eastern SHS |  | 2.00 |
|---|---|---|---|
| 1/8/2007 | Postage; letter to parent re: attorney's letter. |  | 0.63 |
|  | Copied; Letter for parent and advocate re: attorney's letter. |  | 3.00 |
|  | Copied; Letter for parent and advocate re: attorney's letter. |  | 2.50 |
| 1/9/2007 | Received fax from Eastern SHS re:placement mtg |  | 4.00 |

Tarkus Pollard                                                                                          Page     4

|  |  | Amount |
|---|---|---|
| 1/22/2007 | copied letter to parent | 0.50 |
|  | Postage; Letter to parent re: MDT conf. meeting. | 0.39 |
| 1/30/2007 | copied MDT notes and evals. | 11.50 |
| 2/2/2007 | Postage; letter to parent | 2.07 |
|  | Postage: letter to parent | 0.39 |
|  | Copied doc for adv re: MDT notes | 18.00 |
|  | Copied doc for parent re: MDT notes | 18.00 |
|  | Copied doc for atty re: ltr | 1.00 |
|  | Copied doc for file re: ltr | 1.00 |
| 2/12/2007 | copied letter to parent and advocate | 6.75 |
|  | Postage; letter to parent re: attorney's letter. | 0.63 |
|  | Received fax from DCPS re: sch memo | 3.00 |
| 3/14/2007 | Received fax from Eastern SHS re: ltr | 1.00 |
| 3/27/2007 | postage atty's 2-26-07 and 3-15-07 letters to eastern shs with dates to parent | 0.87 |
|  | copied for parent and adv attorney's letters to Eastern shs with dates | 11.25 |
| 3/28/2007 | Received fax from SHO re: NOH | 1.00 |
| 4/3/2007 | copied letter to parent and advocate re: HN | 1.50 |
|  | postage hearing notice to parent | 0.39 |
| 4/9/2007 | messenger service to and from DCPS (5 day) | 16.00 |
|  | Copied documents for parent re: 5 - Day Disclosure | 36.75 |
| 4/12/2007 | Facsimile; Opposition to SHO. | 26.00 |
|  | Facsimile; Opposition to OGC. | 26.00 |
| 4/17/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $293.00 |
|  | Total amount of this bill | $7,944.55 |

Tarkus Pollard                                                                    Page      5

User Summary

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Claudia M.Martinez, Paralegal | 0.58 | 115.00 | $66.70 |
| Domiento Hill, Attorney | 12.00 | 365.00 | $4,380.00 |
| Kelly Dau, Paralegal | 2.66 | 115.00 | $305.90 |
| Kevin Carter, Advocate | 15.67 | 185.00 | $2,898.95 |

# Exhibit H



**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification. evaluation. or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools. 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202-442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing. the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  Amelia Talley  Date of Birth: August 20th, 1991

Address: 1142 Neal Street, NE, Washington, DC 20002

Present School of Attendance: The Phillips School of Contemporary Education

Parent/Guardian of the Student: ___Ms. Diane Talley___

## B.  Legal Representative/Attorney (if applicable):

Name: __Domiento C.R. Hill, Esq.____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.  Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)

☐ Parent

## D.  Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.  Mediation Process:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

## F.  Facts and Reasons for the Complaint:

### I.  Nature of the Problem.

1. **<u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the December 19, 2006 Order of the Impartial Due Process Hearing Officer</u>**. An administrative due process hearing was held for the student on or about December 12, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter issued a decision in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, after receiving a copy of the student's neuropsychological and clinical psychological evaluations from counsel for the parent, "within 20 school days hereof, DCPS will convene a MDT/IEP/Placement meeting during which evaluations, including the recent neuropsychological and clinical psychological evaluations will be reviewed, the IEP reviewed and revised as appropriate and placement discussed and determined . . ." See Order issued December 19, 2006.

On or about December 21, 2006, counsel for the parent provided the DCPS placement specialist for the Phillips School, Moses Roberts, a copy of the student's clinical psychological and neuropsychological evaluations.   See correspondence dated December 21, 2006.   DCPS never responded.   To date, the student's MDT/IEP Meeting has yet to be reconvened.

## II. Issues presented.

1. DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the December 19, 2006 Order of the impartial due process hearing officer.

## IV.   Relief Sought.

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1. A finding that DCPS denied the student a Free and Appropriate Public Education by failing to Comply with the December 19, 2006 Order of the impartial due process hearing officer;

2. A finding the student is entitled to receive compensatory education services;

3. DCPS agrees to fund the student's psychiatric and psycho-educational evaluations;

4. DCPS agrees to fund the student, with transportation, for the 2006-2007 School Year, at the Phillips School;

5. DCPS, within five (5) business days upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting, at the Phillips School of Laurel, to review the evaluations, and revise and update the students IEP as necessary; and develop a compensatory education plan for the student;

6. DCPS agrees to fund 2,000 hours of compensatory education;

7. All meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

9. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

12. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446. Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher at the Ceasar Chavez Public Charter School; 2) a representative of the local education agency with decision making authority, 3) a person who can interpret the data, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student at the Phillips School of Laurel;

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

19. A finding that the parent is the prevailing party in this action; and

20. DCPS agrees to reimburse the parent reasonable attorney's fees in an amount not to exceed $4,000.00.

## G.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter _____ (please _____ specify _____ the type)_____
- Special _____ Communication _____ (please _____ describe _____ the type)_____
- Special _____ Accommodations _____ for _____ Disability _____ (please _____ be specific)_____
- Other_____

5

**H.**   <u>**Signature:**</u>

_____          2|6|07
Legal Representative / Advocate (if applicable)          Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

```
***********************
***   TX REPORT   ***
***********************


TRANSMISSION OK

TX/RX NO              1961
RECIPIENT ADDRESS     92024425556
DESTINATION ID
ST. TIME              02/06 17:44
TIME USE              00'54
PAGES SENT            7
RESULT               OK
```

# James E. Brown & Associates, PLLC
## *A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
|---|---|---|
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Covington |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# FAX COVER SHEET

**To:**     Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  February 6, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** A. Talley

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 7

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                        James Brown & Assoc., PLLC
    Attorney:                        James Brown
    Federal Tax ID No:               52-1500760
    D.C. Bar No:                     61622

2.  **Student Information**
    Name:                            Talley, Amelia
    DOB:                             8/20/91
    Date Hearing Request Filed:      2/6/07
    Date(s) of Hearing:              4/11/07
    Date of Determination (HOD/SA):  2/16/07
    Parent/Guardian Name:            Diane Tally
    Parent/Guardian Address:         1142 Neal St., NE
                                     Washington, DC 20002

3.  **Invoice Information**
    Invoice Number:                  07-135
    Date Request Submitted:          4/27/07
    Date(s) of Services Rendered:    2/6/07 to 4/23/07
    Attorney Hourly Rate:            $     365.00
    Total Attorney Fees:             $   5,372.65
    Total Attorney Costs:            $     555.00
    Total Experts:                   $     254.42
    Total Invoice:                   $   6,182.07

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _James & Brown_                  4/27/07
    Signature                        Date

    Revised Nov 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division

### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

*[stamp: 2007 APR 20 AM 11:05 DC PUBLIC SCHOOLS SYSTEM]*

|  |  |  |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL** |
|  | ) | **DUE PROCESS HEARING** |
| **AMELIA  TALLY**, student | ) | |
| Date of Birth: August 20, 1991 | ) | |
|  | ) | **DECISION  &  ORDER** |
| Petitioner, | ) | |
|  | ) | |
| versus | ) | Request Date:  February 6, 2007 |
|  | ) | Hearing Date:  April 11, 2007 |
| **The District of Columbia Public Schools,** | ) | |
| Attending:  Phillips School of Cont. Ed., | ) | Held at: 825 North Capitol Street, NE |
|  | ) | Eighth Floor, Hearing Room 3 |
| Respondent. | ) | Washington, D.C. 20002 |
|  | ) | |

**Parent:**

Diane Tally
1142 Neal Street, NE
Washington, D.C. 20002

**Counsel for the Parent/Student:**

Domiento C.R. Hill, Esq.
**JAMES E. BROWN & Associates**
1220  L  Street, NW    Suite 700
Washington, D.C. 20005

**District of Columbia Public Schools:**

Saurabh Gupta, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE - 9th Floor
Washington, D.C. 20002

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties.  The index will permit the parties to identify specific witnesses and other relevant witnesses.  The index will be detached before release of this <u>DECISION  &  ORDER</u> as a public record.

i

# <u>INDEX of NAMES</u> for Amelia Tally
**Hearing Date:**  April 11, 2007

Appearing on behalf of DCPS:  None.

Appearing on behalf of the parent/student:

    1. Donte Davis, educational advocate

No testimony was received.

## STATEMENT of the CASE

On February 6, 2007, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of violation on the part of DCPS of the Hearing Officer's Determination/Decision (HOD) issued in this matter December 19, 2006.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 9:00 A.M., Wednesday, April 11, 2007 at DCPS Headquarters, 825 North Capitol Street, NE - 8th Floor, Hearing Room 3, Washington, D.C. 20002. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

**ISSUE:**   Did DCPS violate the HOD issued in this matter December 19, 2006?

## SUMMARY of the EVIDENCE  and  FINDINGS of FACT

By facsimile dated April 4, 2007, the parent disclosed 8 witnesses and 8 documents.

By facsimile dated April 4, 2007, DCPS disclosed 7 witnesses and 4 documents.

The documents were placed into the record and are referenced/footnoted herein where relevant.

On April 4, 2007, DCPS filed the herein Amended Motion to Dismiss arguing that the herein Complaint was a "to enforce" a HOD issued December 19, 2006 and, as such, was improperly before an Independent Hearing Officer under *IDEA 2004*; that enforcement should be had in the United States District Court under 42 U.S.C. 1983.

Counsel for the Parent filed points and authorities in opposition on April 6, 2007.

The Motion was taken under advisement.

Here, the DCPS motion was OVERRULED. The hearing officer agreed that one of the options available to the parent was enforcement of the HOD in the United States District Court, either under section *1983* or the Blackmon/Jones Consent Decree, and then determined that parent had another option, Due Process hearing under 34 CFR 300.507(a)(1); that because the herein Complaint alleged a violation on an HOD that concerned the provision of FAPE, it was authorized at 34 CFR 300.507(a)(1).

The parent was ordered forward.

Counsel for the Parent referred to the December 19, 2006 HOD[1] and represented that the

1 of 2 pages

---

[1] Parent Document No 6

pertinent evaluations were sent to DCPS by letter dated December 21, 2006, and that to date, DCPS had failed to attempt to convene the MDT/IEP meeting ordered in paragraph 2 of the ORDER in the said HOD.

DCPS did not controvert.

The hearing office directed a **Finding for the Parent: violation of the December 19, 2006 HOD** and made the following

# ORDER

1. Within 15 days hereof, DCPS will convene an MDT/IEP/ Placement meeting during which evaluations, including the neuropsychological and clinical psychological evaluations, will be reviewed, the IEP reviewed and revised as appropriate and placement discussed and determined. If a DCPS placement is recommended, a Notice of Placement will be issued within 5 schooldays of the said meeting; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

2. At the said MDT/IEP/Placement meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

3. For the said MDT/IEP/Placement meeting scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/ Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, documentation of the parties will be relied upon to determine the good faith of each party.

This is **THE FINAL ADMINISTRATIVE DECISION**. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

Date: _April 20, 2007_

H. St. Clair, Esq., Hearing Officer

Issued: _4/20/07_

Student Hearing Office, DCPS

2 of 2 pages

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8ᵀᴴ Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: April 20, 2007

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: Talley, Amelia

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Amelia Talley




April 26, 2007

In Reference To:   Amelia Talley
                   DOB: 8/20/91

Invoice #12459


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/6/2007 | DH | Receive the student's file, review the student's educational records, discussion with the mother regarding issues affecting the student's case, conduct educational research regarding, inter alia, DCPS' obligation to comply with the recent order. | 2.00 365.00/hr | 730.00 |
|  | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| 2/9/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 2-3-07 Ltr to DCPS re Noncompliance with HOD/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
|  | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 2/22/2007 | KD | Drafted letter to parent/enclosed copy of Resolution Meeting Confirmation/copy to advc and file/added to case notes | 0.58 115.00/hr | 66.70 |
| 4/3/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes/posted same to Desk Calendar | 0.42 115.00/hr | 48.30 |
|  | KD | Drafted letter to parent/enclosed copy of Complaint Disposition/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 4/4/2007 | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand-delivery to the SHO and OGC)/added to case notes | 1.00 115.00/hr | 115.00 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | 1.00 365.00/hr | 365.00 |

Amelia Talley

Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/6/2007 | DH | Review the student's educational file, conduct educational research regarding the issues contained in DCPS' Motion to Dismiss, draft and file the parent's Opposition to DCPS' Motion. | 2.50 365.00/hr | 912.50 |
| 4/10/2007 | DH | Conduct educational research, conduct review of the student's educational file, conduct review of DCPS' and the parent's five-day disclosures, conduct witness prepration, prepare questions for direct examination of the parent and her witnesses, prepare questions for possible cross examination of DCPS witnesses for the student's upcoming administrative due process hearing. | 3.00 365.00/hr | 1,095.00 |
| 4/11/2007 | DH | Conduct last minute educational research, conduct final review of the student's educational file, conduct final review of DCPS' and the parent's five-day disclosures, conduct last minute witness prepration, conduct review of questions prepared for direct examination of the parent and her witnesses, conduct review of questions prepared for possible cross examination of DCPS witnesses, and appearance at the student's administrative due process hearing. | 4.00 365.00/hr | 1,460.00 |
| | DD | Reviewed the students file for upcoming hearing | 2.00 185.00/hr | 370.00 |
| | DD | Appearance to 825 North Capital for due process hearing | 1.00 185.00/hr | 185.00 |
| 4/20/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| 4/23/2007 | KD | Drafted letter to parent/enclosed copy of the 4-20-07 HOD/copy to advc and file/added to case notes | 0.58 115.00/hr | 66.70 |

| | For professional services rendered | 20.25 | $5,927.65 |
|---|---|---|---|

Additional Charges :

| 12/21/2006 | Fax letter and evals. to OSE | 21.00 |
|---|---|---|
| 2/3/2007 | Faxed doc to OMC re: ltr | 2.00 |
| 2/6/2007 | Fax HR to SHO | 7.00 |
| | copied HR | 6.00 |
| 2/9/2007 | copy letter to parent and advocate | 6.00 |
| | copy letter to parent and advocate | 2.25 |
| | Postage; Letter to parent re: attorney's letter. | 0.63 |

Amelia Talley                                                                                    Page     3

|  |  | Amount |
|---|---|---|
| 2/22/2007 | Postage; Letter to parent re: RMC. | 0.39 |
|  | Copied; RMC w/letter for parent and advocates. | 1.50 |
| 4/3/2007 | copied letter to parent and advocate re: HN | 1.50 |
|  | copied letter to parent and advocate re: complaint disposition | 3.00 |
|  | postage hn and complaint disposition to parent | 0.39 |
| 4/4/2007 | Messenger Service to and from DCPS (5 day) | 20.00 |
|  | copied 5-day disclosure for sho/ogc | 24.00 |
| 4/6/2007 | Fax to SHO: letter | 16.00 |
|  | Fax to OGC: letter | 16.00 |
| 4/11/2007 | Sedan taxi service to and from  DCPS for hearing | 16.00 |
| 4/20/2007 | Rec'd faxed HOD from SHO | 5.00 |
|  | copied HOD | 5.00 |
| 4/23/2007 | Postage; HOD  to parent. | 0.63 |
|  | copied HR | 1.75 |
|  | copied letter to parent re: HOD | 1.50 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $254.42 |
|  | Total amount of this bill | $6,182.07 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 12.50 | 365.00 | $4,562.50 |
| Donte Davis, Advocate | 3.00 | 185.00 | $555.00 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Kelly Dau, Paralegal | 3.84 | 115.00 | $441.60 |

# Exhibit I



EXHIBIT
KW-2

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor. Washington. DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student:   Kenneth Williams   Date of Birth:   October 3rd, 1994

Address:   1440 Eastern Avenue, NE, Washington, DC 20019

Present School of Attendance:   The Phillps School of Contemporary Education - Laurel

Is this a charter school?    No___    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___Ms. Jeanette Williams___

## B.    Legal Representative/Attorney (if applicable):

Name: ___Domiento C.R. Hill, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)

_____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Nature of the Problem.

1.    <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the terms of the February 2, 2007 Order of the Impartial Due Process Hearing Officer and Reimburse the Parent.</u> The student, at all relevant times prior to the filing of this complaint, was a resident of the District of Columbia, and eligible to receive special education and its related services due to his emotional disturbance and a learning disability.    The student currently attends the Phillips School of Contemporary Education in Laurel, Maryland.

An administrative due process hearing was held for the student on or about February 2, 2007.    As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about February 2, 2007 issued a hearing officer's

decision in which DCPS was ordered to do, among other things, reimburse the parent $194.93 cents within thirty (30) days. *See* Order dated February 2, 2007.

On or about February 26, 2007 the parent, by and through counsel, wrote to DCPS informing them that DCPS had yet to make any attempts to comply with the order and reimburse the parent. *See* Correspondence dated February 26, 2007. Counsel for the parent, in that same letter, wrote to DCPS notifying them of the parent's intent to file a due process compliant notice in the event payment was not received. *Id.* DCPS did not respond.

On or about March 19, 2007, a second letter was sent on the parent's behalf, by and through counsel informing them that DCPS had yet to make any attempts to comply with the order and reimburse the parent. *See* Correspondence dated March 19, 2007. Counsel for the parent, in that same letter, wrote to DCPS notifying them of the parent's intent to file a due process compliant notice in the event payment was not received. *Id.* DCPS, for a second time, did not respond.

To date, over thirty (30) days have passed and DCPS has yet to reimburse the parent the monies. DCPS' failure to comply with the order of February 2, 2007, amounts to a denial of a free and appropriate public education.

II. Issues presented.

1.  Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the February 2, 2007 Order of the impartial due process hearing officer.

IV.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1.  A finding that DCPS denied the student a Free and Appropriate Public Education by failing to Comply with the expressed written terms of the February 2, 2007 Order of the impartial due process hearing officer;

2.  DCPS, within five (5) business days, agrees to reimburse the parent $194.93, plus reasonable interests, from the date of the student's discharge from the Pines, until such time the parent receives the check from DCPS;

3.  DCPS, any and all interests payments owed to the parent will be made within five (5) business days from the date the parent received the payment of $194.93;

4.  Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS'

3

obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

5.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

6.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

7.  Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

8.  That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

9.  That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

10. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

11. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time:

12. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

14. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

15. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                         specify                    the type)_____
- Special            Communication              (please            describe            the type)_____
- Special            Accommodations            for            Disability            (please            be specific)_____
- Other_____

**H.     Signature:**

_____        4/2/07
Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3654
CONNECTION TEL                  92024425556
CONNECTION ID
ST. TIME              04/02 12:56
USAGE T               01'01
PGS. SENT               7
RESULT                OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*
Attorneys at Law

| | | |
|---|---|---|
| James E. Brown | 1220 L Street, NW | Juan J. Fernandez!+ |
| Domiento C.R. Hill | Suite 700 | Tilman L. Gerald |
| Roberta Gambale | Washington, DC 20005 | Roxanne D. Neloms |
| Miguel A. Hull | Telephone: (202) 742-2000 | Omar Karram |
| Christopher L. West | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| John A. Straus | e-mail: Admin@Jeblaw.biz | Jani Tillery |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:          **April 2, 2007**

TO:            **Office of Student Hearings, DCPS**

FAX NO.:       **202-442-5556**

FROM:          **Domiento C.R. Hill, Esq.**

SUBJECT        ~~K Willams~~, Doß 10/3/94

NUMBER OF PAGES INCLUDING COVER SHEET:    **7**

COMMENTS:  Administrative due process complaint notice hearing.



**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000       Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                         James Brown & Assoc., PLLC
    Attorney:                         James Brown
    Federal Tax ID No:                52-1500760
    D.C. Bar No:                      61622

2.  **Student Information**
    Name:                             Williams, Kenneth
    DOB:                              10/3/94
    Date Hearing Request Filed:       4/2/07
    Date(s) of Hearing:               6/4/07
    Date of Determination (HOD/SA):   6/28/07
    Parent/Guardian Name:             Jeanette Williams
    Parent/Guardian Address:          1140 Eastern Ave., NE
                                      Washington, DC 20019

3.  **Invoice Information**
    Invoice Number:                   07-230
    Date Request Submitted:           7/10/07
    Date(s) of Services Rendered:     2/26/07 to 6/7/07
    Attorney Hourly Rate:             $     365.00
    Total Attorney Fees:              $   4,536.00
    Total Attorney Costs:             $     210.55
    Total Experts:                    $     555.00
    Total Invoice:                    $   5,301.78

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          7/10/07
    Signature                                 Date

Revised Nov. 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>
### Charles R. Jones, Esq., Due Process Hearing Officer
### Van Ness Elementary School
### 1150 5th Street, S.E.
### Washington, D.C. 20003
### Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| KENNETH WILLIAMS,  Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 10-03-94 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: June 4, 2007 |
| | ) | |
| vs. | ) | |
| | ) | Held at:  Van Ness Elementary School |
| The District of Columbia Public Schools, | ) | 1150 5th Street, SE |
| Attending: The Phillips School- | ) | Washington, D.C. 20003 |
| Laurel Campus | ) | |
| Respondent. | ) | |
| | ) | |

## <u>DECISION AND ORDER</u>

**Parent:**                                   Ms. Jeanette Williams
                                              1140 Eastern Avenue, N.E.
                                              Washington, DC 20019

**Counsel for Parent:**                       Domiento C.R. Hill, Esq.
                                              James Brown and Associates, PLLC
                                              1220 L Street, N.W.
                                              Suite 700
                                              Washington, D.C. 20005

**Counsel for School:**                       Daniel L. McCall. Attorney- Advisor
                                              Office of the General Counsel, DCPS
                                              825 North Capitol Street, NE
                                              Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I. INTRODUCTION

On May 16, 2007 the initial Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Domiento C. R. Hill, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination ("HOD") dated February 2, 2007, which required DCPS to reimburse the parent $194.93.

A Due Process Hearing was convened on June 4, 2007, at the District of Columbia Public Schools, ("DCPS"), Van Ness Elementary School, 1150 5th Street, S.E. 1st Floor, Washington, D.C. 20003. Daniel L. McCall, Esq., Attorney-Advisor, represented DCPS. Domiento C.R. Hill, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated May 25, 2007: KW-1 through KW-13. On behalf of DCPS: Disclosure Letter dated May 25, 2007: DCPS-1 was entered into the record. Parent's counsel waived a formal reading of the Due Process Rights. Counsel for the parties did not call any witnesses in this matter.

## II. JURISDICTION

The Due Process Hearing was convened and this decision was written pursuant to the *Individuals with Disabilities Education Act (IDEA)*, Public Law 101-476, as amended by *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEA)*, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; the Rules of the Board of Education of the District of Columbia; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

1. **Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Determination ("HOD") dated February 2, 2007?**

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

At the commencement of the Hearing, counsel for the respondent entered a motion to dismiss this matter alleging that the Hearing Officer did not have jurisdictional authority to enforce the decision of a previous Hearing Officer's decision. Counsel for the parent filed a motion in opposition and entered a motion for a default judgment for DCPS failure to provide a response in this case. The Hearing Officer deferred his decision on both issues and move forward to hear the substantive aspects of this case. Parent's counsel alleges that DCPS was ordered to reimburse the parent for funds the parent expended for transportation services. It is alleged that DCPS failed to reimburse the parent. DCPS did not contest this fact. In the alternative, DCPS argued that the student was not denied FAPE, as the student is presently attending a private placement at the Phillips School of Contemporary Education- Laurel Campus.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    On or about February 2, 2007 a Hearing Officer's Determination ("HOD") was issued. The HOD required DCPS to reimburse the parent $194.93 for transportation services paid by the parent. DCPS failed to reimburse the parent. This fact was not contested by DCPS.

## VI.    DISCUSSION AND CONCLUSION OF LAW

In this matter, the petitioner by and through parent's counsel has sustained his burden of proof. Uncontested evidence clearly indicated that DCPS has continually failed to adhere to a HOD directing DCPS, *inter alia*, to reimburse the parent $194.93. for transportation expenses incurred by the parent.

DCPS argued, in a motion for a dismissal of the complaint, that the Hearing Officer does not have jurisdictional authority to hear a complaint concerning the violation of a previous HOD. The motion to dismiss is denied, as Hearing Officers have jurisdictional authority to hear these matters. Specifically, the *Blackman/Jones* v *District of Columbia*, Civil Action Nos.: 97-1629 and 97-2402 clearly enunciated and

3.

established that the failure to implement, or comply with HOD's or settlement agreements (SAs) amounts to denial of FAPE for which a due process complaint can be filed.[1]  Moreover, in the case of *Cox el al.*, v. *Jenkins, et al.*, 878 F. 2d 414, 278 U.S. App. D.C. 312 (1989), the U.S. Court of Appeals for the District of Columbia decided that any alleged noncompliance with an impartial hearing officer's previous determination was an issue that "... could and should have been addressed through administrative process ..." Id at 420.  Consequently, the failure to comply with a HOD can result in the filing of a due process complaint.   In this instance, DCPS was ordered to pay funds for expenses incurred by the parent and to convene a MDT meeting.  DCPS failed to comply and a due process was correctly filed.  In light of the fact that the student is enrolled at a private placement, the student is receiving educational benefit. Notwithstanding, the Hearing Officer orders DCPS to reimburse the parent the amount of $194.93.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is GRANTED.**

2) **Petitioner is the prevailing party.**

3) **Petitioner's request to have DCPS reimburse the parent transportation expenses incurred in the amount of $194.93 is GRANTED.**

4) **DCPS shall, within five- (5) business days of the issuance of the HOD, reimburse the parent $194.93 for transportation cost incurred for travel to Pines Residential Treatment Facility.  In the event that DCPS fails to timely reimburse the parent the aforementioned amount an interest of 6% shall begin to accrue from the date of the student's discharge from the Pines, until such time the parent receives the check from DCPS.**

4.

---

[1] The relevant class, the Jones class, consists of parents of special education students for whom DCPS has failed to implement/ comply with HODs or SAs.

## VII.    APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.** Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: 06- 28- 07

_____
Charles R. Jones, Esq., Hearing Officer

Date Issued: 6/28/2007

5.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C.  20003
FAX:  (202) 698-3825



### *FACSIMILE SHEET*

Date:  June 28, 2007

To:  D. Hill

Re:  Williams, Kenneth

Total Number of Pages Including Cover: 6

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Kenneth Williams

July 07, 2007

In Reference To:   Kenneth Williams
Invoice #12623

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/26/2007 | DH | Draft and send notice of noncompliance to DCPS. | 0.25 365.00/hr | 91.25 |
| 3/19/2007 | DH | Draft and send letter to DCPS regarding noncompliance. | 0.17 365.00/hr | 60.83 |
| 4/2/2007 | DH | Review the student's educational file to determine DCPS compliance with the recent settlement hearing officer's determination, conduct educational research regarding remedies available to the parent, draft and file administrative due process complaint notice. | 2.00 365.00/hr | 730.00 |
| 4/10/2007 | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.33 115.00/hr | 38.33 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 2-26-07 and 3-19-07 Ltrs to DCPS re Noncompliance/copy to advc and file/added to case notes | 0.33 115.00/hr | 38.33 |
| 4/24/2007 | KD | Drafted letter to parent/enclosed copy of Complaint Disposition/copy to advc and file/added to case notes | 0.33 115.00/hr | 38.33 |
| 5/22/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice and DCPS' Notice re new location/copy to advc and file/added to case notes | 0.33 115.00/hr | 38.33 |
| 5/25/2007 | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process complaint notice hearing. | 0.75 365.00/hr | 273.75 |
|  | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00 115.00/hr | 115.00 |

Kenneth Williams                                                                                          Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/3/2007 | DH | Conduct educational research regarding the issues in the parent's complaint, conduct review of the student's educational file and the parent's and DCPS' five-day disclosures, prepare questions for direct examination of the parent's witnesses, prepare questions for possible cross examination of DCPS' identified witnesses, prepare opening and closing statements, and conduct witness preparation for the student's upcoming administrative due process hearing with regards to DCPs' failure to comply with the parent's request for reevaluations. | 3.00 365.00/hr | 1,095.00 |
| 6/4/2007 | KD | Phone call to parent to see if she received reimbursement for travel expenses - answer was no | 0.08 115.00/hr | 9.58 |
|  | KC | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
|  | DH | Conduct last minute educational research regarding the issues in the parent's complaint, conduct final review of the student's educational file and the parent's and DCPS' five-day disclosures, review questions for direct examination of the parent's witnesses, review questions for possible cross examination of DCPS' identified witnesses, review opening and closing statements, conduct witness preparation, and appearance at the student's administrative due process hearing. | 3.00 365.00/hr | 1,095.00 |
|  | KC | Prepared for Due Process Hearing | 1.00 185.00/hr | 185.00 |
| 6/7/2007 | DH | Review the student's educational file, conduct educational research with respects to whether or not DCPS' violation of the hearing officer's determination is a substantive or procedural violation of the IDEIA, draft and file post hearing memorandum for the hearing officer. | 2.50 365.00/hr | 912.50 |
|  |  | For professional services rendered | 17.07 | $5,091.23 |
|  |  | Additional Charges : |  |  |
| 4/2/2007 | | copied HR |  | 6.00 |
|  | | Faxed HR to SHO |  | 7.00 |
| 4/10/2007 | | copied letter to parent and advocate re: HR |  | 4.00 |
|  | | copied letter to parent and advocate re: atty's letter to DCPS |  | 2.50 |
|  | | Postage: letter to parent with HR and attorney's letter |  | 0.87 |
| 4/24/2007 | | Postage; Letter to parent re: Complaint Disposition. |  | 0.39 |
|  | | copied letter to parent re: complaint disposition |  | 1.00 |

Kenneth Williams                                                                 Page        3

|            |                                                                    | Amount |
|------------|--------------------------------------------------------------------|--------|
| 5/22/2007  | copied letter to parent re: HN                                     | 0.50   |
|            | Postage; Letter to parent.                                         | 0.41   |
| 5/25/2007  | Messenger Service to and from DCPS (5-day Disclosures)             | 20.00  |
|            | copied 5 day disclosure for SHO/OGC                                | 51.00  |
| 6/7/2007   | Messenger Service to and from DCPS (Parent's Post Hearing Memorandum) | 20.00  |
|            | File review preparation of bill and invoice audit                 | 96.88  |
|            | Total additional charges                                          | $210.55 |
|            | Total amount of this bill                                         | $5,301.78 |

## User Summary

| Name                     | Hours | Rate   | Amount      |
|--------------------------|-------|--------|-------------|
| Domiento Hill, Attorney  | 11.67 | 365.00 | $4,258.33   |
| Kelly Dau, Paralegal     | 2.40  | 115.00 | $277.90     |
| Kevin Carter, Advocate   | 3.00  | 185.00 | $555.00     |

# Exhibit J

*State Education Agency for the District of Columbia*
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



## *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act of 2004.**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (**called a "Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: **Ronaisha Wright**    Date of Birth: **11/14/99**
Address **4432 G Street N.W., Washington, D.C. 20019**
Home School: **Amidon Elementary School**
Present School of Attendance:        Same

Is this a charter school? No        (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Sophia Wright**

Address (if different from the student's above): <u>same</u>

## B.   Legal Representative/Attorney:

Name: **Roberta L. Gambale, Esq.  ( James Brown and Associates, PLLC)**

Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>

Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>      (e-mail)
<u>Rgambale@jeblaw.biz</u>

Will attorney / legal representative attend the resolution session?   **X** Yes            □ No

## C.   Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

## D.   Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this process.

## E.   Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

## F.   Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

### I. Nature of the problem.

### Background

1. Ronaisa Wright, ( hereinafter "R.W."), DOB: 11/14/99, is a  7 year old student currently attending Amidon Elementary School .

2. DCPS failed to conduct initial evaluations within the one hundred twenty days set for in D.C. Municipal Regulations and a Due Process Complaint was filed by the parent on behalf of her child.

2

SEID DPCN Rev'd. 7/01/05

3. A Due Process hearing was held on or about August 1, 2006 and a Hearing Officer's Determination was issued on behalf of the student on or about August 2, 2006 requiring District of Columbia Public Schools ("DCPS") to conduct evaluations for the student within thirty days or fund independent evaluations.

4. DCPS never provided counsel for parent with copies of completed evaluation reports within the thirty day timeline and a referral for independent evaluations was sent out on behalf of this child.

5. A comprehensive psychological assessment was conducted on or about October 30, 2006 and a speech and language evaluation was conducted on or about November 1, 2006 which recommends that the student be found elgible for special education services.

6. The evaluations diagnosed this student with attention deficit hyperactive disorder ("ADHD") an expressive language disorder, and a developmental coordination disorder and recommended an occupational therapy evaluation, a psychiatric evaluation and a functional behavioral assessment ("FBA|") for this student.

7. The psychological evaluation specifically identified fine motor deficits and recommended an occupational therapy evaluation to determine if services in this area were warranted (pg 11).

8. The evaluation also recommended a functional behavioral assessment and a behavior plan to help R.W. improve her attention and impulse control at school (pg. 12).

9. The evaluation also recommended a psychiatric evaluation to address ADHD issues. (pg. 12).

10. The last indpendent evaluation pursuant to the order was submitted to DCPS on or about December 4, 2006 along with a request that DCPS conduct the additional evaluations recommended.

11. To date DCPS failed to conduct additional evaluations recommended by evaluations for this student and failed to convene a meeting to address eligibility and develop an Individualized Educational Program ("IEP") if eligible.

**Issues**

## 1. DISTRICT OF COLUMBIA PUBLIC SCHOOLS ("DCPS") FAILED TO CONDUCT A COMPREHENSIVE INITIAL EVALUATION OF THE STUDENT BY FAILING TO CONDUCT EVALUATIONS RECOMMENDED FOR THIS STUDENT

District of Columbia Public Schools ("DCPS") failed to conduct a comprehensive initial evaluation of the student by failing to conduct evaluations specifically recommended for this child in the psychological evaluation conducted and subsequently requested by the parent in writing. The evaluation specifically

3

recommended a. occupational therapy evaluation, a psychiatric evaluation and a functional behavioral assessment for this student.

According to Individuals with Disabilities Education Improvement Act of 2004, the local education agency must ensure that a student is evaluated so as to "gather relevant functional, developmental and academic information .... To assist in developing the content of the child's indivualized education program". The public agency is required to re-evaluate the student upon written request of the parent and/or teachers. Re-evaluations are required to be conducted not less than every 3 years. Pursuant to the IDEA, re-evaluations are required to be conducted within sixty (60) calendar days. See 20 U.S.C. 1414(a); 1414(a)(1)(e), [1] Furthermore there is an obligation to ensure that a child is "assessed in all areas of suspected disability" Further, the public Agency has an obligation to re-evaluation upon the request of the parent and/or the recommendations of teachers or service providers. See 20 U.S.C. 1414(b)(1)-(3), 1412 (a)(6)(B).[2] DC Municipal Regulations place the obligation to conduct comprehensive evaluations of the student upon the LEA. ( 30 DCMR Sec 3005)

In the instant matter, the public agency has failed to comply with this student's rights under the law and she has been denied a free and appropriate public education ("FAPE").

## 2. DISTRICT OF COLUMBIA PUBLIC SCHOOLS FAILED TO COMPLY WITH A HEARING OFFICER'S DETERMINATION ISSUED ON OR ABOUT 8/2/06 BY FAILING TO SCHEDULE A MEETING TO REVIEW INITIAL EVALUATIONS AND ADDRESS ELIGIBILITY IN A TIMELY MANNER

District of Columbia Public Schools ("DCPS") failed to comply with the Hearing Officer's Determination issued on or about August 2, 2006 requiring to convene a meeting to address eligibility for this student and/or develop an Individualized Educational Program ("IEP") if found eligible within fifteen business days. As a result this student has been denied a Free and Appropriate Public Education ("FAPE"). Evaluations suggest that this student is a student with a disability who is eligible for Special Educational services. The student continues to struggle academically in the current setting.

The original Complaint was brought as a result of the failure of the agency to evaluate within the time lines set forth by DC Municipal Regulations and/or identify this student as eligible for services. The public agency's child find obligation is an affirmative one. Lincoln County Sch. Dist. .A .A., 39 IDELR 185 (D.Or. 2003). Wise vs. Ohio Dept of Education, 80 F.3d. 177, 181 (6th Cir. 1996); Robertson County School System vs. King, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have

[1] See 300.301
[2] 300.304

4

suspected the student might have such a disability. Reid vs. District of Columbia, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.)[3] The proposed regulation at 34 C.F.R. 300.325(a)(1)(2) restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.7 and in need of special education, even though they are advancing from grade to grade." The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

(a)     The severity of the disability;

(b)     Whether the child is in the custody or under the jurisdiction of any public or private agency or institution;

(c)     Whether the child has never attended or will  never attend public school; and

(d)     Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B

A written request for evaluations to be completed with one hundred twenty calendar days, was submitted to   DCPS on or about February 1, 2006. The request was accompanied by a consent to evaluation form signed by the parent authorizing the public agency to proceed with testing. A year has passed and this student is still without needed services.

## II. Issues presented.

1. DISTRICT OF COLUMBIA PUBLIC SCHOOLS FAILED TO CONDUCT COMPREHENSIVE INITIAL EVALUATION OF THIS STUDENT AND THEREBY DENIED THIS STUDENT A FAPE BY FAILING TO CONDUCT RECOMMENDED EVALUATIONS FOR THIS STUDENT.

2. DISTRICT OF COLUMBIA PUBLIC SCHOOLS FAILED TO COMPLY WITH THE 8/2/06 HEARING OFFICER'S DETERMINATION BY FAILING TO CONVENE A MEETING WITHIN THE SPECIFIED TIMELINES THEREBY DENYING THIS STUDENT A FAPE.

## III. To the extent known to you at this time, how can this problem be resolved?

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

1. A finding that DCPS denied R.W. a FAPE by failing  to conduct  evaluations and/or convene a meeting to address eligibility,

2. That DCPS shall conduct and/or fund an occupational therapy evaluation, a functional behavioral assessment and a psychiatric evaluation;

---

[3] Under DCMR and DC Code DCPS has 120 days within which to complete the evaluation process and convene a meeting to address eligibility from the date written request is received.

5

3. That DCPS convene a meeting to review evaluations, revise the IEP, discuss and determine placement, discuss compensatory education and discuss the transition needs of this student;

4. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

5. DCPS shall issue a Notice of Placement for this student within 5 days for a public placement and within 30 days for a private placement;

6. Student reserves the right to request Compensatory for denials of FAPE that have occurred;

7. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

8. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

9. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

12. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

13. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

6

14. In the event ...at the DCPS shall fail to comply with ...e terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

15. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

16. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

17. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 20 U.S.C. 1415(b)(7),[4] provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

18. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

19. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to 20 U.S.C. 1415(c)(2)[5] respond to the parent's request alleging any insufficiency of notice.

20. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004 and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

21. That DCPS, pursuant to 20 U.S.C. 1415(f)(1)(B)[6] within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact

---

[4] 300.508(e)
[5] 300.508(d)
[6] 300.510

7

the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

22. That DCPS convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

23. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified in 20 U.S.C. !415(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

24. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

- N/A

Dated this 25th day of January 2007

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**

8

**Fax number: 202/442-5556**

9

```
*********************
***    TX REPORT    ***
*********************


TRANSMISSION OK

TX/RX NO            2008
CONNECTION TEL                  94425556
CONNECTION ID
ST. TIME           01/26 15:30
USAGE T            01'33
PGS. SENT          10
RESULT             OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:        January 26, 2007

TO:          Sharon Newsome, Student Hearing Office Coordinator, DCPS

PHONE:       202-442-4800

FAX NO:      202-442-5556

FROM:        Yamileth Amaya, Paralegal

Subject:     Ronaisa Wright
             DOB: 11/14/99


NUMBER OF PAGES INCLUDING COVER SHEET: 10

COMMENTS:  Please find attached Due Process Complaint.

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

------------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

--------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:        January 26, 2007

TO:          Sharon Newsome, Student Hearing Office Coordinator, DCPS

PHONE:       202-442-4800

FAX NO:      202-442-5556

FROM:        Yamileth Amaya, Paralegal

Subject:     Ronaisa Wright
             DOB: 11/14/99

NUMBER OF PAGES INCLUDING COVER SHEET: 10

COMMENTS:  Please find attached Due Process Complaint.



Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-412-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                          James Brown & Assoc., PLLC
    Attorney:                          James Brown
    Federal Tax ID No:                 52-1500760
    D.C Bar No:                        61622

2.  Student Information
    Name:                              Wright, Ronaisha
    DOB:                               11/14/99
    Date Hearing Request Filed:        1/26/07
    Date(s) of Hearing:                3/28/07
    Date of Determination (HOD/SA)     3/30/07
    Parent/Guardian Name:              Sophia Wright
    Parent/Guardian Address:           4432 G St., NW
                                       Washington, DC 20019

3.  Invoice Information
    Invoice Number:                    07-130
    Date Request Submitted:            4/27/07
    Date(s) of Services Rendered:      9/7/06 to 4/13/07
    Attorney Hourly Rate:              $       365.00
    Total Attorney Fees:               $     4,622.75
    Total Attorney Costs:              $       311.93
    Total Experts:                     $     1,159.95
    Total Invoice:                     $     6,094.63

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C Code § 22-2405.

    _(signature)_                      4/27/07
    Signature                          Date

                                                        Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION
### SPECIAL EDUCATION DUE PROCESS HEARING
### CONFIDENTIAL

Seymour DuBow, Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
(202) 442-5432; (202) 442-5556 (fax)

## HEARING OFFICER'S DETERMINATION

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| **Ronaisha Wright**, student ) | |
| Date of Birth: 11/14/99 ) | |
| ) | |
| Petitioner, ) | DATE OF HEARING: |
| ) | March 28, 2007 |
| v. ) | |
| ) | |
| **The District of Columbia Public Schools** ) | Attending School: |
| ) | Amidon E.S. |
| ) | |
| Respondent ) | |

**Counsel for Parent/Student:**

**Roberta Gambale, Esq.**
**1220 L Street, N.W.**
**Washington, D.C. 20005**

**Counsel for DCPS:**

**Tiffany Puckett, Esq.**
**825 N. Capitol Street, N.E.,**
**Washington, D.C. 20002**

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on March 28, 2007, at the request of Roberta Gambale, counsel for the parent and the student. Tiffany Puckett represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

1.     **Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to conduct recommended evaluations and failing to comply with the August 2nd 2006 Hearing Officer's Determination by failing to convene an MDT meeting?**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**RW-1-RW-14**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

**DCPS-1**

**DISPOSITION OF THE CASE:**

Counsel for DCPS made a Motion to Dismiss on the grounds that the parent did not attend a resolution meeting and that DCPS did not waive the resolution meeting. Counsel for the parent filed a complaint on January 26, 2007 and the deadline for the resolution meeting was February 10, 2007. DCPS sent out a letter of invitation to a resolution meeting and the educational advocate responded on February 12, 2007, that they could not attend and asked for rescheduling. (RW-11) The special education coordinator believes he attempted to reschedule, but the resolution meeting has not yet convened. Pursuant to 34 C.F.R. Section 300.510 convening of a resolution meeting is mandatory unless both parties agree to waive it in writing or agree to use the mediation

process. There was no waiver of the resolution meeting in this case. Counsel for DCPS's Motion to Dismiss is hereby **GRANTED**.

It is hereby ORDERED that:

The parties shall attend a resolution meeting and the parties have agreed to meet on April 17th at eleven a.m. for the resolution meeting.

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer        Date filed: March 30, 2007

Date Issued: 3|30|07

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: MARCH 30, 2007

TO: Roberta Gambale

FROM: STUDENT HEARING OFFICE

RE: Ronaisha Wright

TOTAL NUMBER OF PAGES, INCLUDING COVER: 4

COMMENTS:

*CONFIDENTIALITY NOTICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Ronasia Wright
DOB: 11/14/99

April 25, 2007

In Reference To:  Ronasia Wright
                  DOB: 11/14/99

Invoice #12455

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/7/2006 | YA | Phone call to parent regarding the status of evaluation | 0.17 115.00/hr | 19.55 |
| 9/8/2006 | YA | Draft letter to Amidon Elementary School to secure independent evaluations | 0.42 115.00/hr | 48.30 |
| | YA | Draft letter to Mediation /Compliance to secure independent evaluations | 0.42 115.00/hr | 48.30 |
| | YA | Prepared and referral to Cohn & Associates, for independent | 1.00 115.00/hr | 115.00 |
| | YA | Drafted letter to parent regarding referral for independent | 0.58 115.00/hr | 66.70 |
| | YA | Filed back disclosure documents in main file | 0.42 115.00/hr | 48.30 |
| 11/20/2006 | RG | Reviewed speech evaluation and instructions to paralegal re: follow up | 0.33 365.00/hr | 120.45 |
| 11/21/2006 | YA | Drafted letter to Amidon ES with copy of the speech and language evaluation | 0.42 115.00/hr | 48.30 |
| | RG | Reviewed speech evaluation and instructions to YA re: follow up | 0.33 365.00/hr | 120.45 |
| | YA | Drafted letter to Mediation and Compliance with copy of the speech and language evaluation | 0.42 115.00/hr | 48.30 |

Ronasia Wright

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/21/2006 | YA | Drafted letter to parent with copy of the speech and language evaluation | 0.58 115.00/hr | 66.70 |
| 11/28/2006 | CH | Phone call from SEC to schedule meeting | 0.17 185.00/hr | 31.45 |
| | CH | Phone call to mom to schedule meeting and questioned her concerns. | 0.25 185.00/hr | 46.25 |
| 12/4/2006 | YA | Draft letter to Amidon ES and Mediation and Compliance with copy of the psycho-educational and clinical evaluation | 0.50 115.00/hr | 57.50 |
| | YA | Drafted letter to parent with copy of the psycho-educational and clinical | 0.58 115.00/hr | 66.70 |
| | RG | Reviewed evaluation ( cE & PE) and instructions to YA re: status letter to mom and request for ot as recomended | 0.50 365.00/hr | 182.50 |
| 12/11/2006 | CH | Phone call to SEC to remind of meeting scheduled for tomorrow | 0.17 185.00/hr | 31.45 |
| | CH | Phone call to mom to remind of meeting | 0.17 185.00/hr | 31.45 |
| 12/12/2006 | CH | Visited school to check up on Eligibility meeting that was scheduled and confirmed for today, school had not completed all evals. | 1.00 185.00/hr | 185.00 |
| 12/18/2006 | CH | Draft letter to SEC regarding independent evals | 0.42 185.00/hr | 77.70 |
| 1/2/2007 | CH | Draft letter to status letter to SEC regarding independent evaluations | 0.42 185.00/hr | 77.70 |
| 1/24/2007 | RG | Began to prepare due process hearing request to DCPS- drafted complaint; reviewed file to ascertain compliance and call to mom | 2.00 365.00/hr | 730.00 |
| 1/26/2007 | RG | Prepared and file due process hearing request to DCPS- completed complaint and instructions to paralegal re: follow up | 0.33 365.00/hr | 120.45 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| 1/29/2007 | YA | Tickled resolution meeting deadline | 0.17 115.00/hr | 19.55 |
| | YA | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on (January 26, 2007); includes copying complaint and mailed | 0.58 115.00/hr | 66.70 |
| 2/6/2007 | CH | Phone call from SEC regarding evals that have not been completed | 0.25 185.00/hr | 46.25 |

Ronasia Wright

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/12/2007 | CH | Draft letter to SEC confirming meeting | 0.42 185.00/hr | 77.70 |
| 3/7/2007 | YA | Review and draft letter to parent with a copy of the due process hearing notice date sent  by the Student Hearing Office; includes copying and mailed | 0.42 115.00/hr | 48.30 |
| 3/21/2007 | RG | Prepare disclosure to DCPS | 1.00 365.00/hr | 365.00 |
| | YA | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.67 115.00/hr | 192.05 |
| 3/23/2007 | YA | Filed back disclosures in main file | 0.42 115.00/hr | 48.30 |
| | YA | Phone call to Cohn & Associates to discuss hearing with evaluators | 0.17 115.00/hr | 19.55 |
| | RG | Conference with parent re: hearing and current status | 0.25 365.00/hr | 91.25 |
| 3/26/2007 | YA | Conference with evaluator, Speech Pathologist regarding the hearing | 0.33 115.00/hr | 37.95 |
| | YA | Draft letter to attorney and advocate regarding response from the psychologist | 0.33 115.00/hr | 37.95 |
| | YA | Draft letter to attorney and advocate regarding response from the Speech Pathologist | 0.33 115.00/hr | 37.95 |
| | RG | Prepared for Due Process Hearing and call to mom | 1.50 365.00/hr | 547.50 |
| | YA | Conference with evaluator, psychologist regarding the hearing | 0.33 115.00/hr | 37.95 |
| 3/27/2007 | CH | Prepared for Due Process Hearing | 1.00 185.00/hr | 185.00 |
| 3/28/2007 | RG | Appearance to 825 North Capital for due process hearing and post hearing discussion with parent | 2.00 365.00/hr | 730.00 |
| | CH | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
| 3/30/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |

Ronasia Wright                                                                          Page    4

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 4/13/2007 YA | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on March 30th; includes copying and mailed | 0.58 115.00/hr | 66.70 |
| | For professional services rendered | 26.26 | $5,782.70 |
| | Additional Charges : | | |
| 9/8/2006 | Facsimile to Amidon ES re: secure independent | | 2.00 |
| | Facsimile to Mediation/compliance re: secure independent | | 2.00 |
| | Facsimile to Cohn + Assoc re: secure independent | | 6.00 |
| | Copied documents for parent re: status ltr | | 0.25 |
| | Postage; letter to parent. | | 0.39 |
| 11/21/2006 | Postage; Letter to parent re: S/P | | 0.63 |
| | Copied; letter for parent re: S/P | | 0.25 |
| | Fax med. & comp., Amidon | | 14.00 |
| 12/4/2006 | Faxed doc to Mediation + Compliance re: psycho-ed/clinical | | 18.00 |
| | Faxed doc to DCPS re: psycho-ed/clinical | | 18.00 |
| | Faxed doc to Amidon ES re: psycho-ed/clinical | | 18.00 |
| | Postage; Psycho-educational evaluation w/letter to parent. | | 0.87 |
| | Made copies for adv re: psycho ed/clinical | | 4.00 |
| | Made copies for parent re: psycho ed/clinical | | 4.00 |
| 12/14/2006 | Rec'd fax from Amidon ES; mtg notes | | 2.00 |
| 12/18/2006 | Faxed doc to Amidon ES re: status of evals | | 2.00 |
| 1/26/2007 | copied letter to parent re: HR | | 5.00 |
| | Faxed doc to SHO re: HR | | 10.00 |
| 1/29/2007 | copied letter to parent re: HR | | 0.50 |
| | Postage; Letter to parent re: HR. | | 0.63 |
| 2/12/2007 | Fax request for mtg to Amidon ES | | 2.00 |

Ronasia Wright

| | Amount |
|---|---|
| 3/7/2007 Postage; HDN w/letter to parent. | 0.39 |
| Copied doc for adv re: HDN + ltr | 0.50 |
| Copied doc for parent re: HDN + ltr | 0.50 |
| 3/20/2007 Facsimile Disclosure Statement | 3.00 |
| 3/21/2007 copied 5 day disclosure | 64.50 |
| Messenger Service to and from DCPS (5 day) | 20.00 |
| 3/30/2007 Rec'd faxed HOD from SHO | 4.00 |
| copied HOD | 4.00 |
| 4/9/2007 Copied documents HOD | 4.00 |
| 4/13/2007 Postage; Letter to parent re: HOD | 0.39 |
| Copied; HR for file. | 2.75 |
| Copied; Letter for parent. | 0.50 |
| File review preparation of bill and invoice audit | 96.88 |
| Total additional charges | $311.93 |
| Total amount of this bill | $6,094.63 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Corey Hamilton, Advocate | 6.27 | 185.00 | $1,159.95 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Roberta Gambale, Attorney | 8.24 | 365.00 | $3,007.60 |
| Yamileth Amaya, Paralegal | 10.84 | 115.00 | $1,246.60 |

# Exhibit K

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

* The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

* The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

* Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

* **Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.** Therefore, please be thorough in providing the information requested.

* Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

* Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: ___Tia Wright___  Date of Birth: ___November 1, 1993___

Address: _309 53rd Street, NE, Washington, DC 20019_

Present School of Attendance: Friendship-Edison Blow Pierce Campus

Parent/Guardian of the Student: ___Ms. Wanda Ashford___

**B.** **Legal Representative/Attorney (if applicable):**

Name: ___Domiento C.R. Hill, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____ _____ _____ ___

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.** **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐ Charter   school   (name   of   the   charter   school   if   different   from   page one)___ __ _____ _____ _____ _____ _____ _____ _____

☐ Non-public      school      or      residential      treatment      facility      (name) ___ _____ _____ _____ _____ _____ _____

☐ Parent

**D.** **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.** **Mediation Process:**

I am requesting an administrative due process hearing _only_ at this time.

**F.** **Facts and Reasons for the Complaint:**

**I.** **Nature of the Problem.**

1. The student's name is Tia Wright (hereinafter "T.W.").

2. T.W.'s date of birth is November 1, 1993.

3. T.W.'s address is 309 53rd Street, NE, Washington, DC 20019.

4. The student, for the 2005-2006 School Year, attended Drew Elementary School located in the District of Columbia.

5. T.W., since the start of the 2006-2007 school year, has been attending Friendship-Edison Public Charter School – Blow Pierce Campus.

6. T.W.'s parent is Wanda Ashford (hereinafter "Parent" or "Complainant").

7.  T.W. and the parent reside in the same household.

8.  T.W. at all times prior to the filing of this complaint, resided in the District of Columbia and was enrolled within the District of Columbia Public Schools (hereinafter "DCPS").

## B. RELEVANT FACTS AND REASONS FOR THE COMPLAINT

9.  The parent re-alleges paragraphs 1-8.

10.  T.W. is a student with noted optical problems since as early 1998.

11.  On or about June 7, 2005, an MDT/IEP Meeting was held for the student, while she was attending Drew Elementary School.

12.  At the MDT/IEP Meeting, the MDT Team determined the problems with her eyes needed to be investigated.

13.  After numerous letters written by the parent's counsel inquiring into the status of the student's vision evaluation, copy of the assessment was provided to the parent's counsel on or about August 31, 2005.

14.  In the evaluation, it was recommended that the student receive an evaluation from an office that specializes in binocular vision and complete a program of vision therapy if recommended.

15.  In response to that evaluation, the parent, by and through counsel, on or about September 30, 2005, wrote a letter to DCPS requesting that a full vision evaluation be conducted that specializes in binocular vision.

16.  On or about November 2, 2005, the parent's counsel received from DCPS correspondence stating that the student was being referred for the vision evaluation, to include binocular testing.

17.  The parent, by and through counsel, after having failed to receive the evaluation, on or about November 23, 2005 filed an administrative due process hearing request.

18.  On or about December 5, 2005, DCPS filed a response to the parent's administrative due process complaint notice alleging that the filing of the parent's administrative due process complaint was premature as DCPS, according to the response, had 120 days to conduct the evaluation. See DCPS' Motion to Dismiss dated December 5, 2005.

19.  Furthermore, DCPS stated that the still had 30 days to complete the evaluation. Id.

20.  An MDT/IEP Meeting was held for the student on or about February 14, 2006.

21.  At the MDT/IEP Meeting, DCPS informed the parent's educational advocate that they had yet to conduct the evaluation.

22  Additionally, DCPS refused to comply with the educational advocate's request that the MDT/IEP Meeting be rescheduled to allow the parent to participate in the MDT/IEP Meeting, a request that was denied by DCPS.

27. Moreover, DCPS failed to have a representative of the local education agency present.

28. As a result thereof, the parent, by and through counsel, on or about February 17, 2006, filed a due process complaint notice.

29. An administrative due process complaint notice was filed on the student's behalf on or about May 23, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about June 5, 2006, issued an impartial due process hearing officer's decision in which DCPS was ordered to do, among other things, fund the parent's independent binocular vision evaluation, and reconvene the student's MDT/IEP Meeting within ten (10) school days upon receipt of the student's binocular vision evaluation, and determine the impact of the student's possible vision problems on her educational performance. See Order dated June 5, 2006.

30. The student's binocular vision evaluation was completed by Children's National Medical Center on or about October 4, 2006, and provided to the parent on or about November 16, 2006.

31. On or about November 20, 2006, the parent, by and through counsel, provided a copy of the evaluation, and impartial hearing officer's decision to the student's former special education coordinator, at Drew Elementary School, and the DCPS Placement Specialist/Monitor for the Friendship-Edison Public Charter School, along with a letter requesting that the student's MDT/IEP Meeting be reconvened. See Correspondence dated November 20, 2006. DCPS did not respond.

32. On or about December 7, 2006, counsel for the parent wrote to the DCPS Office of Mediation and Compliance informing them that DCPS had yet to comply with the terms of the order and further that the parent intended to file a due process complaint notice. See Correspondence dated December 7, 2006. The parent's counsel further informed DCPS that the parent intended to file a due process complaint notice in the event of noncompliance by DCPS. DCPS, for a second time, did not respond.

### A. DCPS Denied the Student with a Free and Appropriate Public Education – By Failing to Comply with the Impartial Due Process Hearing Officer's Decision of June 5, 2006, and Reconvene the Student's MDT/IEP Meeting within fifteen (15) school days.

33. The parent re-alleges paragraphs 1-32.

34. An administrative due process hearing was held for the student on or about May 23, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about June 5, 2006, issued an impartial due process hearing officer's decision in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, within ten (10) school days upon

receipt of the parent's independent binocular vision evaluation, convene an MDT/IEP placement meeting to review all evaluations and revise and update the student's IEP as warranted. See Order dated June 5, 2006.

35. As stated in the above, the parent, by and through counsel, on or about November 20, 2006, provided a copy of the student's binocular vision evaluation, HOD, and request to reconvene the student's MDT/IEP Meeting. DCPS did not respond.

36. A second letter was sent to DCPS on or about December 7, 2006, informing them that the parent intended to file a due process complaint notice as a result of DCPS' noncompliance with the settlement agreement, DCPS did not respond.

37. To date, the student's MDT/IEP Meeting has yet to be reconvened.

**B. The Student, as a result of DCPS' noncompliance with the most recent Consent Order issued on or about November 1, 2006, is Entitled to Receive Compensatory Education Services.**

38. The parent re-alleges paragraphs 1-36.

39. According to the Blackman, et al., v. District of Columbia, et al., 2006 WL 2456413 (D.D.C), Consent Decree [there] exists a rebuttable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs." As a result thereof, the Consent Decree establishes a right to those students to receive compensatory education. "Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the

inappropriate placement or denial of services, measured in weeks, months or even years. In <u>Manchester</u>, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, because DCPS failed to comply with several administrative orders and settlement agreements, the most recent one being issued on or about June 5, 2006, the student is entitled to receive compensatory education.

## C. ISSUES PRESENTED

1. DCPS failed to comply with the June 5, 2006 Order of the impartial due process hearing officer; and

2. The student, as a result of DCPS' noncompliance with the expressed written terms of the settlement agreement and as a result of DCPS failure to provide the student with his special education instruction, entitles the student to receive compensatory education.

## D. REQUESTED RELIEF

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS failed to comply with the June 5, 2006 Order of the impartial due process hearing officer;

2. A finding that the student is entitled to receive compensatory education;

3. DCPS, within five (5) business days, agrees to reconvene the MDT/IEP Meeting for T.W., to review all outstanding evaluations, revise T.W.'s IEP as necessary, discuss and determine if a change in placement is necessary;

4. If a change in placement is necessary, DCPS will have five (5) business days to issue a Prior Notice of Placement to a DCPS public school, and thirty (30) calendar days to issue a Prior Notice of Placement to a non-public or private school;

5. DCPS agrees to provide the student with four (4) hours of compensatory education services, in the form of one-on-one tutoring, for two (2) years;

6. DCPS agrees to pay counsel for the parent reasonable attorney's fees;

7. All meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. DCPS will be given a day for day extension for any delay caused by the parent, D.C, counsel for the parent, or the parent's educational advocate;

9.  Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

12. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors  that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and  accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

16. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15)

calendar days of receiving the parent's administrative due process complaint, shall c contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

18.  That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

19.  That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

20.  A finding that the parent is the prevailing party in this action.

## G.  <u>Accommodations and Assistance Needed:</u>

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                  (please                    specify                    the type)_____
- Special       Communication        (please        describe        the type)_____
- Special       Accommodations       for       Disability       (please       be specific)_____
- Other_____

## H.  <u>Signature:</u>

_____                         12/15/06
Legal Representative / Advocate (if applicable)            Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                              James Brown & Assoc., PLLC
    Attorney:                              James Brown
    Federal Tax ID No:                     52-1500760
    D.C Bar No:                            61622

2.  Student Information
    Name:                                  Wright, Tia
    DOB:                                   11/1/93
    Date Hearing Request Filed:            12/17/06
    Date(s) of Hearing:                    3/15/07
    Date of Determination (HOD/SA):        4/2/07
    Parent/Guardian Name:                  Wanda Ashford
    Parent/Guardian Address:               309 53rd St., NE
                                           Washington, DC 20019

3.  Invoice Information
    Invoice Number:                        07-128
    Date Request Submitted:                4/27/07
    Date(s) of Services Rendered:          6/5/06 to 4/17/07
    Attorney Hourly Rate:                  $   365.00
    Total Attorney Fees:                   $  5,723.00
    Total Attorney Costs:                  $    508.75
    Total Experts:                         $    354.35
    Total Invoice:                         $  6,586.10

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C Government is
      punishable by criminal penalties pursuant to D.C Code § 22-2405.

    _signature_                    4/27/07
    Signature                      Date

                                              Revised Nov. 2006

# District of Columbia Public Schools

## Office of Management Services

Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

## Confidential

TIA WRIGHT, STUDENT        )
        )
Date of Birth:  November 1, 1993  )
        )
Petitioner,        )  Hearing Date: March 15, 2007
        )
v.        )
        )
THE DISTRICT OF COLUMBIA  )
PUBLIC SCHOOLS      )
        )  Held at: 825 North Capitol Street, N.E.
Respondent.      )     8th Floor
        )     Washington, D.C. 20002

## HEARING OFFICER'S DECISION

Parents:        Ms. Wanda Ashford
        309 53rd Street, NE
        Washington, D.C. 20019

Counsel for Petitioner:    Domiento C. R. Hill, Esquire
        James E. Brown & Associates
        1220 L Street, N.W.
        Suite 700
        Washington, D.C. 20005
        (202) 742-2000; Fax: (202) 742-2098

Counsel for DCPS:     Karen Herbert, Esquire
        Office of the General Counsel, DCPS
        825 North Capitol Street, N.E.; 9th Floor
        Washington, D.C. 20002

*In the Matter of T.W.*

**I.**       <u>**JURISDICTION**</u>

   The Due Process Hearing was convened and this Order is written
pursuant to Public Law 105-17, the *Individuals with Disabilities Education
Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34
C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C.
Appropriations Act, effective October 21, 1998; and the Rules of the Board
of Education of the District of Columbia.

**II.**      <u>**DUE PROCESS RIGHTS**</u>

   Parent's counsel waived a formal reading of the due process rights.

**III.**     <u>**FIVE-DAY DISCLOSURE**</u>

   Petitioner: Presented the mother, Wanda Ashford as a witness and the educational
advocate, Kevin Carter as witnesses without objection. Petitioner submitted disclosures
labeled TW1-TW20 without objection.

   Respondent: No witnesses were present or called to testify. Respondent submitted
disclosure letter and DCPS01-DCPS03 without objection.

**IV.**      <u>**STATEMENT OF THE CASE**</u>

   On December 18, 2006 a Due Process Hearing Request was received alleging that the
District of Columbia Public Schools failed to comply with a June 5, 2006 Hearing
Officer's Determination and that the Petitioner is entitled to compensatory education due
to an alleged pattern of noncompliance with administrative orders and settlement
agreements. The Student Hearing Office, DCPS, scheduled a Due Process Hearing for
March 15, 2007 at 3:00pm  at DCPS Headquarters, 825 North Capitol Street, N.E., 8th
Floor, Washington, DC 20002.  This hearing date was continued from February 15, 2007
to March 15, 2007 at 3:00pm due to inclement weather. Attorney Advisor Karen Herbert
appeared in person for DCPS.  Attorney Domiento Hill appeared in person on behalf of
Petitioner.

   The Respondent submitted a Response indicating that DCPS acknowledged that there
was a failure to reconvene the MDT meeting within fifteen days of the Hearing Officer's
Determination. However, they assert that the parent has been offered three meeting dates
and that DCPS is awaiting a response to the invited meeting dates from the parent and her
counsel. DCPS also responded that an award of compensatory education can not be
contemplated since there is no proof that Petitioner was denied FAPE.

   At the hearing, DCPS made a Motion to Dismiss and argued that the Petitioner was
precluded from pleading a claim related to the violation of a Hearing Officer's
Determination for lack of jurisdiction. Petitioner asserted that *Cox v. DCPS* 878 F2nd

*In the Matter of T.W.*

412 required the Petitioner to exhaust its administrative remedies in the due process hearing forum and that Hearing Officer Determinations are properly plead in an administrative due process hearing. The motion was held in abeyance in order to take testimony in the event the motion was overruled.

## V.        FINDINGS OF FACT

Respondent's motion is dismissed since DCPS regulations permit, "a parent of a LEA child or the LEA...to initiate a hearing, when there is a dispute about the eligibility, identification, evaluation, educational placement, or **the provision of FAPE to a child with a disability, in accordance with 20 U.S.C. § 1415 (f)."[1]** [Emphasis Added]

Moreover, 20 U.S.C. § 1415 (f) refers back to 20 U.S.C. § 1415 (b)(6), which requires school districts to provide "An opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child..." Thus, a party may seek compliance of a previous HOD in the District by filing a new IDEIA complaint when the non-compliance of DCPS constitutes a denial of FAPE.

Finally, when DCPS entered into a Consent Decree in *Blackman v. District of Columbia* on July 26, 2006 which the court approved on August 24, 2006, DCPS agreed to the establishment of a subclass referred to as the "Jones class," which was created to include,

All children, now [as of January 1, 1995] *and in the future,* who are entitled to have DCPS provide them with a free appropriate public education (FAPE) and who have been denied same because DCPS either (a) has failed to fully and timely implement the determinations of hearing officers, or (b) failed to fully and timely implement agreements concerning a child's identification, evaluation, educational placement, or provisions of FAPE that DCPS has negotiated with child's parent or education advocate.[2]

Hence, DCPS has agreed that the failure timely to implement an HOD constitutes a denial of FAPE, and that any student, "now and in the future," who's HOD has not been timely implemented, is a member of the class entitled to relief. DCPS also agreed that its failure timely to comply with an HOD creates a rebuttable presumption of harm to the affected Petitioner.

The record indicates that the Hearing Officer's Determination issued by Hearing Officer Smith on May 23, 2006 resulted in a obligation to convene a meeting no later

---

[1] 5 D.C.M.R. §3029.1.
[2] Decree p. 10

*In the Matter of T.W.*

than December 6, 2006. The Petitioner's Special Education Advocate credibly testified that he was not aware of any meeting dates being proposed prior to the day of the March 15, 2007 hearing. Moreover, the Petitioner's mother credibly testified that she has not received any letters of invitation to a meeting.

Hence, relief is warranted.

**VI.** **ORDER**

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 30th day of March 2007, it is hereby

**ORDERED,** that DCPS shall assure the convening a meeting not later than ten school days after the issuance of this Order. The purpose of the meeting shall be to review evaluations, review and revise the Petitioner's IEP and determine if any compensatory education is warranted due to the delay in convening the meeting as scheduled on December 6, 2006.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

Tonya M. Butler Truesdale, Esquire
Hearing Officer

March 30, 2007
Date

Issued: ___4/2/07___

Student Hearing Office, DCPS

Copies to:

Domiento C. R. Hill, Esquire

*In the Matter of T.W.*

James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Karen Herbert, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: April 2, 2007

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: Wright, Tia

TOTAL NUMBER OF PAGES, INCLUDING COVER: 6

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Tia Wright

April 17, 2007

In Reference To:   Tia Wright

Invoice #12431

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/5/2006 CMM | Review HOD and drafted letter to parent detailing HOD dated 6-05-06 | 0.58<br>115.00/hr | 66.70 |
| 6/14/2006 KD | Drafted letter to parent/enclosed copy of 6-5-06 HOD/copy to advc and file/added to case notes | 0.42<br>115.00/hr | 48.30 |
| 8/21/2006 CMM | Phone call to parent to discus binocular vision testing status | 0.25<br>115.00/hr | 28.75 |
| CMM | Drafted letter to parent/enclosed copy of HOD that funds the binocular vision testing | 0.58<br>115.00/hr | 66.70 |
| 10/10/2006 CMM | Phone call to parent to discuss binocular testing | 0.25<br>115.00/hr | 28.75 |
| 11/3/2006 BC | File Review and sent letter to parent/student | 0.17<br>130.00/hr | 22.10 |
| 11/20/2006 CMM | Phone call to discuss case status | 0.25<br>115.00/hr | 28.75 |
| 11/22/2006 KD | Drafted letter to parent/enclosed copy of Atty's 11-20-06 Ltr to Drew ES and to DCPS with vision results from Children's and with HOD/copy to advc and file/added to case notes | 0.42<br>115.00/hr | 48.30 |
| 12/7/2006 DH | Draft and send letter to DCPS regarding noncompliance. | 0.25<br>365.00/hr | 91.25 |
| 12/15/2006 DH | Review the student's educational file to determine DCPS' compliance with the order of the expressed written terms of the recent settlement agreement, discussion with the parent and educational advocate to | 2.00<br>365.00/hr | 730.00 |

Tia Wright                                                                                              Page    2

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | determine DCPS compliance, draft and file administrative due process complaint notice after conducting educational research to determine remedies available to the parent. |  |  |
| 12/20/2006 | KD | Drafted letter to parent/enclosed copy of Atty's 12-7-06 Ltr to DCPS re noncompliance/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 12/21/2006 | KD | Drafted Case Status letter to parent/copy to file/added to case notes | 0.33 115.00/hr | 37.95 |
| 1/19/2007 | WB | Drafted letter to parent with an enclosed copy of the Due Process Complaint Disposition and its meeting notes developed on 1/12/07 | 0.58 115.00/hr | 66.70 |
| 1/26/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 2/8/2007 | DH | Draft and send letter to Evan Murray regarding the scheduling of the student's MDT Meeting. | 0.25 365.00/hr | 91.25 |
|  | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00 115.00/hr | 115.00 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing, give to paralegal for their completion. | 1.00 365.00/hr | 365.00 |
| 2/14/2007 | DH | Prepare for the student's administrative due process hearing by reviewing the student's educational file, reviewing the parent's and DCPS' five-day disclosures, prepare questions for direct examination of parent witnesses, and possible cross examination of DCPS witnesses, prepare opening and closing statements, and conduct witness preparation with the mother and educational advocates for the upcoming due process complaint notice hearing. | 2.00 365.00/hr | 730.00 |
| 2/27/2007 | KD | Drafted letter to parent/enclosed copy of Revised Hearing Notice/copy to advc and file/added to case notes | 0.25 115.00/hr | 28.75 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 2-8-07 Ltr to DCPS with mtng dates/copy to advc and file/added to case notes | 0.25 115.00/hr | 28.75 |
| 2/28/2007 | DD | Reviewed hearing notice received from paralegal | 0.25 185.00/hr | 46.25 |
| 3/8/2007 | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00 115.00/hr | 115.00 |

Tia Wright

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/8/2007 | DH | Review the student's educational file, prepare and send five-day disclosures to the DCPS Office of the General Counsel and the DCPS Office of Student Hearings. | 1.00 365.00/hr | 365.00 |
| 3/14/2007 | DH | Conduct preparation of the student's administrative due process hearing by reviewing the student's educational file, conducting educational issues in the case regarding, inter alia, DCPS' noncompliance with the most recent hearing officer's determination, prepare questions for direct of parent witnesses, prepare questions for possible cross examination of DCPS witnesses, review parent's and DCPS' five-day disclosures, conduct witness preparation for the student's hearing, and prepare opening and closing statements for the student's administrative due process hearing. | 2.50 365.00/hr | 912.50 |
| 3/15/2007 | KC | Prepared for Due Process Hearing | 0.50 185.00/hr | 92.50 |
| | KC | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
| | DH | Conduct final preparation of the student's administrative due process hearing by reviewing the student's educational file, conducting final educational issues in the case regarding DCPS' noncompliance with the hearing officer's decision, review opening and closing statements for the student's administrative hearing, review questions for direct of parent witnesses, review questions for possible redirect of DCPS witnesses, review parent's and DCPS' five-day disclosures, and appearance at the student's administrative due process hearing. | 4.00 365.00/hr | 1,460.00 |
| 4/2/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| 4/13/2007 | KD | Drafted letter to parent/enclosed copy of the 4-2-07 HOD/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| | | For professional services rendered | 23.40 | $6,231.75 |
| | | Additional Charges : | | |
| 6/5/2006 | | Facsimile Received from DCPS;HOD | | 7.00 |
| | | Copied documents; HOD | | 7.00 |
| | | Postage; letter to parent re: HOD. | | 0.63 |
| 6/14/2006 | | Postage; letter to parent re: HOD. | | 0.63 |
| | | Copied 6-5-06 HOD with CVR ltr for parent/Adv. | | 4.00 |

Tia Wright

| | | Amount |
|---|---|---|
| 7/5/2006 | Facsimile: letter to school. | 2.00 |
| 8/21/2006 | Postage;copy of HOD for parent. | 0.63 |
| | copied letter to parent | 2.50 |
| 11/3/2006 | Postage; | 0.39 |
| 11/20/2006 | Fax letter & eval to OMC | 11.00 |
| | Fax letter & eval to OSE | 11.00 |
| 11/22/2006 | Postage; Letter to parent re: Attorney's letter. | 0.87 |
| | copied letter to parent and advocate re: attorney's letter to Drew | 7.00 |
| 12/17/2006 | Facsimile; HR to SHO. | 9.00 |
| | copied HR | 8.00 |
| 12/18/2006 | Messenger Service to and from DCPS (Due Process Complaint) | 20.00 |
| 12/20/2006 | Copied; Letter for parent and advocate re: attorney's letter. | 1.50 |
| | Postage; Letter to parent re: Attorney's letter | 0.39 |
| 12/21/2006 | Copied; Case status letter for file. | 0.25 |
| | Postage; Letter to parent re: Case status. | 0.39 |
| 1/19/2007 | Postage; letter to parent | 0.39 |
| | Copied documents letter to parent | 0.50 |
| 1/26/2007 | Copied; HN and CVR w/letter for parent and advocate. | 1.00 |
| | Postage; HN to parent. | 0.39 |
| | Received fax from Dalton re: ltr | 3.00 |
| 2/8/2007 | Copied doc for OGC re: 5 day | 20.50 |
| | Copied doc for SHO re: 5 day | 20.50 |
| | Messenger Service to and from DCPS (5 day disclosure) | 20.00 |
| 2/27/2007 | Postage; Revised HN w/letter to parent. | 0.63 |
| | Copied; Revised HN w/letter for parent and advocates. | 1.50 |

Tia Wright                                                                                    Page     5

|            |                                                         | Amount |
|------------|---------------------------------------------------------|--------|
| 2/27/2007  | Copied; letter for parent and advocates re: attorney's letter. | 2.25 |
| 3/8/2007   | Messenger Service to and from DCPS (5 day)              | 20.00  |
|            | Copied; Disclosure for SHO and OGC.                    | 41.50  |
| 3/15/2007  | Taxi Service to and from DCPS (hearing)                | 16.00  |
| 4/2/2007   | Rec'd faxed HOD from SHO                               | 6.00   |
|            | copied HOD                                             | 6.00   |
| 4/6/2007   | Copied documents HR                                    | 2.00   |
| 4/13/2007  | copied letter to parent                               | 0.50   |
|            | Postage: letter to parent                             | 0.63   |
| 4/17/2007  | File review preparation of bill and invoice audit     | 96.88  |

|                          |            |
|--------------------------|------------|
| Total additional charges | $354.35    |

|                          |            |
|--------------------------|------------|
| Total amount of this bill | $6,586.10 |

## User Summary

| Name                        | Hours | Rate   | Amount     |
|-----------------------------|-------|--------|------------|
| Blair Copeland, Paralegal   | 0.17  | 130.00 | $22.10     |
| Claudia M.Martinez, Paralegal | 1.91 | 115.00 | $219.65   |
| Domiento Hill, Attorney     | 13.00 | 365.00 | $4,745.00  |
| Donte Davis, Advocate       | 0.25  | 185.00 | $46.25     |
| James E. Brown, Attorney    | 0.33  | 405.00 | $133.65    |
| Kelly Dau, Paralegal        | 4.66  | 115.00 | $535.90    |
| Kevin Carter, Advocate      | 2.50  | 185.00 | $462.50    |
| Williams Bautista, Paralegal | 0.58 | 115.00 | $66.70    |

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| | |
|---|---|
| **I (a) PLAINTIFFS**<br><br>JEANNE ALLEN, et al.<br><br>*110 ol* | **DEFENDANTS**<br><br>DISTRICT OF COLUMBIA, et al. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>Domiento C.R. Hill<br>Roxanne D. Neloms<br>James E. Brown & Associates, PLLC<br>1220 L Street, NW, Suite 700<br>Washington, DC 20005<br>202-742-2000 | Case: 1:07-cv-01398<br>Assigned To : Leon, Richard J.<br>Assign. Date : 8/1/2007<br>Description: Admn. Agency Review |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ◉ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

*3*

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

20 USC 1400-1491 as amended Federal Question review of agency decision involving rights to Free Appropriate Education

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE 7/31/07   8-1-07   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.