UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            :
**JEANNE ALLEN, et al.,**              :
                                            :
    v.                         : Civil No.: 07-1398 (RJL)
                                            :
                                            :
**DISTRICT OF COLUMBIA, et al.**  :
                                            :
_____ :

## MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

The Defendants, through counsel and pursuant to Fed. R. Civ. P. 12(b)(1), hereby move this Court for partial dismissal of Plaintiffs' claims because this Court lacks subject matter jurisdiction over those claims.

The reasons for the motion are set forth in the accompanying Memorandum of Points and Authorities. A proposed Order is also attached.

                    Respectfully submitted,

                    LINDA SINGER
                    Attorney General for the
                    District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    ***/s/ Edward P. Taptich***
                    EDWARD P. TAPTICH [#012914]
                    Chief, Equity Section II

2

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

August 13, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  :
                                :
**JEANNE ALLEN, et al.,**       :
                                :
       v.                       :  Civil No.: 07-1398 (RJL)
                                :
                                :
**DISTRICT OF COLUMBIA, et al.** :
                                :
_____  :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

On August 1, 2007, Plaintiffs filed a Complaint pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 et seq. ("IDEIA"), seeking attorneys' fees and costs for allegedly prevailing at administrative hearings convened on behalf of eleven students with disabilities enrolled in the District of Columbia Public Schools ("DCPS").  However, as to eight of the eleven claims submitted, Plaintiffs have failed to exhaust their administrative remedies, and this Court is without jurisdiction to hear those claims.  Therefore, the claims of D.A., D.D., S.G., B.G., A.G., J.N., T.P. and K.W. should be dismissed.[1]

**ARGUMENT**

1. **Standard for dismissal under Fed. R. Civ. P. 12(b)(1).**

When plaintiffs fail to exhaust their administrative remedies under the IDEIA, the court will dismiss their claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  See Moss v. Smith, 794 F. Supp. 11, 13 (D.D.C. 1992).  The Moss

---

[1] The claims of A.T., T.W. and R.W. are not being challenged here.

3

Court found that the plaintiff was required to exhaust her administrative remedies under the IDEIA prior to filing suit because the administrative remedies available were neither futile nor inadequate.  In <u>Artis v. Greenspan</u>, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) the court stated:

> Failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction. . . . Thus, the defendant properly raises the issue of exhaustion in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1); id., 158 F.3d 1301, 1302 (D.C. Cir. 1998).

2. **Plaintiffs D.A., D.D., S.G., B.G., A.G., J.N., T.P. and K.W failed to exhaust their administrative remedies and their claims should be dismissed.**

IDEIA allows for reasonable attorneys' fees and costs to a prevailing party.  IDEIA 20 U.S.C. §1415 (i)(3)(B)(i) states:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs (I) to a prevailing party who is the parent of a child with a disability. . .

DCPS has established procedures for prevailing parties who seek to obtain attorneys' fees.  The attached 2006 DCPS Attorneys Fees' Guidelines ("Guidelines") set forth the procedures that apply in this case.  The Guidelines require that when parties prevail at administrative due process hearings, they submit their fee invoices to the District of Columbia Office of the General Counsel.  Guidelines ¶ 3.  The Guidelines state DCPS' intention to act on fee requests in 60 days, and also states, "if you do not receive an acknowledgement that your invoiced amount has been processed within 90 days of submission, you may consider your invoice as denied." Exhibit 1, ¶ 9.  If fees are deemed denied, Plaintiffs may submit an amended invoice (or file their claims in court).  <u>Id.</u> [2]

---

[2] The Complaint (¶ 14) incorrectly alleges that the Guidelines state that invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 60 days of

4

In this case, eight of the eleven claims were submitted to DCPS within the past 45 days. Claims for students and Plaintiffs D.A., S.G. and K.W. were only submitted to DCPS on July 10, 2007, while the claims of D.D., B.G., A.G., J.N., T.P. were only submitted on June 29, 2007. Complaint, Exhibit 1. When this action was filed on August 1, 2007, therefore, the period for DCPS' consideration of those requests had not expired.

The importance of requiring exhaustion of administrative remedies prior to judicial review was laid out in Cox v. Jenkins 278 U.S. App. D.C. 312, 317 (D.C. Cir. 1989) ("a party must pursue all avenues of administrative redress…before seeking judicial review") (citing McKart v. United States, 395 U.S. 185, 193-95, (1969):

> [I]t prevents courts from interrupting the administrative process permanently; it allows the agency to apply its specialized expertise to the problem; it gives the agency an opportunity to correct its own errors; it ensures that there will be a complete factual record for the court to review; and it prevents the parties from undermining the agency by deliberately flouting the administrative process.

Therefore, Plaintiffs have failed to exhaust their administrative remedies as to these eight claims because even though DCPS has not yet acknowledged those submissions or remitted payment, ninety days has not passed and those claims are not yet considered denied.

## **CONCLUSION**

---

submission. In fact, the Guidelines provide a 90 day period in which DCPS proposes to act or fees are deemed-denied. Exhibit 1, ¶ 9. Moreover, even the 60 day period has not yet passed as to these claims.

Plaintiffs have failed to exhaust their administrative remedies as to these claims of D.A., D.D., S.G., B.G., A.G., J.N., T.P. and K.W. because DCPS has not denied these claims. Thus, these claims should be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

August 13, 2007

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| _____ | : |
| **JEANNE ALLEN, et al.,** | : |
| v. | : Civil No.: 07-1398 (RJL) |
|  | : |
| **DISTRICT OF COLUMBIA, et al.** | : |
| _____ | : |

## ORDER

Upon consideration of Defendants' Motion for Partial Dismissal, filed August 13, 2007, the Plaintiffs' response thereto, and the record herein, it is hereby **ORDERED** that:

1. Defendants' Motion for Partial Dismissal is **GRANTED**; and it is

2. **FURTHER ORDERED** that Plaintiffs' complaint is **DISMISSED** as to the claims of D.A., D.D., S.G., B.G., A.G., J.N., T.P. and K.W.

_____
United States District Court Judge

**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000, fax: 202-442-5097
www.k12.dc.us

October 1, 2006

TO: MEMBERS OF THE SPECIAL EDUCATION BAR

FROM: Abbey G. Hairston
General Counsel

RE: DCPS GUIDELINES FOR THE PAYMENT OF ATTORNEY FEES IN IDEA MATTERS

The following are the DCPS guidelines for the payment of attorney and expert fees in IDEA matters. These guidelines will supersede those issued on February 1, 2005. These guidelines apply to any invoices received on or after October 1, 2006.

1. **Submission of Attorney Fee Invoices – What to Submit**

    a) **Copy of Final HOD or fully executed settlement agreement that establishes the parent as a prevailing party.**

    b) **Itemized Invoiced for each Final HOD or SA**. A separate itemized invoice must be submitted for each Final HOD or SA. Please do not submit multiple HODs with a single combined invoice or it will be returned to you for resubmission.

    *For example, if you have a Final HOD dated 1/4/04 and another Final HOD for the same student dated 2/15/04 you cannot submit one invoice that covers both HODs.*

    Please assign your invoice an **invoice number** for easier tracking.

    c) **Certification.** All requests for payment submitted to DCPS must include a fully completed, executed copy of the attached certification form in order to be processed. The certification must be signed by attorney submitting the invoice. Note: The current certification form includes information required for processing ie. Hearing Request Filing Date and therefore use of outdated forms is not acceptable. **Please discard all outdated forms and use only the attached Certification Form.**

2. **Guidelines for Invoices**
    Please comply with the following guidelines in preparing your invoices. Failure to comply with these guidelines will result in delay in processing your invoices and may result in the invoices either being returned to you for further information or denied:

    a) Individual attorney, paralegal, and administrative staff's hourly rates must be included.

b) If you invoice for attendance at an MDT/IEP meeting, the attached HOD or SA must authorize that invoiced meeting. If not, the invoiced time WILL BE DENIED.

c) Only one lawyer for each party shall be compensated for client and third party conferences.

d) Only one lawyer for each party shall be compensated for attending due process hearings. If, however, a junior lawyer is present at trial primarily for the purpose of organizing documents but takes a minor witness for educational purposes, consideration should be given to billing her time at a paralegal's rate.

e) Generally, only one lawyer is to be compensated for intra-office conferences. If during such a conference one lawyer is seeking the advice of another lawyer, the time may be charges at the rate of the more senior lawyer.

f) Each entry must include <u>a specific description of the services performed</u>, the time increment, in 1/10 hour increments, hourly rate and total amount billed for that entry. While exhaustive detail or privileged information of the attorney involved is not required, billing entries should provide a reasonable level of information instead of simple repetition, for example:

| | | | | |
|---|---|---|---|---|
| Prepare and file hearing Request | .50 | [Attorney/Paraleagal Name] | $200/hr | $100.00 |
| Legal Research on issue of Stay Put | 1 | [Attorney/Paraleagal Name] | $200/hr | $200.00 |

g) The following are *examples* of descriptions that lack specificity to evaluate the reasonableness of services, the relationship to the administrative adjudication, and the hours expended on a given matter, and therefore may be denied:

"Review of Correspondence"
"Research"
"Conference with Client"
"Hearing Preparation"
"Bi-weekly case review"
"Preparation of brief"
"Review of File"

h) Your invoice must provide a total number of hours, in 1/10 hour increments, and amount owed for each person for whom you are billing *(this can be done at the end of the invoice, or a separate cover letter)*. For example:

| | | | |
|---|---|---|---|
| Attorney XYZ | 5.10hrs | $200/hr | $1,020.00 |
| Attorney ABC | 2.0hrs | $200/hr | $ 400.00 |
| Paralegal DEF | 2.0hrs | $100/hr | $ 200.00 |
| Advocate GHI | 4.0hrs | $100/hr | $ 400.00 |
| **Total Attorney Fees** | | | **$2,020.00** |

i) **Filing of Hearing Request Date.**
Your invoice and Attorney Fee Certification Form should include the date on which you filed the hearing request whether included in the HOD or not. All submissions not including the filing date

will have fees considered only prior to 30 days of the Date of the Hearing Officers Determination. All other fees will be considered remote.

j) **Out-of-pocket expenses and costs.**
When billing for expenses such as photocopies, provide a statement of the basis for the rate billed (e.g. per-page cost for photocopies). Failure to include the "per-page cost" may result in reduction or denial of those out-of-pocket expenses and costs.

3. **Where to Submit Invoices**

   a) For the most expeditious processing, invoices can be submitted electronically, via email to:

   OGCATTORNEYFEE@k12.dc.us

   You may electronically submit invoices, signed certification and supporting documents in the following formats: MS Excel, ACCESS or PDF.

   b) Invoices and the accompanying documents can also be mailed or delivered to:

   **District of Columbia Public Schools**
   **Office of the General Counsel**
   **ATTN: Attorney Fee Processing**
   **825 North Capitol St., N.E. 9th Floor**
   **Washington, D.C. 20002**

4. **Hourly Rate.** DCPS will pay an attorney's <u>reasonable</u> hourly rate, taking into account the attorney's experience, skill and/or reputation, prevailing market rates in the community for similar services by lawyers, and the <u>complexity of the issues raised in the case</u>. DCPS will use the following Guidelines in determining the reasonableness of the lawyer's and paralegal's hourly rate:

   **Guidelines regarding hourly rates.**
   a. Lawyers admitted to the bar for less than five years: $135-170
   b. Lawyers admitted to the bar for five to eight years: $150-225
   c. Lawyers admitted to the bar for more than eight years: $200-275
   d. Paralegals and law clerks: $90

   Please complete and return the attached, **Attorney Information Sheet** to assure you are credited with an appropriate hourly rate. (You should update the Attorney Information Sheet annually). Each attorney invoice must include the hourly rate for the attorney and for any other staff member for whom you are billing.

5. **Reasonable Costs.** DCPS will pay reasonable attorney "costs" as enumerated in 28 U.S.C. § 1920:

   **Out-of-Pocket Expenses.** DCPS will reimburse an attorney's out-of pocket expenses that are incidental and necessary expenses incurred in furnishing effective and competent representation and those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services. These expenses must be ***reasonable and well-documented***:

   a) Photo-copying
   b) Messenger/Express Mail

      c)      Transportation costs and parking for hearings
      d)      Postage
      e)      Long Distance Telephone calls
Note:  DCPS will not pay travel time to and from meetings, hearings and/or schools.

6. **Reasonable Attorney Fees.**  The IDEA provides that DCPS pay reasonable attorney fees and costs.  Invoices must be sufficiently detailed to permit an independent determination whether or not the hours claimed are justified. DCPS will pay reasonable time increments for services related to the practice of law, such as:

   a)   Preparing or drafting legal opinions;
   b)   Appearing or acting as an attorney before a hearing officer;
   c)   Preparation of claims, demands, or other written documents containing legal argument;
   d)   Proving legal advice and counsel to a client related to the underlying administrative action.
   e)    Fees billed 30 days prior to the hearing request date will be considered remote or unrealated.

   **Non-Professional Services.**  DCPS will not pay for services of a nonprofessional, non-legal nature at the applicable attorney hourly rate.  Such services may be billed at a lower paralegal or legal assistant rate.  *Examples* of nonprofessional services include, but are not limited to:

   a)   Opening Files;
   b)   Transmission of Documents;
   c)   Assembly/preparation of bill;
   d)   File Maintenance.

7. **Payment of Expert Fees**

   - **Consistent with recent judicial decisions in <u>Arlington Central School District Board of Education v. Murphy, et vir.(Supreme Court)</u> and <u>Goldring v. D.C.(D.C Cir.)</u>, DCPS will <u>NOT</u> pay the costs incurred for expert services in connection with an administrative due process hearing complaint, where the parent is determined to be a prevailing party.**

8. **Payment of Advocate Fees**

   - Advocates who are hired for the purposes of providing testimony are reimbursable as out-of-pocket expenses of the attorney, subject to the fee cap where the parent is determined to be a prevailing party.

9. **Timeline for Submission of Invoices**.

   Pursuant to 5 DCMR §3024.1:
   *All requests for attorney's fees by parents who have prevailed against DCPS in actions brought under the IDEA shall be submitted within forty-five (45) days of the issuance of the hearing decision in which the child, parent, or guardian prevailed or execution of a settlement agreement requiring the payment of such fees. Failure to do so may result in delayed processing.  If an attorney incurs addition expenses pursuant to a Final HOD or SA, the attorney should submit a supplemental invoice for payment of the fees.  If the attorney has been paid up to the statutory cap, no addition fee will be approved.*

   DCPS will make reasonable efforts to process your invoice within **60 days** of receipt.  If you do not receive an acknowledgment that your invoice has been processed within **90 days** of submission, you may consider your invoice as denied.

10. **Obtaining a Status on Pending Invoices**

    - Please allow 60 days from submission of your invoices to receive payment or confirmation of processing.

    - In order to find out the status of a pending invoice, please send and email to **OGCATTORNEYFEE@k12.dc.us**. Email is the preferred method of communication; you will receive a response within 48 hours. Please avoid calling the Office for a status; time spent on the phone detracts from time needed to process invoices.

    - If you want to confirm that your invoice was received and you are unable to utilize email, please call the main number at (202) 442-5000 – the person answering the phone is able to access our attorney fee log and confirm receipt.

11. **Payment of Invoices**

    - Once your invoices are approved for payment by OGC, you will receive by fax or email, a copy of the fee processing sheet and the dispute sheet, if applicable. This sheet will indicate the date your invoice was forwarded to Finance for payment.

    - Once your approved invoice is sent to Budget and Finance for payment, please allow 2-3 weeks to receive the payment.

    - If you do not receive a check at the end of three weeks, please call the Office of Budget and Finance for a status at 442-5330. The Office of General Counsel does not have access to the payment information.

    - To avoid delays in payment, please make sure that an updated Form W9 has been filed with DCPS.

12. **Dispute of Denial of Payment**

    - If you disagree with DCPS' denial of a charge on a specific invoice, you may request that DCPS reconsider its denial and provide additional supporting information within 30 days of receipt of the denial. For example, if a time entry charge was denied because an insufficient description was provided (see Section 2(c) above), you may submit an expanded description of the service provided and request payment. DCPS will provide a final agency response to your dispute within 20 days.