IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| JEANNE ALLEN,<br>parent and next friend of D.A., a minor<br>4353 Benning Rd., NE<br>Washington, D.C.  20019 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| PATRICIA JACKSON,<br>parent and next friend of D.D., a minor<br>1475 Columbia RD. NW # 206<br>Washington, D.C.  20009 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| ALFRETTA TYLER-GREEN<br>parent and next friend of S.G., a minor<br>817 Varnum St., NW<br>Washington, D.C.  20011 | )<br>)<br>)   Civil Action No. :07-1398<br>)<br>)<br>) |
| and | )<br>) |
| CAROL GOLPHIN,<br>parent and next friend of B.G., a minor<br>6 Brandywine St., SE<br>Washington, D.C.  20032 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| NATARSHA GUEST,<br>parent and next friend of A.G., a minor<br>2316 Q. St. SE<br>Washington, D.C.  20020 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| SHIRLEY NESBITT,<br>parent and next friend of J.N., a minor<br>2900 14th St. NW #520<br>Washington, D.C.  20009 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |

| | |
|---|---|
| **BRENDA ALLEN,** | ) |
| parent and next friend of T.P., a minor | ) |
| 3604 Minnesota Ave. SE # 301 | ) |
| Washington, D.C. 20019 | ) |
| | ) |
| and | ) |
| | ) |
| **DIANE TALLEY,** | ) |
| parents and next friend of A.T., a minor | ) |
| 1142 Neal St., NE | ) |
| Washington, D.C. 20002 | ) |
| | ) |
| and | ) |
| | ) |
| **JEANETTE WILLIAMS** | ) |
| parents and next friend of K.W., a minor | ) |
| 1440 Eastern Ave., NE | ) |
| Washington, D.C. 20019 | ) |
| | ) |
| and | ) |
| | ) |
| **SOPHIA WRIGHT,** | ) |
| parent and next friend of R.W., a minor | ) |
| 4432 G. St., NW | ) |
| Washington, D.C. 20019 | ) |
| | ) |
| and | ) |
| | ) |
| **WANDA ASHFORD,** | ) |
| parent and next friend of T.W., a minor | ) |
| 309 53rd St. NE | ) |
| Washington, D.C. 20019 | ) |
| | ) |
| v. | ) |
| **DISTRICT OF COLUMBIA** | ) |
| **A Municipal Corporation** | ) |
| **One Judiciary Square** | ) |
| **441 Fourth Street, N. W.** | ) |
| **Washington, D.C. 20001** | ) |
| | ) |
| serve: | ) |
| **ADRIAN FENTY, Mayor** | ) |
| **District of Columbia** | ) |
| **1350 Pennsylvania Avenue, N. W., 5th Fl.** | ) |
| **Washington, D.C. 20002** | ) |
| | ) |

| | |
|---|---|
| **LINDA SINGER** | ) |
| **Interim Attorney General** | ) |
| **1350 Pennsylvania Avenue,** | ) |
| **N. W., Ste. 409** | ) |
| **Washington, D.C. 20004** | ) |
|               and | ) |
| | ) |
| **MICHELLE RHEE (officially)** | ) |
| **Acting Chancellor, D.C. Public Schools** | ) |
| **825 North Capitol St., N. E., Suite 9026** | ) |
| **Washington, D.C. 20002** | ) |
|               **Defendants**. | ) |
| | ) |

**FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE AND OTHER RELIEF**

**COMES NOW**, the Plaintiff, by and through their attorney, Roxanne D. Neloms and Domiento C.R. Hill of the Law Offices of James E. Brown & Associates, P.L.L.C, and respectfully unto this Honorable Court as follows that:

**PRELIMINARY STATEMENT**

1. This is an action for full reimbursement of attorneys' fees and costs incurred by Plaintiffs in their claims against the Defendants pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendants have failed to carry out their legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to obtain the full reimbursement due them.

**JURISDICTION**

2. This Court has jurisdiction pursuant to:

   a. The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the

      *Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

    b.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4. Plaintiffs are children eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, her parent or guardian, who, at all times relevant to this action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEIA.

5. The parents bring this action on behalf of their minor children and in their own right.

6. Defendant, District of Columbia Government is a municipal corporation that receives federal funds pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), to ensure access to a free and appropriate education ("FAPE") and is obligated to comply with the applicable federal regulations and statutes including but not limited to the IDEIA.

7. Defendant, Michelle Rhee, being sued in her official capacity as the Acting Chancellor of the District of Columbia Public School System ("DCPS") which is the State Educational Agency ("SEA"), charged with responsibility of ensuring that all disabled children in the District of Columbia receive access to a free and appropriate public education "FAPE" and to ensure them equal protection and due process of law.

## FACTUAL BACKGROUND

1. That Plaintiff D.A. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an

administrative due process hearing held on June 25, 2007, D.A. and his parent, prevailed by Hearing Officer's Determination ("HOD") dated July 3, 2007. As prevailing parties within the meaning of the IDEIA, D.A. and his parent are entitled to attorneys' fees and costs for the administrative action. On July 10, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit A (attached hearing request, hearing officer's determination, and invoice).*

2. Plaintiff D.D. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on May 22, 2007, D.D. and his parents, prevailed by Hearing Officer's Determination ("HOD") dated May 31, 2007. As prevailing parties within the meaning of the IDEIA, D.D and his parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit B (attached hearing request, hearing officer's determination, and invoice).*

3. Plaintiff S.G. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding S.G. was held on June 27, 2007, he

and his parents, prevailed by Hearing Officer's Determination ("HOD") dated June 27, 2007. As prevailing parties within the meaning of the IDEIA, S.G. and his parents are entitle to attorneys' fees and costs for the administrative action. On July 10, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. ***See Exhibit C (attached hearing request, hearing officer's determination, and invoice).***

4. Plaintiff B.G. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding B.G. was held on May 1, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated June 21, 2007. As prevailing parties within the meaning of the IDEIA, B.G. and his parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. ***See Exhibit D (attached hearing request, hearing officer's determination, and invoice).***

5. Plaintiff A.G. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding A.G. was held on May 1, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated

      May 11, 2007. As prevailing parties within the meaning of the IDEIA, M.W. and his parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. ***See Exhibit E (attached hearing request, hearing officer's determination, and invoice).***

6.   Plaintiff J.N. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding J.N. was held on June 14, 2007 and she and her parents, prevailed by Hearing Officer's Determination ("HOD") dated June 19, 2007. As prevailing parties within the meaning of the IDEIA, J.N. and her parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. ***See Exhibit F (attached hearing request, hearing officer's determination, and invoice).***

7.   Plaintiff T.P. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding T.P. was held on April 17, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated May 25, 2007. As prevailing parties within the meaning of the IDEIA, T.P. and

his parents are entitle to attorneys' fees and costs for the administrative action. On June 29, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit G (attached hearing request, hearing officer's determination, and invoice).*

8. Plaintiff A.T. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding A.T. was held on April 11, 2007 and she and her parents, prevailed by Hearing Officer's Determination ("HOD") dated April 20, 2007. As prevailing parties within the meaning of the IDEIA, A.T. and her parents are entitle to attorneys' fees and costs for the administrative action. On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit H (attached hearing request, hearing officer's determination, and invoice).*

9. Plaintiff K.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding K.W. was held on June 4, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated June 28, 2007. K.W. and his parents are prevailing parties as define in the IDEIA. As prevailing parties within the meaning of the IDEIA, K.W. and his parents are

entitle to attorneys' fees and costs for the administrative action. On July 10, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit I (attached hearing request, hearing officer's determination, and invoice).*

10. Plaintiff R.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding R.W. was held on March 28, 2007 and she and her parent, prevailed by Hearing Officer's Determination ("HOD") dated March 30, 2007. As prevailing parties within the meaning of the IDEIA, R.W. and her parents are entitled to attorneys' fees and costs for the administrative action. On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit J (attached hearing request, hearing officer's determination, and invoice)*.

11. Plaintiff T.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding T.W. was held on March 15, 2007 and she and her parents, prevailed by Hearing Officer's Determination ("HOD") dated April 2, 2007. As prevailing parties within the meaning of the IDEIA, T.W. and her parents are entitled to attorneys' fees and costs for the administrative

action. On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. ***See Exhibits K (attached hearing request, hearing officer's determination, and invoice)***.

## FACTUAL ALLEGATIONS

12. Plaintiffs are all "prevailing parties" as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), and are entitled to recover reasonable attorneys' fees and costs.

13. That in each matter Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

14. That according to Defendants' "Guidelines for the Payment of Attorney Fees in IDEIA Matters," invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 90 days of submission.

15. That Defendants denied several invoices, offering several different explanations for refusing to reimburse the Plaintiffs for reasonable attorney fees. ***See Exhibit entitled "Invoices Denied"***.

16. That the remaining invoices were never acknowledged by the Defendant and more than 90 days have passed, and as a result, the Plaintiffs consider them denied.

17. That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of

settled law, substituted their own subjective standards for standards articulated by the IDEIA and this Court.

18. That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

19. That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon,* 532 U.S. at 603-04).

20. That the Plaintiffs herein are "prevailing parties" as this term is defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005).

21. That *Moore v. District of Columbia* stands for the proposition that the courts may award parents' attorneys' fees when they prevail against the schools system in administrative proceedings. See *Moore v. District of Columbia*, 907 F. 2d 165 (D.C. Cir. 1990).

22. That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

23. That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

23. That the current billing rates for the attorneys, as evidenced by the invoices attached as **EXHIBITS 1 & A-K** hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

24. That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

25. That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

26. That IDEIA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

27. That Defendants have summarily refused to pay Plaintiffs' applications for all costs and fees associated with their cases.

### COUNT I

28. That Plaintiffs repeat and re-allege paragraphs 1 through 27, above.

29. That Defendant's violated Plaintiffs right to reasonable fees under the IDEIA when it failed to reimburse Plaintiffs for reasonable attorneys' fees and cost for all of the submitted bills.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1. Issue a declaratory judgment that Defendants have violated Plaintiffs' rights under the IDEIA and DCMR.

2. Order that Plaintiffs are entitled to reimbursement for their reasonable attorney fees.

3. Award Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $77,892.37 .

4. Award to Plaintiffs reasonable attorneys' fees and costs incurred in litigating this action.

5. Grant other such relief that the Court deems just and proper.

Respectfully Submitted,

_____
Domiento C.R. Hill [14973]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
***Attorneys for Plaintiffs***

# Invoices Denied    James E. Brown & Associates, PLLC

| OGC Control | Date Received | Student First Name | Student Last Name | HOD Date | Type of Invoice | Attorney Invoice | Invoiced Amount | Date Process | Denial Reason | Prior HOD |
|---|---|---|---|---|---|---|---|---|---|---|
| 7115 | 6/29/2007 | Davon | Darr | 5/31/2007 | HOD | 07-172 | $5,415.34 | | No Substantive Change from Prior HOD | 2/8/2007 |
| 7119 | 6/29/2007 | Aniah | Guest | 5/11/2007 | HOD | 07-176 | $10,204.04 | | No FAPE Denial | |
| 7123 | 6/29/2007 | Emani | Jenkins | 6/12/2007 | HOD | 07-180 | $5,420.91 | | HOD not Final/Interim Order | |
| 7131 | 6/29/2007 | Juatiah | Nesbitt | 6/19/2007 | HOD | 07-188 | $7,113.84 | | No Substantive Change from Prior HOD | 1/11/2007 |
| 7134 | 6/29/2007 | Tarkus | Pollard | 5/25/2007 | HOD | 07-191 | $7,944.55 | | No FAPE Denial | |
| 7150 | 6/29/2007 | Brandon | Golphin | 6/21/2007 | HOD | 07-207 | $8,247.84 | | No Substantive Change from Prior HOD | 1/10/2007 |
| 7221 | 7/10/2007 | Dayvaughn | Allen | 7/3/2007 | HOD | 07-217 | $5,147.10 | | No Substantive Change from Prior HOD | 3/10/2007 |
| 7228 | 7/10/2007 | Sean | Green | 6/27/2007 | HOD | 07-224 | $9,655.08 | | HOD not Final/Interim Order | |
| 7234 | 7/10/2007 | Kenneth | Williams | 6/28/2007 | HOD | 07-230 | $5,301.78 | | No Substantive Change from Prior HOD | 2/2/2007 |